IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and | ) | |
| MERSCORP, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 4:09-CV-00731-CAS |
| ROBERT BELLISTRI, | ) | |
| Defendant. | ) | |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ROBERT BELLISTRI**

**FIRST AMENDED ANSWER**

COMES NOW Defendant Robert Bellistri, by counsel, and for his First Amended Answer to Plaintiffs' Complaint, states:

1. Defendant Robert Bellistri makes no answer to the allegations made in paragraphs 1, 2, 3, 4, 5, 6, 7, 26, 27, 28, 29, 30, 31, 32, 50, 55, 56, 59, and 60 of Plaintiffs' Complaint as same contain legal conclusions and not allegations of fact. To the extent any answer to said allegations is required, Defendant Robert Bellistri denies said allegations.

2. Defendant Robert Bellistri is without sufficient knowledge or information to form a belief as to the veracity of the allegations made in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 41, and 42 of Plaintiffs' Complaint. Therefore, said Defendant denies the truth of said allegations.

3. Defendant Robert Bellistri admits the truth of the allegations stated in paragraphs 33, 34, 37, 38, 43, and 45 of Plaintiffs' Complaint.

4. Defendant Robert Bellistri denies the truth of the allegations stated in paragraphs 35, 46, 47, 48, 51, 52, 53, 57, 58, 61, and 62 of Plaintiffs' Complaint.

5. Defendant Robert Bellistri states that the document referenced in paragraph 36 of Plaintiffs' Complaint should speak for itself and may not be properly described by the characterization of said document contained in said paragraph 36. Therefore, said Defendant denies the truth of the allegations stated is said paragraph 36 of Plaintiffs' Complaint.

6. Defendant Robert Bellistri denies that the only notice of redemption rights provided by said Defendant is the letter referenced in paragraph 39 of Plaintiffs' Complaint. Defendant Robert Bellistri states that the document referenced in paragraph 39 of Plaintiffs' Complaint should speak for itself and may not be properly described by the characterization of said document contained in said paragraph 39. Therefore, said Defendant denies the truth of the allegations stated in said paragraph 39 of Plaintiffs' Complaint.

7. Defendant Robert Bellistri denies the legal conclusion stated in paragraph 40 of Plaintiffs' Complaint that MERS remained the named beneficiary on the Deed of Trust, as MERS served solely as a nominee for the beneficial owner under said Deed of Trust and was never named therein as a principal. Defendant Robert Bellistri admits that he did not mail any notice of tax sale redemption rights to MERS, but that he did mail notice of tax sale redemption rights to BNC Mortgage, Inc., the publicly recorded Lender under the subject Deed of Trust.

8. Defendant Robert Bellistri states that the document referenced in paragraph 44 of Plaintiffs' Complaint should speak for itself and may not be properly described by the characterization of said document contained in said paragraph 44. Therefore, said Defendant denies the truth of the allegations stated in said paragraph 44 of Plaintiffs' Complaint.

9. Defendant Robert Bellistri admits and denies the allegations restated and incorporated by reference into paragraph 49 of Plaintiffs' Complaint in the same manner that said allegations are admitted or denied elsewhere in this Answer.

10. Defendant Robert Bellistri admits and denies the allegations stated and incorporated by reference into paragraph 54 of Plaintiffs' Complaint in the same manner that said allegations are admitted or denied elsewhere in this Answer.

11. Defendant Robert Bellistri denies the truth of the allegations contained in Plaintiffs' Complaint not specifically admitted herein.

12. Defendant Robert Bellistri believes that this action is frivolous, unreasonable and without foundation, and that under 42 U.S.C. Section 1988, this Court should award reasonable attorney's fees to Defendant Robert Bellistri.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Robert Bellistri prays that this Court dismiss said Defendant from these proceedings with his costs, including, without limitation, reasonable attorney's fees, and such other and further relief as is meet and just.

**AMENDED FIRST AFFIRMATIVE DEFENSE: LACK OF STANDING**

COMES NOW Defendant Robert Bellistri, by counsel, and in further answer to Plaintiffs' Complaint and as his Amended First Affirmative Defense thereto, states:

13. Defendant Robert Bellistri restates and incorporates by reference all of the allegations stated in paragraphs 1 through 12 of his First Amended Answer and Affirmative Defenses as if such were fully set forth herein.

