IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ROBERT BELLISTRI, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) No. 4:09-CV-00731-CAS ) ) ) ) ) |

## CONDITIONAL SUPPLEMENTAL COUNTERCLAIM FOR EQUITABLE RECOUPMENT

COMES NOW Defendant, by and through his attorney pursuant to Federal Rule of Civil Procedure 13, and as his Conditional Supplemental Counterclaim for Equitable Recoupment directed against Plaintiffs, states:

1. Should this Court find that the Collector's Deed dated on or about September 19, 2006 and recorded on or about September 19, 2006 as Document No. 2006R-046167 of the Jefferson County Land Records, wherein Beth Mahn, the Collector of Revenue of Jefferson County, Missouri, conveyed the subject property to Defendant Robert Bellistri is void or voidable for any reason set forth in Plaintiffs' Complaint, then this Court should allow Defendant to recoup his costs, including, without limitation, the amounts paid for the tax sale certificate of purchase, subsequent real estate taxes paid, interest allowed under the Jones-Munger Act, property hazard and liability insurance costs, maintenance costs, if any, costs of improvements, if any, lawn care, and any other

1

holding costs, and his attorney's fees in the Prior Case and this case, and this Court should impress an equitable lien on the subject property to secure such claims for equitable recoupment with the same priority as the tax liens sold to Defendant on August 22, 2005.

2. That in order for Defendant to be placed in the *ex ante* position prior to the tax sale on or about August 22, 2005, said Defendant should be allowed to recoup his costs associated with the purchase of the subject property, including, without limitation, the purchase price of the tax sale certificate of purchase, subsequent real estate taxes paid, interest allowed under the Jones-Munger Act, property hazard and liability insurance costs, maintenance costs, if any, improvement costs, if any, lawn care, and any other holding costs, and his attorney's fees incurred in this litigation and the Prior Case, incurred or to be incurred up to the time of trial.

3. Such claims for recoupment should be offset by any income, if any, received by Defendant arising from the property.

4. That the subject real estate should be impressed with a lien to recover the equitable recoupment costs awarded, and such lien be given the same priority as the tax liens sold to Defendant on August 22, 2005.

WHEREFORE, Defendant conditionally prays that if this Court sets aside the Collector's Deed for Taxes to the subject property, as described herein, that this Court enter a Judgment and Decree to find, adjudge, and decree that:

A. That Defendant be allowed to recoup, after offsets for income derived from the subject properties, the purchase price of the tax lien certificate paid by Plaintiff for the subject property at the tax sale on August 22, 2005.

B. That Defendant be awarded any interest allowed under the Jones-Munger Act, including Section 140.600, RSMo.

C. That Defendant be allowed to recoup, after offset, all of his holding costs associated with its ownership of the subject property prior to the setting aside of said Collector's Deed, including, without limitation, subsequent real estate taxes paid, hazard insurance, maintenance costs, improvement costs and any other holding costs incurred.

D. That Defendant be awarded his reasonable attorney's fees as an equitable recoupment cost needed to place said Defendant in his *ex ante* position prior to the tax sale.

E. That an equitable lien be imposed on the subject property to secure the claims for recoupment of Defendant, and that said equitable lien be granted the same priority as the tax liens sold to Defendant on August 22, 2005.

F. That Defendant be awarded his costs and such other relief as is meet and just.

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: _____
Phillip K. Gebhardt, Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 337-0615
Fax (636) 586-3504
Email pkgmag@swbell.net
Attorney for Defendant Robert Bellistri

3

**CERTIFICATE OF SERVICE**

    The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures this 20th day of August, 2009 to Mark G. Arnold, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at mark.arnold@huschblackwell.com, and JoAnn Tracy Sandifer, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at joann.sandifer@huschblackwell.com.

_____

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\MERS v. Bellistri\Recoupment
File No. 09-129-L
pkg