IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:09-CV-00731-CAS |
| vs. | ) ) | |
| ROBERT BELLISTRI, | ) ) | |
| Defendant. | ) | |

**ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF'S
CONDITIONAL SUPPLEMENTAL COUNTERCLAIM**

Come now Plaintiffs MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively "MERS") and for their Answer to Defendant/Counterclaim Plaintiff's ("Defendant") Conditional Supplemental Counterclaim for Equitable Recoupment, state:

1.      MERS admits that should this Court find the collector's deed wherein the subject property was conveyed to Defendant void, voidable or defective such that Defendant loses his claimed interest in the property under the provisions of Section 140.600 R.S.Mo., MERS offers to reimburse Defendant for taxes paid, with interest thereon, to the extent required by Section 140.600. MERS is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in Paragraph 1 of Defendant's Counterclaim regarding the amounts allegedly paid by Defendant in connection with his claimed interest in

the subject property and, therefore, denies same. The remaining allegations in Paragraph 1 of Defendant's Counterclaim are legal conclusions to which no answer is required. Should any of the remaining allegations contained in Paragraph 1 of Defendant's Counterclaim be deemed factual allegations against MERS, MERS hereby denies same.

2. MERS admits that should this Court find the collector's deed wherein the subject property was conveyed to Defendant void, voidable or defective such that Defendant loses his claimed interest in the property under the provisions of Section 140.600 R.S.Mo., MERS offers to reimburse Defendant for taxes paid, with interest thereon, to the extent required by Section 140.600. MERS is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in Paragraph 2 of Defendant's Counterclaim regarding the amounts allegedly paid by Defendant in connection with his claimed interest in the subject property. The remaining allegations in Paragraph 2 of Defendant's Counterclaim are legal conclusions to which no answer is required. Should any of the remaining allegations contained in Paragraph 2 of Defendant's Counterclaim be deemed factual allegations against MERS, MERS hereby denies same.

3. The allegations contained in Paragraph 3 of Defendant's Counterclaim are legal conclusions to which no answer is required. Should any of the remaining allegations contained in Paragraph 3 of Defendant's Counterclaim be deemed factual allegations against MERS, MERS hereby denies same.

4. The allegations contained in Paragraph 4 of Defendant's Counterclaim are legal conclusions to which no answer is required. Should any of the remaining allegations contained in Paragraph 4 of Defendant's Counterclaim be deemed factual allegations against MERS, MERS hereby denies same.

## AFFIRMATIVE DEFENSES

For further answer and defense to Defendant's Counterclaim, MERS states:

1. Defendant's Counterclaim fails to state a cause of action against MERS for which relief may be granted.

2. Defendant's Counterclaim is barred, in whole or in part, under the doctrines of setoff and/or recoupment.

3. Defendant's Counterclaim is barred, in whole or in part, by the doctrine of laches.

4. Defendant's Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

5. Defendant's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

6. Defendant's Counterclaim is barred, in whole or in part, because Defendant has waived any right he had to recoupment.

7. Defendant may not recover on his Counterclaim, in whole or in part, because the amounts sought in recoupment are too speculative and remote.

8. Defendant has no right to recover, or a verdict should be reduced by, the value of any benefits received by Defendant in connection with his claimed interest in the subject property.

9. Any damages allegedly suffered or sustained by Defendant were caused or contributed to by conditions over which MERS had no control and for which MERS is not responsible.

10. Defendant failed to mitigate his alleged damages, if any.

11. MERS hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and reserves the right to amend its Answer to assert any such defense.

WHEREFORE, Plaintiffs MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc., pray that the Court dismiss Defendant/Counterclaim Plaintiff's Conditional Supplemental Counterclaim and grant such other and further relief as the Court deems proper.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By: s/ JoAnn T. Sandifer
JoAnn T. Sandifer
joann.andifer@huschblackwell.com
Mark G. Arnold
mark.arnold@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Telephone:  (314) 480-1500
Facsimile:   (314) 480-1505

*Attorneys for Plaintiffs Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Phillip K. Gebhardt, Esq.
pkgmag@swbell.net
Gebhardt Real Estate and Legal Services, L.L.C.
1720 North Main Street
Desoto, MO  63030

/s JoAnn T. Sandifer