14. By Assignment of Deed of Trust dated on or about April 4, 2007 and recorded on or about April 23, 2007 as Document No. 2007R-018586 of the Jefferson County Land Records, Plaintiff Mortgage Electronic Registration Systems, Inc. (hereinafter sometimes referred to as "MERS"), its successors and assigns, as nominee for BNC Mortgage Inc., its successors and assigns, conveyed and assigned the Deed of Trust referenced in paragraphs 35 and 36 of Plaintiffs' Complaint to Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HE1,as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-through Certificates, Series 2002-HE1 (hereinafter sometimes referred to as "Ocwen"). A copy of said Assignment of Deed of Trust is attached to the original Answer and Affirmative Defenses filed herein, marked "Defendant's Answer Exhibit B", and incorporated herein, as if fully set forth.

15. By assigning and conveying away of any interest in the subject Deed of Trust prior to the entry of the Judgment described in paragraph 45 of Plaintiffs' Complaint, Plaintiffs had no right, title or interest in said Deed of Trust at the time of the entry of the Judgment described herein.

16. Any cancellation or setting aside of the Collector's Deed referenced in paragraph 43 of Plaintiffs' Complaint will not restore to Plaintiffs any right, title or interest in the subject Deed of Trust or the real estate encumbered thereby.

17. Plaintiffs' alleged loss of customer good will associated with the subject Deed of Trust cannot give Plaintiff standing to cancel or set aside the Collector's Deed described in paragraph 43 of Plaintiffs' Complaint and/or to collaterally attack the Judgment described in paragraph 45 of Plaintiffs' Complaint, as the cancellation or setting aside of said Collector's Deed or the collateral attack upon Judgment will not restore Plaintiffs to any interest in the subject Deed of Trust, as Plaintiffs have assigned all of their right, title and interest in the subject Deed of Trust to Ocwen.

18. Plaintiffs and Defendant Robert Bellistri have no real and substantial adverse legal interests admitting of specific relief through a decree of a conclusive character, as Plaintiffs assigned all of their right, title and interest in the subject Deed of Trust as nominee for BNC Mortgage, Inc. to Ocwen, and Plaintiffs are not parties to the Judgment described in paragraph 45 of Plaintiffs' Complaint.

19. Any opinion rendered in this matter will only be of an advisory nature, as Plaintiffs no longer have any right, title or interest in the subject Deed of Trust.

20. Plaintiffs lack any standing to attack the Judgment described in paragraph 45 or the Collector's Deed referenced in paragraph 43 of Plaintiffs' Complaint.

21. Defendant Robert Bellistri believes that this action is frivolous, unreasonable and without foundation, and that under 42 U.S.C. Section 1988, this Court should award reasonable attorney's fees to Defendant Robert Bellistri.

WHEREFORE, having fully answered Plaintiffs' Complaint and by virtue of the foregoing Amended First Affirmative Defense thereto, Defendant Robert Bellistri prays that this Court dismiss said Defendant from these proceedings with his costs, including,

without limitation, reasonable attorney's fees, and such other and further relief as is meet and just.

**AMENDED SECOND AFFIRMATIVE DEFENSE:**
**LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW Defendant Robert Bellistri, by counsel, and in further answer to Plaintiffs' Complaint and as his Amended Second Affirmative Defense thereto, states:

22. Defendant Robert Bellistri restates and incorporates by reference all of the allegations stated in paragraphs 1 through 21 of his First Amended Answer and Affirmative Defenses as if such were fully set forth herein.

23. This Court's subject matter jurisdiction is limited by the case or controversy requirement of Article III of the United States Constitution as codified in 28 U.S.C. Section 2201(a).

24. Any judgment entered herein would constitute only an advisory opinion on whether Plaintiffs are entitled to notice under Section 140.405, RSMo, or the Fourteenth Amendment to the United States Constitution or Article I, Section 10 of the Missouri Constitution.

25. Plaintiffs and Defendant Robert Bellistri have no real and substantial adverse legal interests admitting of specific relief through a decree of a conclusive character, as Plaintiffs assigned all of their right, title and interest in the subject Deed of Trust to Ocwen, and Plaintiffs are not parties to the Judgment described in paragraph 45 of Plaintiffs' Complaint.

26. Defendant Robert Bellistri believes that this action is frivolous, unreasonable and without foundation, and that under 42 U.S.C. Section 1988, this Court should award reasonable attorney's fees to Defendant Robert Bellistri.

WHEREFORE, having fully answered Plaintiffs' Complaint and by virtue of the foregoing Amended Second Affirmative Defense thereto, Defendant Robert Bellistri prays that this Court dismiss said Defendant from these proceedings with his costs, including, without limitation, reasonable attorney's fees, and such other and further relief as is meet and just.

**AMENDED THIRD AFFIRMATIVE DEFENSE: THE STATE COURT JUDGMENT IS NOT SUBJECT TO COLLATERAL ATTACK UNDER APPLICABLE ISSUE AND CLAIM PRECLUSION DOCTRINES, NAMELY RES JUDICATA AND COLLATERAL ESTOPPEL**

COMES NOW Defendant Robert Bellistri, by counsel, and in further answer to Plaintiffs' Complaint and as his Amended Third Affirmative Defense thereto, states:

27. Defendant Robert Bellistri restates and incorporates by reference all of the allegations stated in paragraphs 1 through 26 of his First Amended Answer and Affirmative Defenses as if such were fully set forth herein.

28. Under Article IV, Section 1 of the United States Constitution and 28 U.S.C. Section 1738, the Judgment described in paragraph 45 of the Plaintiffs' Complaint, as affirmed in *Bellistri v. Ocwen Loan Servicing, LLC,* Case No. ED91369 (Missouri Court of Appeals, Eastern District, March 3, 2009) (hereinafter sometimes referred to as the "Prior Case") is to be given the same full faith and credit (and the same preclusive effect) in this Court as said Judgment has under Missouri law.

29. Under Missouri law, res judicata precludes not only claims or issues actually litigated in the Prior Case but also those claims that could have been properly litigated in said Prior Case, including, without limitation, claims required to be asserted in the Prior Case under Missouri's compulsory counterclaim rule.

30. Under the Assignment of Deed of Trust, MERS conveyed all right, title and interest in the Deed of Trust, including, without limitation, all right, title and interest in said Plaintiff's cause of action asserted in this matter, to Ocwen.

31. There is an identity of the thing sued for in the Prior Case and in this case, as the focus of both of these actions is the validity of the Collector's Deed described in paragraph 43 of Plaintiffs' Complaint.

32. Plaintiffs' cause or causes of action purportedly stated in this case were assigned and transferred to Ocwen under the Assignment of Deed of Trust, and such cause or causes of action became subject to Missouri's compulsory counterclaim rule.

33. Ocwen, as the assignee of MERS, could have properly asserted in the Prior Case all of the causes of action purportedly stated in this case.

34. Although based upon different legal theories, the claims in the Prior Case, including those claims that could have been properly asserted but were not actually litigated in the Prior Case, and the claims set forth in this case are based upon the same facts, acts, contracts and transactions.

35. There is an identity of the causes of action stated or that could have been properly stated in the Prior Case and in this case, as the underlying facts in both lawsuits are the same.

36. After commencement of the Prior Case, Ocwen acquired its interest in the Deed of Trust by the Assignment of Deed of Trust executed by MERS, in its capacity as nominee for BNC Mortgage, Inc., and its successors and assigns, and as such MERS and Ocwen had successive relationships to the same property that was the subject of the Prior Case.

37. Ocwen was in privity with MERS for purposes of *res judicata* and collateral estoppel.

38. The Judgment in the Prior Case is binding on MERS, as Ocwen was in privity with MERS with respect to the Deed of Trust encumbering the property that is the subject of the Prior Case and this case.

39. The Judgment in the Prior Case is conclusive of the causes of action and of facts or issues thereby litigated or that could have been properly litigated as to Defendant and Ocwen (the privy of MERS), and as to MERS, the predecessor in title of Ocwen.

40. The Complaint alleges in paragraph 7 thereof that MERS held an interest in the subject property as the beneficiary of record under a deed of trust as nominee for the lender and the lender's successors and assigns.

41. As an assignee of MERS, in its capacity as nominee and purported beneficiary of the Lender and its successors and assigns under the Deed of Trust, Ocwen, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holder of the CDC Mortgage Capital Trust 2002-HEI, Mortgage Pass-through Certificates, Series 2002-HE1, acquired and succeeded to the interest of MERS in the Deed of Trust under the Assignment of Deed of Trust.

42. There is an identity of the quality of the status of MERS in the Deed of Trust and the quality of the status of Ocwen in the Deed of Trust.

43. The Petition filed in the Prior Case included prayers for coercive relief, including, without limitation, an action in ejectment for possession of the subject property and damages for the failure to turn over possession of the subject property directed

against Glen Crouther and a prayer seeking a judgment and order confirming the Collector's Deed described in paragraph 43 of the Plaintiffs' Complaint under Section 140.330, RSMo.

44. The Judgment entered in the Prior Case is binding upon Plaintiffs in this case.

45. This action is nothing more than a collateral attack on the Judgment entered in the Prior Case by the predecessor in title of Ocwen, a party to the Judgment in the Prior Case.

46. The Twenty-third Judicial Circuit Court of Missouri, at Hillsboro, Jefferson County, Missouri, had subject matter jurisdiction to enter the Judgment in the Prior Case.

47. All parties who had, or claimed to have, or appeared of record to have any interest in, or lien upon, the real estate encumbered by the subject Deed of Trust at the time of the Judgment was entered were made defendants in the Prior Case under Section 140.330.1, RSMo.

48. This Court must give full faith and credit to the Judgment described in paragraph 45 of Plaintiffs' Complaint.

49. Said Judgment is not subject to collateral attack in this Court.

50. Alternatively, Defendant states that many of the issues to be decided in this case are the same as issues decided in the Prior Case.

51. The Prior Case resulted in a judgment on the merits, even though affirmed on appeal on the basis of a lack of standing.

52. Plaintiffs are parties in privy with Ocwen.

53. There was a full and fair opportunity to hear many of the issues in this case in the Prior Case, and in fact, the claims purportedly stated in this case were subject to Missouri's compulsory counterclaim rule and were required to be presented in the state court proceedings by Ocwen, as successor in interest to MERS.

54. Plaintiffs should be collaterally estopped from re-litigating those issues and facts that were previously litigated in the Prior Case.

55. Defendant Robert Bellistri believes that this action is frivolous, unreasonable and without foundation, and that under 42 U.S.C. Section 1988, this Court should award reasonable attorney's fees to Defendant Robert Bellistri.

WHEREFORE, having fully answered Plaintiffs' Complaint and by virtue of the foregoing Amended Third Affirmative Defense thereto, Defendant Robert Bellistri prays that this Court dismiss said Defendant from these proceedings with his costs, including, without limitation, reasonable attorney's fees, and such other and further relief as is meet and just, or in the alternative, that Plaintiffs be estopped from re-litigating those issues and facts previously litigated in the Prior Case.

**AMENDED FOURTH AFFIRMATIVE DEFENSE: MERS IS NOT THE HOLDER OF THE DEED OF TRUST ENTITLED TO NOTICE UNDER SECTION 140.405, RSMo, NOR DOES MERS HAVE ANY CLAIM TO THE REAL ESTATE IN QUESTION THAT WOULD ENTITLE IT TO NOTICE UNDER SECTION 140.405, RSMo, OR THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION OR ARTICLE I, SECTION 10 OF THE MISSOURI CONSTITUTION**

COMES NOW Defendant Robert Bellistri, by counsel, and in further answer to Plaintiffs' Complaint and as his Amended Fourth Affirmative Defense thereto, states:

56. Defendant Robert Bellistri restates and incorporates by reference all of the allegations stated in paragraphs 1 through 55 of his Answer and Affirmative Defenses as if such were fully set forth herein.

57. The entire MERS system is designed to inoculate mortgages and deeds of trust from the necessity of recording transfers or assignments of mortgages and deeds of trust in the public land records, and under the MERS system the ownership of mortgages and deeds of trust is recorded in MERS' own private proprietary records in lieu of publicly recorded instruments evidencing the transfer of mortgages and deeds of trust.

58. Section 140.405, RSMo, and the Due Process Clauses of the United States and Missouri Constitutions require notice of tax sale redemption rights to be sent to those holding publicly recorded interests in real estate.

59. BNC Mortgage, Inc., as Lender, held the publicly recorded subject Deed of Trust at the time notices of tax sale redemption rights were sent.

60. MERS, acting solely as a nominee for the Lender and its successors and assigns, was named as beneficiary but had no beneficial ownership of that Deed of Trust.

61. Section 140.405, RSMo, and the Due Process Clauses of the United States and Missouri Constitutions do not require that notice of tax sale redemption rights be sent to an agent or nominee of a beneficial owner.

62. Defendant Robert Bellistri believes that this action is frivolous, unreasonable and without foundation, and that under 42 U.S.C. Section 1988, this Court should award reasonable attorney's fees to Defendant Robert Bellistri.

WHEREFORE, having fully answered Plaintiffs' Complaint and by virtue of the foregoing Amended Fourth Affirmative Defense thereto, Defendant Robert Bellistri prays

that this Court dismiss said Defendant from these proceedings with his costs, including, without limitation, reasonable attorney's fees, and such other and further relief as is meet and just.

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: ______________________

Phillip K. Gebhardt, Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 337-0615
Fax (636) 586-3504
Email pkgmag@swbell.net
Attorney for Defendant Robert Bellistri

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures this 19th day of August, 2009 to Mark G. Arnold, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at mark.arnold@huschblackwell.com, and JoAnn Tracy Sandifer, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at joann.sandifer@huschblackwell.com.

______________________

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\MERS v. Bellistri\Answer2
File No. 09-129-L
pkg