**STATE OF MISSOURI,**
**CITY OF St. Louis** } **SS**



# In the Missouri Court of Appeals
# Eastern District

## MANDATE

FILED

JUL 0 7 2009

HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI,                     )
                                      )    No. ED91369
    Plaintiff/Respondent,         )
                                      )    Appeal from the Circuit Court
vs.                                   )    of Jefferson County,
                                      )    No. 06JE-CC00893, Div. 4
OCWEN LOAN SERVICING, LLC.,           )
                                      )
    Defendant/Appellant.          )
                                      )
                                      )
                                      )
                                      )
                                      )

The Court, being sufficiently advised of and having considered the premises, adjudges that the judgment rendered by the Jefferson County Circuit Court in cause No. 06JE-CC00893 be affirmed and stand in full force and effect in accordance with this Court's opinion delivered March 3, 2009.

**Defendant's Motion for Summary Judgment Exhibit G**



# In the Missouri Court of Appeals Eastern District

### DIVISION FIVE

ROBERT BELLISTRI,          )    No. ED91369

    Respondents,         )

v.                      )    Appeal from the Circuit Court
                          )    of Jefferson County

OCWEN LOAN SERVICING, LLC,  )

    Appellant.         )    Honorable Mark T. Stoll
                          )    No. 06JE-CC00893

                          )    FILED: March 3, 2009

### Introduction

The appellant, Ocwen Loan Servicing, L.L.C.[1], (Ocwen) appeals from a judgment of the Circuit Court of Jefferson County quieting title to real estate commonly known as 1210 Airglades, Arnold, Missouri, 63010 (the property) in favor of Robert Bellistri. Both parties filed motions for summary judgment, and the circuit court held that Ocwen lacked standing to contest Bellistri's deed. For the following reasons, we affirm.

### Facts

On March 5, 2002, Glen Crouther purchased the property and executed a promissory note and a deed of trust. BNC Mortgage Inc. (BNC) was the lender and payee of the promissory note. In the deed of trust, Millsap, Singer & Dunn, P.C. was the

---

[1] Ocwen Loan Servicing, L.L.C. refers to Ocwen Loan Servicing, L.L.C., servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital trust 2002-HE1, as successor in interest to MERS, Inc.

1

trustee.  The deed of trust, however, did not name BNC as the beneficiary, but instead names Mortgage Electronic Registration System (MERS), solely as BNC's nominee.  The promissory note does not make any reference to MERS.   The note and the deed of trust both require payments to be made to the lender, not MERS.

During 2002, 2003 and 2004, Crouther failed to pay taxes.  At the second offering delinquent tax sale, Bellistri, the respondent, purchased the property and was issued a certificate of purchase on August 22, 2005.  On May 12, 2006, Bellistri sent BNC a notice of redemption as required under the Jones Munger Act, Section 140.405 RSMo. (2006).

On September 19, 2006, the collector of revenue of Jefferson County, Missouri issued Bellistri a collector's deed.  After the issuance of the collector's deed, MERS, as nominee for BNC, assigned the deed of trust to Ocwen on April 4, 2007.  The assignment of the deed of trust also contained language that this assignment also transferred any and all notes described in the deed of trust.

Bellistri filed the instant action seeking to quiet title and eject Crouther from the property.  Initially, Bellistri named Crouther as a defendant and published notice for all other unknown persons with an interest in the property.  Later, Bellistri filed a motion to add Ocwen as a necessary, if not indispensable party.  The circuit court granted his motion.  Ocwen and Bellistri filed cross motions for summary judgment.  The circuit court denied Ocwen's motion and granted summary judgment in favor of Bellistri.  Ocwen now appeals.

## Standard of Review

Whether a motion for summary judgment should be granted is a question of law and our review is essentially de novo. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where the movant establishes the absence of any genuine issue of material fact and a legal right to judgment. *Id.* at 378. We will review the record in the light most favorable to the party against whom judgment has been entered. Facts set forth by affidavit or otherwise in support are taken as true unless contradicted by the non-moving party's response. *Id.* at 376. We will affirm the trial court's judgment if it is sustainable on any theory. *Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc.*, 239 S.W.3d 631 (Mo. App. E.D. 2007).

## Points on Appeal

On appeal, Ocwen argues that the trial court erred in entering summary judgment in favor of Bellistri because (1) Bellistri lost his interest in the property by failing to send MERS any notice pursuant to section 140.405; (2) the notice Bellistri sent to BNC misrepresented the redemption period and was therefore insufficient; (3) summary judgment should have been entered in its favor because Bellistri failed to comply with section 140.405; and (4) Ocwen had standing in this quiet title action because it was the named grantee on the assignment of the deed of trust.

## Discussion

We will address the issue of standing first, as it is a jurisdictional matter antecedent to the right to relief. *Farmer v. Kinder*, 89 S.W.3d 447, 551 (Mo. banc 2002).

STATE OF MISSOURI,
CITY OF St. Louis    } SS



# In the Missouri Court of Appeals
## Eastern District

### MANDATE

FILED
JUL 0 7 2009
HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI,                    )
                                     )      No. ED91369
         Plaintiff/Respondent,       )
                                     )      Appeal from the Circuit Court
vs.                                  )      of Jefferson County,
                                     )      No. 06JE-CC00893, Div. 4
OCWEN LOAN SERVICING, LLC.,          )
                                     )
         Defendant/Appellant.        )
                                     )
                                     )
                                     )
                                     )
                                     )

The Court, being sufficiently advised of and having considered the premises, adjudges that the judgment rendered by the Jefferson County Circuit Court in cause No. 06JE-CC00893 be affirmed and stand in full force and effect in accordance with this Court's opinion delivered March 3, 2009.

STATE OF MISSOURI, ss.

I, LAURA THIELMEIER ROY, Clerk of the Missouri Court of Appeals, Eastern District, certify that the above and foregoing is a full, true and complete transcript of the judgment rendered in the above entitled cause, as fully as the same remains of record in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court, at office, in the City of St. Louis this 6th day of July , 2009.

Clerk, Missouri Court of Appeals, Eastern District

on the property.  He claimed he lost the deed, but had assumed a contract to purchase the property.  The trial court found that the defendant had no right, title or interest to the property.  On appeal, the defendant argued that the tax deed was void because the tax sale was so grossly inadequate as to amount to fraud.  While the court agreed that the amount paid was so grossly inadequate as to be constructive fraud, they found that the defendant "did not have such an interest or claim of right to the property in question to challenge the sufficiency of the plaintiff's deed." *Id.*

Essentially, the *Scott* court found that the defendant lacked standing to invalidate the tax deed.  The defendant lacked a legally cognizable interest in the property, and therefore he could not challenge the issuance of a collector's deed.

The same is true in the instant case.  While Ocwen is the recorded grantee on the assignment of the deed of trust, it has no legally cognizable interest.  Lacking such an interest, Ocwen is not entitled to the relief it seeks, namely, to dismiss Bellistri's petition and declare that the plaintiff has lost all interest in the real estate.  Essentially, Ocwen is asking the court to quiet title in Crouther's name.

To seek this relief from the court, Ocwen must at least have an "interest" in the property.  *Scott*, 235 S.W.2d at 374; *Thurmon v. Ludy*, 914 S.W.2d 32, 34 (Mo. App. E.D. 1995)  On the assignment of the deed of trust, Ocwen is listed as the grantee, as servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital trust, 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1 (Deutsche Bank).  We must turn to the law of mortgages to understand Ocwen's interest.

The record reflects that BNC was the holder of the promissory note. There is no evidence in the record or the pleadings that MERS held the promissory note or that BNC gave MERS the authority to transfer the promissory note. MERS could not transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer the promissory note is ineffective. *Black v. Adrian*, 80 S.W.3d 909, 914-15 (Mo. App. S.D. 2002) ("[A]ssignee of a deed of trust or a promissory note is vested with all interests, rights and powers possessed by the assignor in the mortgaged property"). MERS never held the promissory note, thus its assignment of the deed of trust to Ocwen separate from the note had no force. See *George*, 76 S.W.2d at 371. *St. Louis Mut. Life Ins. Co.*, 46 S.W.2d at 170.

As Ocwen holds neither the promissory note, nor the deed of trust, Ocwen lacks a legally cognizable interest and lacks standing to seek relief from the trial court. See *Scott*, 235 S.W.2d at 374. The trial court was without jurisdiction to grant Ocwen its requested relief, and did not err in granting summary judgment in Bellistri's favor.

### Conclusion

Ocwen lacked a legally cognizable interest in the property, and therefore, it has no standing to seek relief. We hereby affirm the judgment of the circuit court of Jefferson County.

Nannette A. Baker, Chief Judge

Glenn A. Norton, J., and Kenneth M. Romines, J., concur.

7

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Phillip Gebhardt
1720 N Main St
Desoto MO 63020

OleJE-CC00893

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery
                                           5-30-0

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

JUN 03 2008

HOWARD WAGNER
**CIRCUIT CLERK**

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*        ☐ Yes

2. Article Number
   *(Transfer from service label)*      7003 3110 0002 2926 9076

Report: CZR0086

MISSOURI JUDICIARY
23RD JUDICIAL CIRCUIT
JEFFERSON
CASE PARTY FEE REPORT

Date: 16-May-2008
Time: 10:33 AM
Page: 1

CASE ID: 06JE-CC00893

**ROBERT BELLISTRI V GLEN L CROUTHER ET AL**

## FEES AND ADJUSTMENTS
### Case Fees

| Detc Code | Description | Date | Fee Amount | Balance Due |
|---|---|---|---|---|
| 3008 | Law Library | 29-Dec-2006 | $15.00 | $0.00 |
| 3300 | Circuit Civil Costs w/SRF | 29-Dec-2006 | $83.00 | $0.00 |
| | | Total Charges: | $98.00 | $0.00 |
| | | Grand Total Case and Party Fees: | $98.00 | $0.00 |

## RECEIPTS
### Other Receipts

| Party Name (Party ID) | Detc Code | Description | Date | Receipt No. | Account ID | Void Ind. | Non-Monetary Amount | Monetary Amount |
|---|---|---|---|---|---|---|---|---|
| GEBHARDT, PHILLIP KENT (29569) | 1101 | Check | 29-Dec-2006 | 23JE49705 | 29569-13 | | $0.00 | $118.50 |
| GEBHARDT, PHILLIP KENT (29569) | 2101 | Open Items Out | 16-May-2008 | 23JE122992 | 29569-13 | | $20.50 | $0.00 |
| | | | | | Party Total Receipts: | | $20.50 | $118.50 |
| | | | | | Grand Total Other Receipts: | | $20.50 | $118.50 |

## AVAILABLE CASH AND OUTSTANDING PAYABLES
### Outstanding Payables

| Payee Name (Party ID) | Payable Code | Payable Description | Date | Amount |
|---|---|---|---|---|
| GEBHARDT, PHILLIP KENT (29569) | 7506 | Overpayments Detail C | 16-May-2008 | -$20.50 |
| | | Grand Total Available Cash and Outstanding Payables: | | -$20.50 |

Report: CZR0026

**23RD JUDICIAL CIRCUIT**
**JEFFERSON**
**CIRCUIT COURT DOCKET SHEET**

Date:       02-May-2008
Time:         1:44:13PM
Page:       6

---

**06JE-CC00893**        **ROBERT BELLISTRI V GLEN L CROUTHER ET AL**        **Security Level: 1 Public**

---

01-May-2008        **Default Judgment**
Court signs Judgment, Order and Decree Granting Plaintiff's First Amended Motion for Summary
Judgment and Denying  the Motion for Summary Judgment of Defendant OCWEN loan Servicing LLC,
as Agent and Service for Deutsche Bank National Trust Company, as Trustee for the registered
holders of teh CDC Mortgage Capital Trust 2002-HE1.
SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR
Cost taxed against plaintiff.

Report: CZR0026

**23RD JUDICIAL CIRCUIT**
**JEFFERSON**
**CIRCUIT COURT DOCKET SHEET**

Date:     02-May-2008
Time:     1:44:13PM
Page:     5

---

**06JE-CC00893     ROBERT BELLISTRI V GLEN L CROUTHER ET AL           Security Level: 1 Public**

---

26-Feb-2008    **Reply**
TO SEPARARE DEFENDANT OCWEN'S RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR
SUMMARY JUDGMENT
**Filed By:** PHILLIP K GEBHARDT

28-Feb-2008    **Hearing Continued/Rescheduled**
**Hearing Continued From:** 02-Feb-2008; 9:00 AM

**Case Mgmt Conf Scheduled**
**Scheduled For:** 07-Jun-2008; 9:00 AM; MARK T STOLL; **Setting:** 0
no appearance necessary

05-Mar-2008    **Response Filed**
**Filed By:** PHILLIP K GEBHARDT

12-Mar-2008    **Motion Hearing Scheduled**
**Scheduled For:** 28-Mar-2008; 9:00 AM; MARK T STOLL; **Setting:** 0
motion for summary judgment

13-Mar-2008    **Notice**
OF HEARING.
**Filed By:** JEFFREY T WEISMAN

**Hearing Continued/Rescheduled**
**Hearing Continued From:** 28-Mar-2008; 9:00 AM

**Motion Hearing Scheduled**
**Scheduled For:** 01-Apr-2008; 9:00 AM; MARK T STOLL; **Setting:** 0
quiet title & summary judgment

14-Mar-2008    **Notice of Hearing Filed**
AMENDED
**Filed By:** JEFFREY T WEISMAN

26-Mar-2008    **Notice of Hearing Filed**
APRIL 1, 2008, AT 9:00 AM
**Filed By:** PHILLIP K GEBHARDT

01-Apr-2008    **Motion Hearing Held**
Plaintiff's First Amended Motion for Summary Jusgment and Defendant Ocwen Loan Servicing's
Motion for Summary Judgment called and heard.  Both OcWen and Bellistri appear by counsel.
Defendant Ocwen submits proposed Judgment and serves same upon counsel for Bellistri.  Plaintiff
granted leave to submit proposed judgment by April 7, 2008.
Cause taken under submission.
SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR

04-Apr-2008    **Filing:**
PLANTIFF'S PROPOSED JUDGMENT, ORDER AND DECREE GRANTING PLANTIFF'S FIRST
AMENDED MOTION FOR SUMMARY JUDGMENT AND DENYING THE MOTION FOR SUMMARY
JUDGMETN OF DEFENDANT OCWEN LOAN SERVICING LLC, AS AGENT AND SERVICER FOR
DUETSCHE BANK NATIONAL TRUST COMPANY, as trustee for the registered holders of the CDC
MORTAGE CAPITAL TRUST 2002-HE1
**Filed By:** PHILLIP K GEBHARDT

Report: CZR0026

**23RD JUDICIAL CIRCUIT**
**JEFFERSON**
**CIRCUIT COURT DOCKET SHEET**

Date:      02-May-2008
Time:       1:44:13PM
Page:       4

---

**06JE-CC00893**      **ROBERT BELLISTRI V GLEN L CROUTHER ET AL**      **Security Level: 1 Public**

---

| | |
|---|---|
| 20-Dec-2007 | **Motion to Dismiss**<br>DEFENDANTS INTERNAL REVENUE SERVICE AND BNC MORTGAGE INC<br>**Filed By:** PHILLIP K GEBHARDT |
| | **Request Filed**<br>TO FILE FIRST AMENDED MOTION FOR SUMMARY JUDGMENT AND REPLY TO OCWEN'S<br>RESPONSE TO SAID MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** PHILLIP K GEBHARDT |
| | **Reply**<br>FIRST AMENDED REPLY TO RESPONSE OF OCWEN TO PLAINTIFF'S MOTION FOR SUMMARY<br>JUDGMENT<br>**Filed By:** PHILLIP K GEBHARDT |
| | **Amended Motion/Petition Filed**<br>**Filed By:** PHILLIP K GEBHARDT |
| | **Mot to Join Additional Party**<br>ADD OCWEN LOAN SERVICING FOR DEUTSCH BANK NATIONAL TRUST COMPANY<br>SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 01-04-08<br>**Filed By:** PHILLIP K GEBHARDT |
| 28-Dec-2007 | **Motion Filed**<br>SEPARATE DEF. OCWEN'S MOTION FOR EXTENSION OF TIME TO FILE SUR-REPLY IN<br>OPPOSITION TO PLAINTIFF'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT.<br>**Filed By:** JEFFREY T WEISMAN |
| 29-Jan-2008 | **Motion for Extension of Time**<br>SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 01-30-08<br>**Filed By:** JEFFREY T WEISMAN |
| 31-Jan-2008 | **Response Filed**<br>TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** JEFFREY T WEISMAN |
| | **Memorandum Filed**<br>IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** JEFFREY T WEISMAN |
| 07-Feb-2008 | **Memorandum Filed**<br>IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** JEFFREY T WEISMAN |
| | **Filing:**<br>STATEMENT OF UNCONTROVERTED MATERIAL FACTS<br>**Filed By:** JEFFREY T WEISMAN |
| | **Motion for Summary Judgment**<br>**Filed By:** JEFFREY T WEISMAN |
| 19-Feb-2008 | **Motion for Extension of Time**<br>SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 02-27-08<br>**Filed By:** PHILLIP K GEBHARDT |

Report: CZR0026

**23RD JUDICIAL CIRCUIT**
**JEFFERSON**
**CIRCUIT COURT DOCKET SHEET**

Date:    02-May-2008
Time:    1:44:13PM
Page:    3

---

**06JE-CC00893      ROBERT BELLISTRI V GLEN L CROUTHER ET AL          Security Level: 1 Public**

---

| | |
|---|---|
| 31-Aug-2007 | **Case Mgmt Conf Scheduled**<br>Scheduled For: 01-Dec-2007; 9:00 AM; MARK T STOLL; **Setting:** 0 |
| 06-Sep-2007 | **Cross Claim Filed**<br>**Filed By:** JEFFREY T WEISMAN |
| 04-Oct-2007 | **Memorandum Filed**<br>LEGAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** PHILLIP K GEBHARDT |
| | **Motion for Summary Judgment**<br>**Filed By:** PHILLIP K GEBHARDT |
| | **Affidavit Filed**<br>AFFIDAVIT IN SUPPORT OF PLANTIFF'S MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** PHILLIP K GEBHARDT |
| 05-Nov-2007 | **Motion for Extension of Time**<br>SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 11-06-07<br>**Filed By:** JEFFREY T WEISMAN |
| 09-Nov-2007 | **Motion for Extension of Time**<br>SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 11-14-07<br>**Filed By:** RICHARD A GARTNER |
| 19-Nov-2007 | **Certificate of Service**<br>**Filed By:** JEFFREY T WEISMAN |
| 27-Nov-2007 | **Response Filed**<br>TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** JEFFREY T WEISMAN |
| | **Memorandum Filed**<br>IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** JEFFREY T WEISMAN |
| 01-Dec-2007 | **Hearing Continued/Rescheduled**<br>Hearing Continued From: 01-Dec-2007; 9:00 AM |
| | **Case Mgmt Conf Scheduled**<br>Scheduled For: 02-Feb-2008; 9:00 AM; MARK T STOLL; **Setting:** 0<br>no appearance necessary |
| 18-Dec-2007 | **Reply**<br>TO RESPONSE OF OCWEN TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>**Filed By:** PHILLIP K GEBHARDT |
| | **Memorandum Filed**<br>LEGAL MEMORANDUM IN SUPPORT OF REPLY TO RESPONSE TO PLAINTIFF'S FOR SUMMARY JUDGMENT<br>**Filed By:** PHILLIP K GEBHARDT |
| 19-Dec-2007 | **Certificate of Service**<br>**Filed By:** PHILLIP K GEBHARDT |

Report: CZR0026

**23RD JUDICIAL CIRCUIT**
**JEFFERSON**
**CIRCUIT COURT DOCKET SHEET**

Date:      02-May-2008
Time:       1:44:13PM
Page:      2

---

**06JE-CC00893      ROBERT BELLISTRI V GLEN L CROUTHER ET AL        Security Level: 1 Public**

---

|  |  |
|---|---|
|  | Document ID - 07-SMCC-19;   Served To - INTERNAL REVENUE SERVICE;   Server - ;   Served Date - 17-JAN-07;   Served Time - 00:00:00;   Service Type - Civil Process Server;   Reason Description - Other;   Service Text - SERVED WILLIAM HAGERMAN, I.R.S. SECURITY |
| 06-Feb-2007 | **Affidavit of Publication**<br>COUNTIAN |
| 13-Feb-2007 | **Answer Filed**<br>UNITED STATES' ANSWER AND DISCLAIMER |
| 28-Feb-2007 | **Request Filed**<br>REQUEST FOR SUMMONS<br>**Filed By:** PHILLIP K GEBHARDT |
| 01-Mar-2007 | **Summons Issued-Circuit**<br>Document ID: 07-SMCC-596, for CSC LAWYERS CORPORATION SERVICE CO.,;<br>**Service/Attempt Date:** 12-Mar-2007 |
| 23-Mar-2007 | **Return Service  - Other**<br>Document ID - 07-SMCC-596;   Served To - CSC LAWYERS CORPORATION SERVICE CO.,;<br>Server - SO COLE COUNTY-JEFFERSON CITY;   Served Date - 12-MAR-07;   Served Time - 00:00:00;   Service Type - Sheriff Department;   Reason Description -  Other;   Service Text - SERVED CSC LAWYERS CORP. |
| 11-Apr-2007 | **Motion for Leave**<br>TO FILE ANSWER OUT OF TIME<br>**Filed By:** RICHARD A GARTNER |
|  | **Answer Filed**<br>**Filed By:** RICHARD A GARTNER |
| 27-Apr-2007 | **Entry of Appearance Filed**<br>**Filed By:** JEFFREY T WEISMAN |
|  | **Answer Filed**<br>**Filed By:** JEFFREY T WEISMAN |
| 21-Jun-2007 | **Motion for Leave**<br>TO FILE CROSS-CLAIM AGAINST DEFENDANT GLEN CROUTHER<br>**Filed By:** JEFFREY T WEISMAN |
|  | **Cross Claim Filed**<br>**Filed By:** JEFFREY T WEISMAN |
| 27-Jul-2007 | **Motion Hearing Scheduled**<br>**Scheduled For:** 31-Aug-2007; 1:00 PM; MARK T STOLL; **Setting:** 0<br>motion for leave to file cross claim |
|  | **Notice of Hearing Filed**<br>NOTICE OF HEARING MOTION OF DEFENDANT FOR LEAVE TO FILE CROSS-CLAIM AGAINST DEFENDANT GLEN CROUTHER<br>**Filed By:** JEFFREY T WEISMAN |
| 31-Aug-2007 | **Motion Hearing Held**<br>Cause called, parties appear by counsel.  Leave granted to file cross claim against defendant Glen Crouther is sustained.<br>SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR |

Report: CZR0026

**23RD JUDICIAL CIRCUIT**
**JEFFERSON**
**CIRCUIT COURT DOCKET SHEET**

Date:    02-May-2008
Time:    1:44:13PM
Page:    1

---

| 06JE-CC00893 | ROBERT BELLISTRI V GLEN L CROUTHER ET AL | Security Level: 1 Public |
|---|---|---|

| Case Type: | CC Quiet Title | Case Filing Date: | 28-Dec-2006 |
|---|---|---|---|
| Status: | Default Judgment | | |
| Disposition: | Default Judgment | Disposition Date: | 01-May-2008 |

| | | Release/Status Change Date | Reason |
|---|---|---|---|
| Judge | MARK T STOLL (26613) | | |
| Judge | DENNIS J KEHM (22483) | 31-Dec-2006 | No Longer in Office/Position |
| Plaintiff | **ROBERT  BELLISTRI (@14062)** | | |
| Attorney for Plaintiff | PHILLIP KENT GEBHARDT(29569) | | |
| Defendant | **GLEN L CROUTHER (@10307)** | | |
| Attorney for Defendant | RICHARD ANTHONY GARTNER(29062) | | |
| Defendant | **BNC MORTGAGE INC (@14063)** | 04-Jan-2008 | |
| Attorney for Defendant | JEFFREY T WEISMAN(34075) | | |
| Defendant | **INTERNAL REVENUE SERVICE (INTREVSER)** | 04-Jan-2008 | |
| | **ALL UNKNOWN HEIRS (UNKNHEIRS)** | | |
| Reg. Agent for Serv of Process | OCWEN LOAN SERVICING, L.L.C. (@10481) | | |
| Attorney for Defendant | JEFFREY T WEISMAN(34075) | | |

---

| Filing Date | Description |
|---|---|
| 28-Dec-2006 | **Pet Filed in Circuit Ct** |
| | **App for Publication Filed**<br>SO ORDERED:  MARK T. STOLL, CIRCUIT JUDGE DIV. FOUR 01-03-07<br>**Filed By:**  PHILLIP K GEBHARDT |
| | **Notice of Order of Publication**<br>**Filed By:**  PHILLIP K GEBHARDT |
| | **Motion Special Process Server**<br>KEVIN REHG<br>**Filed By:**  PHILLIP K GEBHARDT |
| 03-Jan-2007 | **Summons Issued-Circuit**<br>Document ID: 07-SMCC-18, for CROUTHER, GLEN L;  Document ID: 07-SMCC-19, for INTERNAL REVENUE SERVICE;<br>**Service/Attempt Date:** 12-Jan-2007 |
| 19-Jan-2007 | **Entry of Appearance Filed**<br>**Filed By:**  RICHARD A GARTNER |
| | **Request Filed**<br>ADDITIONAL TIME. SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 01-19-07<br>**Filed By:**  RICHARD A GARTNER |
| 24-Jan-2007 | **Summons Personally Served**<br>Document ID - 07-SMCC-18;  Served To - CROUTHER, GLEN L;  Server - ;  Served Date - 12-JAN-07;  Served Time - 00:00:00;  Service Type - Civil Process Server;  Reason Description - Served |
| | **Return Service  - Other** |

# NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

## In The 23rd Judicial Circuit Court, Jefferson County, Missouri

**ROBERT BELLISTRI V GLEN L CROUTHER ET AL**                    **CASE NO : 06JE-CC00893**

To:     File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

**Filing Date**          **Description**

29-Jul-2008        Filing:
                   DISMISSAL OF CROSS-CLAIM
                   SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR
                   Filed By:JEFFREY T WEISMAN

_____
                            Clerk of Court

CC:     File
        JEFFREY T WEISMAN
        PHILLIP KENT GEBHARDT
        RICHARD ANTHONY GARTNER
Date Printed : 06-Aug-2008



# SHAPIRO & WEISMAN, L.C.

### ATTORNEYS AT LAW

Gerald M. Shapiro
  Admitted in Illinois and
  Florida only
David S Kreisman
  Admitted in Illinois
Jeffrey T. Weisman

Blake Hill

## Facsimile Cover



JUL 2 9 2008

HOWARD WAGNER
CIRCUIT CLERK

**To:**     **Division 4 Clerk**
         Jefferson County Circuit Court
         **(636)797-5420 Tel**
         (636)797-5073 FAX

**From:**    **Blake Hill**
**Date:**     **July 29, 2008**
**Pages:**   **5 (including cover)**

**Re:**      06JE-CC893J4

## IF ALL PAGES ARE NOT RECEIVED, PLEASE CONTACT SENDER AS SOON AS POSSIBLE

BILLY,
I understand that Judge Stoll is out of town until next Wednesday. Because this is a jurisdictional issue and time is of the essence, please place the following before the PRESIDING JUDGE, as the parties have consented and a hearing is not necessary. I will need to order certified copies of the order amending the judgment and the updated court minutes.

1. DISMISSAL OF CROSS-CLAIM
2. JOINT MOTION TO AMEND JUDGMENT BY INTERLINEATION
3. (proposed) ORDER AND JUDGMENT AMENDING JUDGMENT BY INTERLINEATION

Thank you.
Blake Hill

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential and is intended only for the use of the individual or entity named above and others who have been specifically authorized to receive it. If you are not the recipient, you are hereby notified that any dissemination, distribution or copying of this communication is specifically prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us by calling (314) 770-2120.

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

FILED

JUL 2 9 2008

HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI )
)
        Plaintiff, )
)                    Cause No. 06JE-CC893J4
v. )
)
GLEN CROUTHER, et.al. )                    DIVISION 4
)
        Defendants. )

## DISMISSAL OF CROSS-CLAIM

Comes now OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank

National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital

Trust 2002-HE1, as successor in interest to BNC Mortgage, Inc. (hereinafter "Ocwen") and

dismisses its cross-claim against separate Defendant Glen Crouther without prejudice, with each

party to bear its own cost.

SHAPIRO & WEISMAN, LC

JEFFREY T. WEISMAN, #34075
BLAKE D. HILL, #58926
Attorney for Defendant
502 Earth City Expressway, Ste. 317
Earth City MO 63045
314-770-2120 ext, 101
314-770-1850
S&W 07-2145

REVIEWED: So Ordered
Scott 7/6/08
Judge

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing entry was mailed postage-prepaid this 29th day
of July, 2008, to Phillip Gebhardt, 1270 North Main Street, Desoto MO 63020; Richard Gartner,
220 Salt Lick Road, St. Peters MO 63376.

FILED

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON  JUL 2 9 2008
STATE OF MISSOURI

HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI              )
                             )
        Plaintiff,            )
                             )
v.                           )        Cause No. 06JE-CC893J4
                             )
GLEN CROUTHER, et.al.        )        DIVISION 4
                             )
        Defendants.          )

## JOINT MOTION TO AMEND JUDGMENT BY INTERLINEATION

Come now OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank

National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital

Trust 2002-HE1, as successor in interest to BNC Mortgage, Inc. (hereinafter "Ocwen") and

Plaintiff Robert Bellistri (hereinafter "Bellistri") and for their joint motion to amend judgment by

interlineation state:

1.      On May 1, 2008, this Court entered a Judgment granting Plaintiff's First

Amended Motion for Summary Judgment upon its claim for Quiet Title.

2.      At the time judgment was entered, Ocwen's cross-claim against Defendant Glen

Crouther on a note was outstanding.

3.      Although the claim upon which the Court entered judgment on May 1, 2008 was a

distinct judicial unit from the Ocwen cross-claim, the Court did not make "an express

determination that there is no just reason for delay" pursuant to 74.01(b).

4.      Ocwen filed its Notice of Appeal from the May 1, 2008 Judgment on May 29,

2008.

5.      Ocwen has since dismissed its cross-claim against Defendant Crouther.

6.      The parties move this Court to amend the May 1, 2008 to include the following

language: "This Court finds that there is no just reason for delay in entering this Judgment in favor of Plaintiff Bellistri upon his motion for summary judgment. Accordingly, this Court finds that this Judgment disposes of the complete claim of the Plaintiff and a distinct judicial unit from the cross-claim of Ocwen."

7.  There are no further claims outstanding in this case.

8.  The Judgment as amended should be certified as final.

9.  Upon information and belief, Ocwen's Notice of Appeal was premature under 81.05(b), and will be deemed timely once the amendment of this Court's Judgment renders such Judgment final for purposes of appeal.

WHEREFORE the parties jointly pray that this Honorable Court enter an Order amending by interlineation the Judgment entered in this case on May 1, 2008.

GEBHARDT REAL ESTATE AND                 SHAPIRO & WEISMAN, LC
LEGAL SERVICES, L.L.C.

_____                  _____
Phillip K. Gebhardt #29569               JEFFREY T. WEISMAN, #34075
Attorney for Respondent Bellistri        BLAKE D. HILL, #58926
1720 North Main Street                   Attorney for Defendant
Desoto, MO 63020                         502 Earth City Expressway, Ste. 317
(636)586-4545/ (636)337-0615 Tel         Earth City MO 63045
(636)586-3504 Fax                        314-770-2120 ext, 101
                                         314-770-1850
                                         S&W 07-2145

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing entry was mailed postage-prepaid this 29th day of July, 2008, to Phillip Gebhardt, 1270 North Main Street, Desoto MO 63020; Richard Gartner, 220 Salt Lick Road, St. Peters MO 63376.

_____

SO ORDERED: _____  8/6/08
                MARK T STOLL
                JUDGE, DIV. 4

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI )
)
)
Plaintiff, )
) Cause No. 06JE-CC893J4
v. )
)
GLEN CROUTHER, et.al. ) DIVISION 4
)
Defendants. )

## ORDER AND JUDGMENT AMENDING JUDGMENT BY INTERLINEATION

This Court, upon joint motion by Plaintiff Robert Bellistri and separate Defendant

OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust

Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as

successor in interest to BNC Mortgage, Inc. (hereinafter "Ocwen") hereby amends its Judgment

entered on May 1, 2008 by interlineation to include the following:

"**This Court finds that there is no just reason for delay in entering this Judgment in**

**favor of Plaintiff Bellistri upon his motion for summary judgment. Accordingly, this Court**

**finds that this Judgment disposes of the complete claim of the Plaintiff and a distinct**

**judicial unit from the cross-claim of Ocwen."**

Further, this Court acknowledges and certifies that all claims have been disposed of in

this matter, and that this Judgment is final for purposes of appeal.

**SO ORDERED:**

_Stott_ 5/6/08

_____

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| ROBERT BELLISTRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06JE-CC00893 |
| | ) | |
| GLEN L. CROUTHER, | ) | Division 4 |
| BNC MORTGAGE, INC., | ) | |
| a Delaware corporation, | ) | |
| INTERNAL REVENUE SERVICE, and | ) | |
| | ) | |
| All unknown and unnamed persons or entities who | ) | |
| are the heirs, grantees or successors of | ) | |
| Glen L. Crouther, BNC Mortgage, Inc., or any | ) | |
| persons or entities who have, or claim to have, or | ) | |
| appear of record as having, an interest, deed of | ) | |
| trust, mortgage, lease, lien, claim, title, or estate in | ) | |
| the real property and the improvements thereon, if | ) | |
| any, located in the County of Jefferson, in the State | ) | |
| of Missouri, commonly known as 1210 Airglades, | ) | |
| Arnold, Missouri 63010, and more particularly | ) | |
| described as: | ) | |
| | ) | |
| All of Lot Fifty-six (56) of BAYSHORE NORTH | ) | |
| PLAT ONE, a Subdivision in U.S. Survey 2020, as | ) | |
| Shown by plat on file in the Recorder's Office of | ) | |
| Jefferson County, Missouri, in Plat Book 40, Pages | ) | |
| 13 and 14, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

OCT 0 4 2007

HOWARD WAGNER
CIRCUIT CLERK

## LEGAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through his attorney, and for his Legal Memorandum in

Support of Plaintiff's Motion for Summary Judgment, states:

*1*

## INTRODUCTION

This is a quiet title action concerning certain real estate located in Jefferson County, Missouri, commonly known as 1210 Airglades, Arnold, Missouri 63010 (hereinafter sometimes referred to as the "Property"), and more particularly described as:

All of Lot Fifty-six (56) of BAYSHORE NORTH PLAT ONE, a Subdivision in U.S. Survey 2020, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri, in Plat Book 40, Pages 13 and 14.

The Property was conveyed to Defendant Glen L. Crother by General Warranty Deed dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012852 of the Jefferson County Land Records.

Defendant Glen L. Crouther executed the Deed of Trust dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012853 of the Jefferson County Land Records (hereinafter sometimes referred to as the "Deed of Trust"), conveying a security interest in the Property to Millsap, Singer & Dunn, P.C., as Trustee for the benefit of Defendant BNC Mortgage, Inc., to secure an indebtedness in the amount of $93,595.00 and other charges specified therein.

By Notice of Federal Tax Lien dated on or about March 23, 2005 and recorded on or about March 29, 2005, as Tax Lien No. 23273 of the Jefferson County Land Records, Defendant Internal Revenue Service gave notice of a lien against Defendant Glen L. Crouther in the amount of $25,205.74 and other charges specified therein. Defendant Internal Revenue Service has disclaimed any interest in the Property.

By Collector's Deed dated on or about September 19, 2006 and recorded on or about September 19, 2006 as Document No. 2006R-046167 of the Jefferson County Land Records, Beth

Mahn, the Collector of Revenue of Jefferson County, Missouri, conveyed the subject real estate to Plaintiff Robert Bellistri.

By Assignment of Deed of Trust dated on or about April 4, 2007, and recorded on or about April 23, 2007, as Document No. 2007R-018586 of the Jefferson County Land Records, Mortgage Electronic Registration Systems, Inc., as nominee for Defendant BNC Mortgage, Inc., assigned the Deed of Trust to Ocwen Loan Servicing, L.L.C., as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HEI.

## STANDARD OF REVIEW

This is a motion for summary judgment by a claimant within the purview of Missouri Supreme Court Rule 74.04. As stated in *ITT Commercial Finance v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 381 (Mo. banc 1993):

> A movant's right to judgment as a matter of law differs significantly depending upon whether that movant is a 'claimant' or a 'defending party.' A 'claimant' must establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial.
>
> ...
>
> The prima facie showing required by Rule 74.04(c) is necessarily different where the movant is a "defending party." Where a "defending party" will not bear the burden of persuasion at trial, that party need not controvert *each* element of the non-movant's claim in order to establish a right to summary judgment. Rather, a "defending party" may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded

affirmative defense. Regardless of which of these three means is employed by the "defending party," each establishes a right to judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper.

854 S.W.2d at 381.

## I.

## THE COLLECTOR'S DEED IN FAVOR OF PLAINTIFF IS PRIMA FACIE EVIDENCE OF GOOD AND VALID TITLE IN PLAINTIFF, UNENCUMBERED BY ANY INTEREST OF DEFENDANTS

Section 140.420, RSMo, provides that collector's deeds issued under the provisions of the Jones-Munger Law, Chapter 140, RSMo, "shall vest in the grantee an absolute estate in fee simple, subject, however, to [certain encumbrances not relevant here]". Section 140.460.2, RSMo, provides that such Collector's Deeds "shall be prima facie evidence that the property conveyed was subject to taxation at the time assessed, that the taxes were delinquent and unpaid at the time of sale, of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, that said land or lot had not been redeemed and that the period therefore had elapsed, and prima facie evidence of a good and valid title in fee simple in the grantee of said deed".

In *Stadium West Properties v. Johnson,* 133 S.W.3d 128 (Mo. App., W.D. 2004), the Court stated:

> At the outset, we note that a tax deed which has been properly "recorded in the recorder's office before delivery" as provided in § 140.460.1, RSMo 2000, is to be considered "prima facie evidence . . . of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, . . . and prima facie evidence of a good and valid title in fee simple in the grantee of said deed[.]" § 140.460.2, RSMo 2000. As the Missouri Supreme Court observed in *Mitchell v. Atherton,* 563 S.W.2d 13, 17-18 (Mo. banc 1978), this means that such a deed is also "prima facie evidence of notice in

4

compliance with the law because notice and sale would be `prior proceedings' under sec. 140.460." Of course, this does not prevent an opposing party from attempting to overcome this prima facie evidence of regularity by offering its own evidence at variance with the title, id. at 18, which is exactly what Stadium West did here. *See, e.g., Nole v. Wenneker*, 609 S.W.2d 212, 215 (Mo. App. W.D. 1980).

133 S.W.3d at 136 (footnote omitted).

The Collector's Deed to the Property conveying same to Plaintiff is *prima facie* evidence of good and valid title in fee simple in Plaintiff, unencumbered by any interest, deed of trust, mortgage, lease, lien, claim, title, or estate of Defendants. . This, however, does not prevent Defendants from offering their own evidence at variance with the title in favor of Plaintiff.  If such evidence is presented, Plaintiff will reply to same.   Under Section 140.580, RSMo, Plaintiff is entitled to possession of the Property.

## CONCLUSION

Based upon the foregoing, Plaintiff concludes that the Collector's Deed in favor of Plaintiff is *prima facie* evidence of good and valid title in fee simple in Plaintiff, unencumbered by any interest, deed of trust, mortgage, lease, lien, claim, title or estate of Defendants.   If Defendants present evidence at variance with Plaintiff's title, Plaintiff will reply to same.

Respectfully submitted.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C.,

_____

Phillip K. Gebhardt            29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mail, postage prepaid, this 3rd day of _October_, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; Jeffrey T. Weisman, Jeffrey T. Wist, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as assignee of BNC Mortgage, Inc.; and Nicholas P. Llewellyn, Assistant United States Attorney, 111 South 10th Street, Room 20.333, St. Louis, Missouri 63101, Attorney for Defendant Internal Revenue Service.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Legal Memorandum in Support of Motion for Summary Judgment
File No. 06-348-L-5352
Pkg

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| ROBERT BELLISTRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06JE-CC00893 |
| | ) | |
| GLEN L. CROUTHER, | ) | Division 4 |
| BNC MORTGAGE, INC., | ) | |
| a Delaware corporation, | ) | |
| INTERNAL REVENUE SERVICE, and | ) | |
| | ) | |
| All unknown and unnamed persons or entities who | ) | |
| are the heirs, grantees or successors of | ) | |
| Glen L. Crouther, BNC Mortgage, Inc., or any | ) | |
| persons or entities who have, or claim to have, or | ) | |
| appear of record as having, an interest, deed of | ) | |
| trust, mortgage, lease, lien, claim, title, or estate in | ) | |
| the real property and the improvements thereon, if | ) | |
| any, located in the County of Jefferson, in the State | ) | |
| of Missouri, commonly known as 1210 Airglades, | ) | |
| Arnold, Missouri 63010, and more particularly | ) | |
| described as: | ) | |
| | ) | |
| All of Lot Fifty-six (56) of BAYSHORE NORTH | ) | |
| PLAT ONE, a Subdivision in U.S. Survey 2020, as | ) | |
| Shown by plat on file in the Recorder's Office of | ) | |
| Jefferson County, Missouri, in Plat Book 40, Pages | ) | |
| 13 and 14, | ) | |
| | ) | |
| Defendants. | ) | |

FILED

OCT 0 4 2007

HOWARD WAGNER
CIRCUIT CLERK

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through its attorney pursuant to Missouri Supreme Court

74.04, and for its Motion for Summary Judgment, states:

## I.

### Plaintiff's Statement of Uncontroverted Material Facts

### in Support of Plaintiff's Motion for Summary Judgment

1.     Plaintiff Robert Bellistri is an individual competent to bring this action.  See paragraph xx of Affidavit of Signatory*, Title* of Defendant*, filed herein.

2.     By General Warranty Deed dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012852 of the Jefferson County Land Records, Steven Gaither and Julie Gaither, husband and wife, conveyed the subject real estate to Defendant Glen L. Crouther.

3.     By Deed of Trust dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012853 of the Jefferson County Land Records, Defendant Glen L. Crouther conveyed a security interest in the subject real estate to Millsap, Singer & Dunn, P.C., as Trustee for the benefit of Defendant BNC Mortgage, Inc., to secure an indebtedness in the amount of $93,595.00 and other charges specified therein.

4.     By Notice of Federal Tax Lien dated on or about March 23, 2005 and recorded on or about March 29, 2005, as Tax Lien No. 23273 of the Jefferson County Land Records, Defendant Internal Revenue Service gave notice of a lien against Defendant Glen L. Crouther in the amount of $25,205.74 and other charges specified therein.

5.     By Collector's Deed dated on or about September 19, 2006 and recorded on or about September 19, 2006 as Document No. 2006R-046167 of the Jefferson County Land Records, Beth Mahn, the Collector of Revenue of Jefferson County, Missouri, conveyed the subject real estate to Plaintiff Robert Bellistri.

6.      By Assignment of Deed of Trust dated on or about April 4, 2007, and recorded on or about April 23, 2007, as Document No. 2007R-018586 of the Jefferson County Land Records, Mortgage Electronic Registration Systems, Inc., as nominee for Defendant BNC Mortgage, Inc., assigned the above-described Deed of Trust to Ocwen Loan Servicing, L.L.C., as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1.

## II.

### Summary of Legal Basis for Defendant's Motion for Summary Judgment

7.      Under Sections 140.420 and 140.460.2, RSMo, a collector's deed will establish *prima facie* evidence of a good and valid title in fee simple in the grantee of said deed, unencumbered by any interests of Defendants.

8.      Under Section 140.580, RSMo, the grantee of a collector's deed is entitled to possession of the property described therein.

WHEREFORE, Plaintiff prays that this Court enter an Order, Judgment and Decree ordering, adjudging and decreeing:

A.      That Plaintiff is vested with good and valid fee simple title of the Property.

B.      That Defendants have no interest, lien or encumbrance in the Property.

C.      That if this Court finds that Plaintiff is not entitled to all of the relief requested above, that this Court should grant Plaintiff such combination of relief requested as this Court deems appropriate.

D.      That Plaintiff should be awarded its costs and such other relief as is meet and just.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C.,

_____

Phillip K. Gebhardt                    29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mail,
postage prepaid, this 3rd day of ___October___, 2007, to Richard A. Gartner, 220 Salt Lick
Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; Jeffrey T. Weisman,
Jeffrey T. Wist, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for
OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee
for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as assignee of BNC
Mortgage, Inc.; and Nicholas P. Llewellyn, Assistant United States Attorney, 111 South 10th Street,
Room 20.333, St. Louis, Missouri 63101, Attorney for Defendant Internal Revenue Service.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Motion for Summary Judgment
File No. 06-348-L-5352
Pkg

4

F I L E D

JUL 0 7 2008

HOWARD WAGNER
CIRCUIT CLERK

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

ROBERT BELLISTRI,              )
                               )
         Plaintiff,            )
                               )
v.                             )    Case No. 06JE-CC00893
                               )
GLEN L. CROUTHER, and          )    Division 4
                               )
OCWEN LOAN SERVICING, LLC, as agent and )
servicer for DEUTSCHE BANK NATIONAL )
TRUST COMPANY, as Trustee for the registered )
holders of the CDC MORTGAGE CAPITAL )
TRUST 2002-HE1, and            )
                               )
All unknown and unnamed persons or entities who )
are the heirs, grantees or successors of )
Glen L. Crouther, BNC Mortgage, Inc., or any )
persons or entities who have, or claim to have, or )
appear of record as having, an interest, deed of )
trust, mortgage, lease, lien, claim, title, or estate in )
the real property and the improvements thereon, if )
any, located in the County of Jefferson, in the State )
of Missouri, commonly known as 1210 Airglades, )
Arnold, Missouri 63010, and more particularly )
described as:                  )
                               )
All of Lot Fifty-six (56) of BAYSHORE NORTH )
PLAT ONE, a Subdivision in U.S. Survey 2020, as )
shown by plat on file in the Recorder's Office of )
Jefferson County, Missouri, in Plat Book 40, Pages )
13 and 14,                     )
                               )
         Defendants.           )

F I L E D

APR 0 4 2008

HOWARD WAGNER
CIRCUIT CLERK

**PLAINTIFF'S PROPOSED JUDGMENT, ORDER AND DECREE GRANTING
PLAINTIFF'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT AND
DENYING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT OCWEN
LOAN SERVICING LLC, AS AGENT AND SERVICER FOR DEUTSCHE BANK
NATIONAL TRUST COMPANY, as Trustee for the registered holders of the CDC
MORTGAGE CAPITAL TRUST 2002-HE1**

1

Plaintiff's First Amended Motion for Summary Judgment and the Motion for Summary Judgment of Defendant Ocwen Loan Servicing LLC, as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holder of the CDC Mortgage Capital Trust 2002-HE1 (hereinafter sometimes referred to as "Defendant Ocwen") called for hearing on April 1, 2008. Plaintiff appeared by counsel. Defendant Ocwen appeared by counsel. Defendant Glen L. Crouther appeared not, even though Richard A. Gartner is entered as attorney of record for said Defendant. Arguments were heard on said Motions on April 1, 2008, and the cause was submitted to this Court for determination, subject to the right of Plaintiff to submit a proposed Judgment in this matter, Defendant Ocwen already having submitted same.

## UNCONTROVERTED MATERIAL FACTS

Based upon the motions for summary judgment and the supporting affidavits, documents and discovery provided to the Court, the Court finds the following uncontroverted material facts:

1.  By General Warranty Deed dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012852 of the Jefferson County Land Records, Steven Gaither and Julie Gaither, husband and wife, conveyed the Property, as that term is defined herein, to Defendant Glen L. Crouther (See paragraph 2 of the Affidavit in Support of Plaintiff' Motion for Summary Judgment and the exhibit marked Summary Judgment No. 1, as well as the admission of paragraph 2 of Plaintiff's First Amended Motion for Summary Judgment in Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment.) The subject real estate (hereinafter sometimes referred to as the "Property") is located in Jefferson County, Missouri, commonly known as 1210 Airglades, Arnold, Missouri 63010, and more particularly described as follows:

All of Lot Fifty-six (56) of BAYSHORE NORTH PLAT ONE, a Subdivision in U.S. Survey 2020, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri in Plat Book 40, Pages 13 and 14.

2.      By Deed of Trust dated on or about March 2, 2002, and recorded on or about March 8, 2002, as Document No. 020012853 of the Jefferson County Land Records, Defendant Glen L. Crouther (a single person), as Grantor, conveyed a security interest in the Property to Millsap & Singer, P.C., as Trustee for Mortgage Electronic Registration Systems, Inc., acting solely as nominee for BNC Mortgage, Inc., and its successors and assigns, to secure indebtedness in the amount of $93,595.00 and other charges specified therein (hereinafter sometimes referred to as the "Deed of Trust"). (See paragraph 3 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibits marked Summary Judgment No. 2 and Defendant's Exhibit RSJ-1 and B-SJ1.)

3.      Said Deed of Trust states, in part:

DEFINITIONS

....

(B)     "Borrower" is Glen L. Crouther, a single person, .... Borrower is the trustor under this Security Instrument.

GRANTEE:    BNC   MORTGAGE,   INC.,   A DELAWARE CORPORATION

(C)     "Lender" is BNC MORTGAGE, INC. ...

(D)     "Trustee" is Millsap, Singer & Dunn, P.C. ...

(E)     "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. ...

TRANSFER OF RIGHTS IN THE PROPERTY

3

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants, bargains, sells, conveys and confirms to Trustee, in trust, with power of sale, the following described property ….

4.     A review of the Deed of Trust indicates that the Lender is granted all substantive rights under the Deed of Trust, and MERS is named therein solely as a nominee of the Lender and Lender's successors and assigns.

5.     By Notice of Federal Tax Lien dated on or about March 23, 2005 and recorded on or about March 29, 2005, as Tax Lien No. 23273 of the Jefferson County Land Records, Defendant Internal Revenue Service gave notice of a lien against Defendant Glen L. Crouther in the amount of $25,205.74 and other charges specified therein. (Plaintiff's Summary Judgment Exhibit No. 3, as well as the admission of paragraph 4 of Plaintiff's First Amended Motion for Summary Judgment in Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment.)

6.     The Court takes judicial notice that the Internal Revenue Service has filed a disclaimer of interest in the real estate that is the subject of this litigation, and Plaintiff has dismissed the Internal Revenue Service as a Defendant herein as well as BNC Mortgage, Inc., which was originally named as a Defendant herein.

7.     A Collector's Deed dated on or about September 19, 2006 and recorded on or about September 19, 2006 as Document No. 2006R-046167 of the Jefferson County Land Records has been issued by Beth Mahn, the Collector of Revenue of Jefferson County, Missouri, to Plaintiff Robert Bellistri (hereinafter sometimes referred to as the "Collector's Deed"). (See paragraph 5 of

the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibit marked Summary Judgment No. 4, as well as the limited admission of paragraph 5 of the Plaintiff's First Amended Motion for Summary Judgment in Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment.)

8.      The August 22, 2005 tax sale pursuant to which Plaintiff obtained the Collector's Deed was not the third such offering by the Jefferson County Collector. (See Plaintiff's Responses to Defendant Ocwen's Request for Admissions No. 1, Defendant Ocwen's Exhibit RSJ-5).

9.      Plaintiff did not mail by certified mail any notice of any right to redeem, or any other correspondence, to Mortgage Electronic Registration Systems, Inc. ("MERS"). (See Plaintiff's Responses to Defendant Ocwen's Request for Admissions Nos. 5, 6, 8, 13, 14 and Defendant Ocwen's Exhbits RSJ-5 and RSJ-3.)

10.      Plaintiff's letter of May 12, 2006 addressed to BNC Mortgage is the only purported notice of the right to redeem to any person or entity listed on the Deed of Trust, and states in part: "To redeem your security claim, contact, [sic] Beth Mahn, Collector of Revenue, Jefferson County, Missouri @ 636-797-5406 with [sic] 90 days from the date of receipt of this letter." (See Plaintiff's Responses to Defendant Ocwen's Request for Admissions No. 14 and Defendant Ocwen's Exhibits RSJ-6 and RSJ-5.)

11.      By Assignment of Deed of Trust dated on or about April 4, 2007, and recorded on or about April 23, 2007, as Document No. 2007R-018586 of the Jefferson County Land Records, Mortgage Electronic Registration Systems, Inc., as nominee for Defendant BNC Mortgage, Inc., assigned the above-described Deed of Trust to Ocwen Loan Servicing, L.L.C., as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage

Capital Trust 2002-HEI, Mortgage Pass-Through Certificates, Series 2002-HEI. (See the Affidavit

in Support of Plaintiff's First Amended Motion for Summary Judgment and exhibits marked

Summary Judgment Exhibit No. 5 and Defendant Ocwen's Exhibit RSJ-3).

## I.

## STANDARD OF JUDICIAL REVIEW

The Plaintiff's First Amended Motion for Summary Judgment is a motion for summary

judgment by a claimant within the purview of Missouri Supreme Court Rule 74.04. Defendant

Ocwen's Motion for Summary Judgment is a motion for summary judgment by a defending party

within the purview of Missouri Supreme Court Rule 74.04, as Defendant Ocwen has not filed any

counterclaims in this action. As stated in *ITT Commercial Finance v. Mid-America Marine Supply*

*Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993):

> A movant's right to judgment as a matter of law differs
> significantly depending upon whether that movant is a 'claimant' or a
> 'defending party.' A 'claimant' must establish that there is no
> genuine dispute as to those material facts upon which the 'claimant'
> would have had the burden of persuasion at trial.
>
> ...
>
> The prima facie showing required by Rule 74.04(c) is
> necessarily different where the movant is a "defending party." Where
> a "defending party" will not bear the burden of persuasion at trial, that
> party need not controvert *each* element of the non-movant's claim in
> order to establish a right to summary judgment. Rather, a "defending
> party" may establish a right to judgment by showing (1) facts that
> negate *any one* of the claimant's elements facts, (2) that the non-
> movant, after an adequate period of discovery, has not been able to
> produce, and will not be able to produce, evidence sufficient to allow
> the trier of fact to find the existence of *any one* of the claimant's
> elements, or (3) that there is no genuine dispute as to the existence of
> *each* of the facts necessary to support the movant's properly-pleaded
> affirmative defense. Regardless of which of these three means is
> employed by the "defending party," each establishes a right to

judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper.

854 S.W.2d at 381.

## II.

## STATUTORY AND CONSTITUTIONAL FRAMEWORK FOR DELINQUENT TAX SALES UNDER THE JONES-MUNGER ACT

There are three (3) sets of Missouri statutes currently in use that authorize the sale of real estate for the non-payment of real estate taxes: (A) the Missouri Municipal Land Reutilization Law, Sections 92.700 to 92.920, RSMo, which applies to the City of St. Louis, Missouri, (B) the Land Tax Collection Act, Sections 141.210 to 141.810, RSMo, which applies to Jackson County and which may apply to some parts of Kansas City, Missouri, lying outside Jackson County, Missouri under Section 141.230, RSMo, and (C) the Jones-Munger Act, Chapter 140, RSMo, which applies to all other counties and some or all cities in Missouri. Under the provisions of Sections 141.160 or 141.230, RSMo, or other applicable law, St. Louis County, Missouri, a first class constitutional charter county, has elected by ordinance to use the Jones-Munger Act, Chapter 140, RSMo, to foreclose tax liens, instead of the Land Tax Collection Act, Chapter 141, RSMo. The delinquent tax sale procedures currently used in the City of St. Louis and Jackson County are based upon judicial foreclosure of tax liens through land tax suits and provide judicial confirmation of the delinquent tax sale as one of the procedures followed in land tax suits. The procedures under the Jones-Munger Act, Chapter 140, RSMo, are based upon administrative actions taken by the county collector of revenue in conducting delinquent tax sales. Suits to confirm these administrative procedures are authorized under Section 140.330, RSMo. Among other things, this case is an action to confirm the administrative foreclosure of tax lien encumbering the Property described in Plaintiff's Petition

7

under Section 140.330, RSMo.

The Jones-Munger Act, Chapter 140, RSMo, provides for the annual sale of real estate on which payments of real property taxes have been delinquent. Section 140.150.1, RSMo. Prior to the sale, the county collector must publish notice each week for three (3) consecutive weeks. Section 140.170.1, RSMo. On the fourth Monday in August of each year, the county collector conducts a delinquent tax sale. Section 140.150.1, RSMo. If, at the first offering, no one bids a sum equal to the delinquent taxes thereon with interest, penalties and costs, a second offering is made the following August. Section 140.240.1, RSMo. If no one submits an adequate bid in an amount equaling or exceeding the accrued taxes, interest and penalties at the second offering, a third offering is made the following August, and the property is sold to the highest bidder. Section 140.250.1, RSMo. Taxing authorities, acting through a trustee, are authorized to bid at third offering delinquent tax sales to prevent loss to the taxing authorities from inadequate bids. Section 140.260.1, RSMo.

A first or second delinquent tax sale under the Jones-Munger Act is followed by the issuance of a tax sale certificate of purchase and a one-year redemption period during which the "owner or occupant of any land or lot sold for taxes, or any other person having an interest therein, may redeem the same" by paying the county collector the purchase price plus cost of the sale and interest. Section 140.340.1, RSMo. A party redeeming their interest in a property sold at a first or second offering delinquent tax sale is required to pay ten percent (10%) per annum on the delinquent taxes and other costs (the opening bid at the delinquent tax sale), together with interest at the rate of eight percent (8%) per annum on any subsequent taxes paid by the delinquent tax sale purchaser after the tax sale. Section 140.340.1, RSMo. The Property was not sold at a third offering delinquent tax sale. The Collector's Deed issued in this case was issued to a certificate holder, not to a purchaser at a third

offering delinquent tax sale.  See Summary Judgment No. 4.

The purchaser at a first or second offering delinquent tax sale acquires a certificate of purchase.  Section 140.290.1, RSMo.  The "holder of a certificate of purchase, throughout the … [one year] immediately succeeding the delinquent tax sale, is vested with an inchoate or inceptive interest in the land subject to the absolute right of redemption in the record owner in whom the title remains vested." *M & P Enterprises, Inc. v. Transamerica Financial Services*, 944 S.W.2d 154, 157 (Mo. banc 1997) (*quoting, State ex rel. Baumann v. Marburger*, 182 S.W.2d 163, 165 (Mo. 1944)).

Legal title may not vest in the purchaser until the period of redemption has lapsed.  After the one-year redemption period has expired, the purchaser can consummate the delinquent tax sale and foreclose any rights of redemption under the tax liens foreclosed by applying for a collector's deed in compliance with the notice requirements of Section 140.405, RSMo.  If no one redeems their interest in the property during the statutory redemption period, the county collector executes to the purchaser a deed to the property, which vests in the grantee an absolute estate in fee simple, subject to certain interests discussed in detail elsewhere in the Memorandum.  Section 140.420.1, RSMo.

Under the Jones-Munger Act, prior notice of the sale of property for delinquent taxes was historically conducted solely by publication.  The Jones-Munger Act did not require that prior mailed notice be sent to lien holders or owners of record.  Section 140.010, 140.150, and 140.170, RSMo.  Prior to the decision of the United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), constructive notice by publication alone was held to comport with the constitutional requirements of due process under the theory "that those with an interest in property were under an obligation to act reasonably in keeping themselves informed of proceedings that affected that property." *Id.* at 804 (O'Connor, J., dissenting).

*Mennonite Board of Missions* brought about a significant change in the notice procedures required to enforce state tax liens. "When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." *Id.* at 798. Accordingly, the Supreme Court of Missouri in *Lohr v. Cobur Corp.*, 654 S.W.2d 833 (Mo. banc 1983), citing *Mennonite Board of Missions*, held that the notice-by-publication procedure of the Jones-Munger Act was insufficient to satisfy the due process rights of a publicly recorded deed of trust holder: "We conclude that where a deed of trust naming the deed of trust beneficiary is publicly recorded, notice by publication alone is insufficient and must be supplemented by notice mailed to the beneficiary's last known available address or by personal service." *Id.* at 886.

In apparent response to the *Mennonite Board of Missions* and *Lohr* decisions, the General Assembly of Missouri attempted to cure the constitutional defect in the Jones-Munger Act by amending Section 140.250 and by enacting a new Section 140.405, RSMo, in 1984. Senate Bill No. 707, 1984 *Mo. Laws* 431-32. Rather than requiring county collectors to provide prior mailed notice to owners, lien holders or other interested parties of record, the General Assembly required the purchaser of the tax sale certificate or of property sold at a third offering delinquent tax sale to conduct a title examination and mail post-sale notice to inform interested parties, including lien holders, of their tax sale redemption rights prior to the expiration of the redemption rights in the property. Apparently, the General Assembly chose not to impose on the collectors of revenue the cost of providing notice, which would include the cost of conducting a title examination on each property to be sold and the cost of mailing notice to all lien holders identified.

A recent significant United States Supreme Court decision on the notice required by the

Fourteenth Amendment to the United States Constitution in order for a state to deprive a person of real property at a delinquent tax sale is *Jones v. Flowers*, 547 U.S. \_\_\_\_, 126 S. Ct. 1708 (2006). The Court held that when attempted notice of tax sale redemption rights is sent by certified mail and returned unclaimed, additional steps must be taken, such as: (1) Notice of tax sale redemption rights must be sent by regular mail, as well as certified mail; (2) notice of tax sale redemption rights must be posted on improved property; and (3) notice of tax sale redemption rights must be mailed addressed to "Occupant" at the address of the property that is the subject of the delinquent tax sale.

The notice provisions of Section 140.405, RSMo, have not yet been amended by the General Assembly to incorporate the ruling in *Jones v. Flowers*. No assertions that notice of tax sale redemption rights were not sent to the last known available address of any party or that any such notices were not received or of any *Jones v. Flowers* claims exist in this case.

If proper notice is given (and all other procedural requirements are met), under Section 140.420, RSMo, the grantee of a collector's deed issued under the Jones-Munger Act is vested with an absolute estate in fee simple free and clear of:

    A.    Any unrecorded interests in the property under Section 140.330.1, RSMo (*see, e.g,, Trailwoods Homeowners' Association v. Scott,* 938 S.W.2d 669 (Mo. App., E.D. 1997) (adverse possession claims do not survive a delinquent tax sale under the Jones-Munger Act); and

    B.    Any publicly recorded deed of trust, mortgage, lease, lien or claim upon the property that is "forever barred" under Section 140.405, RSMo.

Collectors' deeds under the Jones-Munger Act are specifically made subject to:

11

A.  All claims for unpaid taxes, except such unpaid taxes existing at the time of the purchase of said lands and the lien for which taxes was inferior to the lien for taxes for which said tract or lot of land was sold under Section 140.420, RSMo; and

B.  Valid recorded covenants running with the land and to valid easements of record or in use under Section 140.722, RSMo.

### III.

### THE COLLECTOR'S DEED IN FAVOR OF PLAINTIFF IS PRIMA FACIE EVIDENCE OF GOOD AND VALID TITLE IN PLAINTIFF, UNENCUMBERED BY ANY INTEREST OF DEFENDANTS; HOWEVER, THE DEFENDANTS HAVE THE RIGHT TO ATTEMPT TO OVERCOME THIS PRIMA FACIE EVIDENCE OF REGULARITY IN THE ISSUANCE OF THE COLLECTOR'S DEED BY OFFERING THEIR OWN EVIDENCE AT VARIANCE WITH THE TITLE.

Section 140.420, RSMo, provides that collector's deeds issued under the provisions of the Jones-Munger Law, Chapter 140, RSMo, "shall vest in the grantee an absolute estate in fee simple, subject, however, to [certain encumbrances not relevant here]". Section 140.460.2, RSMo, provides that such Collector's Deeds "shall be prima facie evidence that the property conveyed was subject to taxation at the time assessed, that the taxes were delinquent and unpaid at the time of sale, of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, that said land or lot had not been redeemed and that the period therefore had elapsed, and prima facie evidence of a good and valid title in fee simple in the grantee of said deed".

In *Stadium West Properties v. Johnson,* 133 S.W.3d 128 (Mo. App., W.D. 2004), the Court stated:

At the outset, we note that a tax deed which has been properly

"recorded in the recorder's office before delivery" as provided in § 140.460.1, RSMo 2000, is to be considered "prima facie evidence . . . of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, . . . and prima facie evidence of a good and valid title in fee simple in the grantee of said deed[.]" § 140.460.2, RSMo 2000. As the Missouri Supreme Court observed in *Mitchell v. Atherton*, 563 S.W.2d 13, 17-18 (Mo. banc 1978), this means that such a deed is also "prima facie evidence of notice in compliance with the law because notice and sale would be `prior proceedings' under sec. 140.460." Of course, this does not prevent an opposing party from attempting to overcome this prima facie evidence of regularity by offering its own evidence at variance with the title, id. at 18, which is exactly what Stadium West did here. *See, e.g., Nole v. Wenneker*, 609 S.W.2d 212, 215 (Mo. App. W.D. 1980).

133 S.W.3d at 136 (footnote omitted).

The Collector's Deed purporting to convey same to Plaintiff is *prima facie* evidence of good and valid title in fee simple in Plaintiff, unencumbered by any interest, deed of trust, mortgage, lease, lien, claim, title, or estate of Defendants. This, however, does not prevent Defendants from offering their own evidence at variance with the title in favor of Plaintiff. Defendant Glen L. Crouther has failed to respond to Plaintiff's First Amended Motion for Summary Judgment and has offered no evidence to rebut the statutory presumption of regularity in Section 140.460, RSMo. Defendant Ocwen challenges the validity of the Collector's Deed on the following grounds: (1) Defendant Ocwen argues that Plaintiff failed to comply with Section 140.405, RSMo, and thus lost all interest in the Property by failing to provide MERS with any tax sale redemption notice; and (2) Defendant Ocwen argues that Plaintiff failed to comply with Section 140.405, RSMo, and thus lost all interest in the Property by giving BNC Mortgage, Inc. a tax sale redemption notice that incorrectly stated the duration of that party's tax sale redemption rights.

## IV.

### DEFENDANT GLEN L. CROUTHER HAS FAILED TO PRODUCE ANY EVIDENCE AT VARIANCE WITH THE TITLE AS SHOWN BY THE COLLECTOR'S DEED, AND THE PRIMA FACIE EVIDENCE OF GOOD AND VALID TITLE IN FAVOR OF PLAINTIFF SHOWN BY THE COLLECTOR'S DEED HAS NOT BEEN OVERCOME AS TO DEFENDANT GLEN L. CROUTHER.

Defendant Glen L. Crouther has failed to respond to Plaintiff's First Amended Motion for Summary Judgment. Under Missouri Supreme Court Rule 74.04(c), the failure of Defendant Glen L. Crouther to respond to the statement of uncontroverted facts in Plaintiff's First Amended Motion for Summary Judgment acts as an admission of those facts, including the issuance of the Collector's Deed. Plaintiff's First Amended Motion for Summary Judgment is granted as to Defendant Glen L. Crouther.

## V.

### DEFENDANT OCWEN DOES NOT HAVE STANDING TO CHALLENGE THE COLLECTOR'S DEED BASED ON ANY PURPORTED NONCOMPLIANCE WITH SECTION 140.405, RSMO, BECAUSE DEFENDANT OCWEN WAS NOT ENTITLED TO NOTICE UNDER SECTION 140.405, RSMO, AND IS NOT WITHIN THE CLASS OF PERSONS ENTITLED TO PROTECTION UNDER SECTION 140.405, RSMO.

In *Glasgow Enterprises, Inc. v. Bowers,* 196 S.W.2d 625 (Mo. App., E.D. 2006), the Court interpreted Section 140.405, RSMo, as requiring tax sale redemption notices to be sent to those parties having a publicly recorded interest in the real estate as of the beginning of the ninety-day redemption period provided by that statute. Because the appellants in the *Bowers* decision had acquired their interest in the subject property after the beginning of the redemption period, they were not entitled to notice under Section 140.405, RSMo. Likewise, in this case, Defendant Ocwen

*14*

acquired its interest in the subject property not only after the redemption period began but after the Collector's Deed had been issued. Defendant Ocwen was not entitled to notice under Section 140.405, RSMo. Further, Defendant Ocwen acquired its interest in the Property with at least constructive knowledge of the issuance of the Collector's Deed under the Missouri Recording Act (Sections 442.380 to 442.400, RSMo). Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HEI, the entity that Ocwen Loan Servicing LLC acts as servicer or agent for in holding title to the Deed of Trust, must be presumed to have known of the issuance of the Collector's Deed under the Missouri Recording Act, but said entity acquired the Deed of Trust despite this constructive notice. The Court finds that Defendant Ocwen does not have standing to challenge this Collector's Deed. However, as an alternative basis for this Court's ruling, the Court has examined the merits of Defendant Ocwen's arguments as follows:

## VI.

### MERS IS NAMED AS A NOMINEE AND BENEFICIARY UNDER THE DEED OF TRUST AND CANNOT BE BOTH BENEFICIARY AND NOMINEE OF THE DEED OF TRUST UNDER MISSOURI LAW; THEREFORE, MERS WAS NOT ENTITLED TO NOTICE UNDER SECTION 140.405, RSMO.

The Deed of Trust in question identifies MERS as the beneficiary of the Deed of Trust, and *Glasgow Enterprises, Inc. v. Kusher*, 231 S.W.3d 201, 204-205 (Mo. App., E.D. 2007), holds that tax sale redemption notices must be sent to the beneficial owner of the Deed of Trust.

In *Prindable v. Walsh*, 69 S.W.3d 912, 913 (Mo. App., E.D. 2002), the Court stated:

> The term "nominee" has an established meaning in the law of securities. See definition in Black's Law Dictionary, 7th Edition 1999, definition of "nominee: . . .2. A person who holds bare legal title for the benefit of others or who receives and distributes funds for the

benefit of others. . ." Most corporate shares, indeed, are probably issued in the names of nominees. The typical example is the conventional brokerage account. *If a person is a nominee for another, the nominee is not the beneficial owner.*

(Emphasis added.)

In this case, the Deed of Trust identifies MERS as a beneficiary of the Deed of Trust and also states that MERS is acting solely as a nominee for Lender and Lender's successors and assigns. These are inconsistent statements under Missouri law, as MERS cannot be both the beneficiary of the Deed of Trust and the nominee of another who is holding bare legal title to the Deed of Trust for another beneficiary. Under Missouri law, the Deed of Trust's designation of MERS as both a beneficiary of the Deed of Trust and as a nominee holding bare legal title to the Deed of Trust is ambiguous if not inconsistent or contradictory.

Looking to the *Kusher* case for guidance, the Court finds that it was held that sending tax sale redemption notices to the trustee of a deed of trust was not in compliance with Section 140.405, RSMo, as the trustee of a deed of trust holds bare legal title to the security interest for the benefit of the beneficiary, but the trustee is not the holder of the deed of trust for purposes of Section 140.405, RSMo. *Compare Lohr v. Cobur Corporation*, 654 S.W.2d 883, 887 (Mo. banc 1983) (Blackmar, J., concurring) (asking the question answered by *Kusher* as to whether the trustee under a deed of trust is entitled to tax sale redemption notices).

By analogy, this Court cannot conclude that a nominee holding bare legal title for the benefit of others is the holder of a deed of trust entitled to tax sale redemption notices. If a trustee serving under the Deed of Trust and to whom legal title has been transferred is not a party to whom notice of tax sale redemption rights must be given under Section 140.405, RSMo, as was held in *Kusher*, a

16

nominee holding bare legal title to the beneficial interest under the deed of trust is not the holder of the deed of trust for purposes of Section 140.405, RSMo.

The Court concludes that MERS is acting solely as nominee for the Lender, BNC Mortgage, Inc., and its successors and assigns, and that the designation of MERS as beneficiary in the Deed of Trust means that MERS holds bare legal title of the beneficial interest of the Deed of Trust for the benefit of BNC Mortgage, Inc., the then-actual beneficial owner of the Deed of Trust.

Based upon the foregoing, the Court concludes that MERS is not a necessary or indispensable party to these proceedings, and that MERS did not hold a publicly recorded deed of trust encumbering the Property within the meaning of the word "holds" as used in Section 140.405, RSMo, and that Section 140.405, RSMo, does not require that notice be sent to MERS.

## VII.

### THE NOTICE OF TAX SALE REDEMPTION RIGHTS SENT TO BNC MORTGAGE, INC. DOES NOT INCORRECTLY STATE THE DURATION OF THE REDEMPTION RIGHTS OF BNC MORTGAGE, INC.

Defendant Ocwen, relying on *Valli v. Glasgow Enterprises, Inc.,* 204 S.W.3d 273 (Mo. App., E.D. 2006), argues that the language of the May 12, 2006 tax sale redemption notice sent to BNC Mortgage, Inc., does not comply with Section 140.405, RSMo, because said notice purportedly incorrectly states the duration of the tax sale redemption period, purportedly on the basis that said notice of tax sale redemption rights states that the tax sale redemption period begins on receipt of the tax sale redemption letter and not when an affidavit is filed with the Jefferson County Collector of Revenue stating that proper notice has been given. In *Valli v. Glasgow Enterprises, Inc.*, 204 S.W.3d 273, 276 (Mo. App., E.D. 2006), the Court interpreted Section 140.405, RSMo, as follows:

17

This Section, as a prerequisite to an application for a Collector's Deed, imposes on purchasers several distinct notice requirements. First, this Section identifies who must be notified, that is, "any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon th[e] real estate" in question, "including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale." Second, this Section provides for how notice is to be provided, that is, "by certified mail ... at such person's last known available address." Third, this Section provides when notice must be sent, that is, "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed." Finally, this Section identifies what such persons are entitled to be notified of, that is, of their right to "redeem said property" within ninety days from the date the county collector receives an affidavit from the purchaser that "proper notice has been given," or such party will "be forever barred from redeeming said property."

Defendant Ocwen argues that the May 12, 2006 redemption notice fails to comply with the interpretation of Section 140.405, RSMo, found in *Valli*.

The *Valli* decision does not specifically state whether the property at issue in that case was sold at a third offering delinquent tax sale or a first or second offering delinquent tax sale.

Based upon the following analysis, this Court concludes that *Valli* may be an accurate interpretation of Section 140.405, RSMo, as that statute applies to third offering delinquent tax sales, but *Valli* does not correctly state the law applicable to first or second offering delinquent tax sales, such as is the circumstance here.

Section 140.405, RSMo, currently states:

Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. *At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease,*

*lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.* Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate. *If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this section.   Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property.* If the county collector chooses to have the title search done then the county collector must comply with all provisions of this section, and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to section 140.420.

(Emphasis added.)  Elsewhere in this Judgment the first italicized sentence is sometimes referred to as the "At Least 90-day Provision" and the second set of italicized sentences are sometimes referred to as the "90-day Provision".

Since its original enactment in 1984, Section 140.405, RSMo, has undergone amendments in 1987, (House Bill No. 283, 1987 Mo. Laws 542), 1996 (House Committee Substitute for Senate Bill No. 914, 1996 Mo. Laws 268), 1998 (Conference Committee Subsitute #2 for House Committee Substitute for Senate Bill No. 778, 1998 Mo. Laws 1367), and 2003 (House Committee Substitute for Senate Committee Substitute for Senate Bill No. 295, 2003 Mo. Laws 965).

The Jones-Munger Act was originally enacted in 1933.  Beginning in 1939 through the effective date of the enactment of Senate Bill No. 707 in 1984, there was no right of redemption after a third offering delinquent tax sale. *M & P Enterprises, Inc. v. Transamerica Financial Services,*

944 S.W.2d 154, 157 (Mo. banc 1997). As originally enacted in 1984, Section 140.405, RSMo, was

interpreted as giving tax sale redemption rights to parties interested in properties sold at third sale.

*Russo v. Kelm,* 835 S.W.2d 568 (Mo. App., E.D. 1992). Because trustees appointed by the relevant

county under Section 140.260, RSMo, purchase properties sold at third offering delinquent tax sales,

Section 140.405, RSMo, as originally enacted in 1984, required county trustees to provide notice to

those entitled under Section 140.405, RSMo, when a county trustee purchased property at a third

offering delinquent tax sale. *Russo,* 835 S.W.2d at 570.

The 1987 amendments to Sections 140.250 and 140.405, RSMo, eliminated the right of

redemption of parties interested in properties sold at a third offering delinquent tax sale and

concomitantly eliminated the obligation of county trustees to provide tax sale redemption notices to

those interested in properties sold at third offering delinquent tax sales. *M & P Enterprises, Inc. v.*

*Transamerica Financial Services,* 944 S.W.2d 154, 157 (Mo. banc 1997). In particular, the Court in

the *M & P Enterprises, Inc.* case held that the "At Least 90-day Provision" in Section 140.405,

RSMo, applies to first or second offering delinquent tax sales where a certificate of purchase has

been issued and a collector's deed is issued under Section 140.420, RSMo, and the Court specifically

held that the "At Least 90-day Provision" does not apply when a collector's deed is issued after a

third offering delinquent tax sale (where no certificate of purchase is issued) under Section 140.250,

RSMo.

In apparent response to the *M & P Enterprises, Inc.* case, the General Assembly amended

Section 140.405, RSMo, in 1998, to provide parties interested in properties sold at third offering

delinquent tax sales a ninety-day right of redemption by enacting what the Court has designated as

the "90-day Provision".

Although it would have been much less confusing if the General Assembly had specifically stated in the second sentence of the "90-day Provision" that the "90-day Provision" applies only to purchasers at third offering delinquent tax sales, the differences between the "At Least 90-day Provision" and the "90-day Provision" make it clear that the "90-day Provision" applies only to third offering delinquent tax sales.

The "90-day Provision" requires the filing of an affidavit of proper notice with the county collector. The "At Least 90-day Provision" has no requirement for filing such an affidavit. The affidavit is important in the "90-day Provision", as the filing of the affidavit commences the 90-day redemption period applicable to third offering sales. The right of redemption from third offering delinquent tax sales exists solely by virtue of the 1998 amendment to Section 140.405, RSMo, and did not exist prior to that time, except for a limited period from 1984 through 1987. The redemption period applicable to first or second offering delinquent tax sales is dependent upon the interaction of various laws, including Section 140.405, RSMo, in creating redemption rights for those interested in properties sold at first or second offering delinquent tax sales, such as Section 140.340, RSMo (which creates an absolute one-year period for redemption), Section 140.410, RSMo (which requires the collector's deed to be issued within two years of the issuance of the certificate of purchase or else the certificate of purchase expires), 26 U.S.C. Section 7425 (giving the Internal Revenue Service a redemption period of 120 days), as well as the "At Least 90-day Provision" of Section 140.405, RSMo.

In this case the tax sale redemption notice was mailed on May 12, 2006, with respect to property that was sold on August 22, 2005. Under Section 140.340, RSMo, the first day the property was eligible for issuance of a collector's deed was August 23, 2006. The period from May 12, 2006,

to August 23, 2006 is more than ninety days. Use of the notice required by the *Valli* decision would have incorrectly stated the redemption period in this case.

Under the "At Least 90-day Provision" of Section 140.405, RSMo, tax sale redemption notices must be sent at least ninety days prior to the date when a purchaser is authorized to acquire the deed. In large part, the tax sale purchaser determines when the purchaser is authorized to acquire the deed. *Boston v. Williamson*, 807 S.W.2d 216, 218 (Mo. App., W.D. 1991). For example, a collector's deed is not authorized to be issued until subsequent taxes are paid, Section 140.440, RSMo, the original of the certificate of purchase is produced to the collector of revenue, Section 140.420, RSMo, the recording fee for the collector's deed is paid to the collector, Section 140.460, RSMo, as well as the provision of notice of tax sale redemption rights under Section 140.405, RSMo. Within the one-year and two-year parameters established by Sections 140.340 and 140.410, RSMo, the purchaser at a first or second offering sale has wide latitude in determining when the deed is authorized to be issued. In this case, the Collector's Deed was not issued until September 19, 2006, even though the earliest date that the certificate holder might have become eligible to obtain a collector's deed was August 23, 2006. In this case, the redemption period was longer than ninety days, which is accommodated by the "At Least 90-day Provision". The "90-day Provision" makes sense only if it is applied to third offering delinquent tax sales, which have no redemption period other than that provided by Section 140.405, RSMo.

The purpose of the 1998 amendment to Section 140.405, RSMo, appears to have been the legislative reversal of the *M & P Enterprises, Inc.* case, not application of the 90-day redemption period to first and second offering delinquent tax sales. If the language of the *Valli* decision were applied to first and second delinquent tax sales, it would be possible for a tax sale purchaser to

22

purchase a certificate in August of a particular year and then provide the 90-day redemption notice required by the "90-day Provision" the very next day after the tax sale purchase without waiting for the expiration of the one-year redemption right provided by Section 140.340, RSMo. The Court is not convinced that the 1998 amendment to Section 140.405, RSMo, was intended to be an implied repeal of the one-year redemption period in Section 140.340, RSMo, or the two-year expiration period provided by Sections 140.410, RSMo. The "At Least 90-day Provision" in Section 140.405, RSMo, accommodates the actual redemption period for first and second offering delinquent tax sales.

The "At Least 90-day Provision" merely requires the tax sale purchaser to inform interested parties of their right to redeem their publicly recorded security or claim. The May 12, 2006 letter adequately informed BNC Mortgage, Inc. of its right to redeem its security or claim to the Property. There is no duty created by the "At Least 90-day Provision" of Section 140.405, RSMo, to inform the addressee of the duration of their tax sale redemption rights.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Robert Bellistri is vested with fee simple title in and to the real property and the improvements thereon, if any, located in the County of Jefferson, in the State of Missouri, commonly known as 1210 Airglades, Arnold, Missouri 63010, and more particularly described as follows:

> All of Lot Fifty-six (56) of BAYSHORE NORTH PLAT ONE, a Subdivision in U.S. Survey 2020, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri in Plat Book 40, Pages 13 and 14.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following Defendants have no right, title, claim, estate or interest in said real estate or any lien or encumbrance thereon whatsoever, either legal or equitable, to-wit: Defendants GLEN L. CROUTHER, OCWEN LOAN

SERVICING, LLC, as agent and servicer for DEUTSCHE BANK NATIONAL TRUST

COMPANY, as Trustee for the registered holders of the CDC MORTGAGE CAPITAL TRUST

2002-HE1, and all unknown and unnamed persons or entities who are the heirs, grantees or

successors of Glen L. Crouther, BNC Mortgage, Inc., or any persons or entities who have, or claim to

have, or appear of record as having, an interest, deed of trust, mortgage, lease, lien, claim, title, or

estate in the real property and the improvements thereon, if any, located in the County of Jefferson,

in the State of Missouri, commonly known as 1210 Airglades, Arnold, Missouri 63010, and more

particularly described as:

All of Lot Fifty-six (56) of BAYSHORE NORTH PLAT ONE, a Subdivision in U.S. Survey 2020,
as shown by plat on file in the Recorder's Office of Jefferson County, Missouri, in Plat Book 40,
Pages 13 and 14.

    IT IS FURTHER ORDERD, ADJUDGED AND DECREED that Plaintiff have possession of

the real estate described herein, and that execution may issue therefore upon application of Plaintiff.

    Plaintiff shall cause a certified copy of this Default Judgment of this Court to be recorded in

the Office of the Recorder of Deeds of Jefferson County, Missouri, pursuant to Section 511.320,

RSMo.

    Costs are hereby taxed against Plaintiff.

    SO ORDERED, DECREED AND ADJUDGED this 1st day of May,

2008, by

                                          _____
                                          The Honorable Mark T. Stoll,
                                          Circuit Judge

Copy to Phillip K. Gebhardt, Attorney for Plaintiff
Copy to Jeffrey T. Weisman and Blake D. Hill, Attorney for Ocwen Loan Servicing LLC, as agent and servicer for Deutsche Bank National Trust
        Company, as Trustee for the registered holders of the CDC MORTGAGE CAPITAL TRUST 2002-HE1
Copy to Richard A. Gartner, Attorney for Plaintiff Glen L. Crouther
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Judgment
File No. 06-348-L-5352
Pkg

I certify and attest that the above is a true copy of the original record of the Court in case number *06JE-CC00893* as it appears on file in my office.

MAY 0 2 2008

Issued_____

**Howard Wagner**, Circuit Clerk
Jefferson County Circuit Court



By_____
Deputy Clerk



FILED

JUN 2 7 2008

HOWARD WAGNER
CIRCUIT CLERK

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI                     )
                                     )
            Plaintiff,               )
                                     )        Cause No. 06JE-CC893J4
v.                                   )
                                     )
GLEN CROUTHER, et.al.                )        [E.D. # 91369]
                                     )
            Defendants.              )

LEGAL FILE INDEX
CERTIFICATE OF SERVICE

Comes Now Defendant/Appellant Ocwen Loan Servicing, LLC and pursuant to Rule

81.12(d) files the attached Legal File Index (Exhibit A).  A True and correct copy of the entire

legal file was mailed this 26th day of June 2008 postage-prepaid to:

1.      Phillip Gebhardt, Attorney for Plaintiff/Respondent Robert Bellistri, 1270 North

        Main Street, Desoto MO  63020, pkgmag@swbell.net.


                              SHAPIRO & WEISMAN, LC

                              JEFFREY T. WEISMAN, #34075
                              BLAKE D. HILL, #58926
                              Attorneys for Separate Defendant/Appellant Ocwen
                              502 Earth City Expressway, Ste. 317
                              Earth City MO  63045
                              314-770-2120 ext. 101
                              314-770-1850
                              S&W 07-2145
                              bhill@logs.com

# LEGAL FILE INDEX

| Document | Page |
|---|---|
| Circuit Court Docket Sheet | 1 |
| Plaintiff's First Amended Motion for Summary Judgment | 7 |
| Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment | 11 |
| Separate Defendant Ocwen's Motion for Summary Judgment | 16 |
| Defendant Ocwen's Statement of Uncontroverted Material Facts | 18 |
|     Exhibit B-SJ1 (Deed of Trust) | 20 |
|     Exhibit SJ-2 (Bellistri's Response to Ocwen's Requests for Admissions) | 36 |
|     Exhibit SJ-3 (Affidavit of Defendant Ocwen) | 41 |
|     Exhibit SJ-4 (5/12/06 Letter from Bellistri to BNC Mortgage) | 43 |
|     Exhibit SJ-5 (Assignment of Deed of Trust) | 44 |
|     Exhibit SJ-6 (§ 140.405 R.S.Mo.) | 46 |
|     Exhibit SJ-7 (Collector's Deed) | 47 |
|     Exhibit SJ-8 (Certified Mail Tracking Receipt) | 49 |
| Reply to Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment | 50 |
| Response to Separate Defendant Ocwen's Motion for Summary Judgment and Legal Memorandum in Opposition to Said Motion for Summary Judgment | 59 |
| Judgment | 69 |
| Notice of Appeal | 93 |



PATRICIA L. COHEN
CHIEF JUDGE

KATHIANNE KNAUP CRANE
JUDGE
CLIFFORD H. AHRENS
JUDGE
ROBERT G. DOWD, JR.
JUDGE
MARY K. HOFF
JUDGE
LAWRENCE E. MOONEY
JUDGE
SHERRI B. SULLIVAN
JUDGE
GEORGE W. DRAPER III
JUDGE
GLENN A. NORTON
JUDGE
BOOKER T. SHAW
JUDGE
NANNETTE A. BAKER
JUDGE
KENNETH M. ROMINES
JUDGE
ROY L. RICHTER
JUDGE
KURT S. ODENWALD
JUDGE

DOUGLAS R. BADER
COURT ADMINISTRATOR
AND COUNSEL

LAURA THIELMEIER ROY
CLERK OF COURT
(314) 539-4300
FAX NO.: (314) 539-4324
WEBSITE: WWW.COURTS.MO.GOV

# Missouri Court of Appeals

EASTERN DISTRICT
ONE POST OFFICE SQUARE
815 OLIVE STREET
ST. LOUIS, MISSOURI  63101

**FILED**

JUN 0 3 2008

HOWARD WAGNER
CIRCUIT CLERK

JUNE 02, 2008

HOWARD WAGNER
P.O. BOX 100
HILLSBORO, MO 63050

RE:   APPEAL NO. ED91369, JEFFERSON COUNTY CIRCUIT COURT, CIR.CT. # 06JE-
      CC00893, ROBERT BELLISTRI, RES V OCWEN LOAN SERVICING, APP

Dear Clerk:

        I hereby acknowledge receipt of the Notice of Appeal along with the following:

_X_ Certification that Docket Fee Has Been Paid         ___ Forma Pauperis Order
_X_ Completed Case Information                          ___ No Docket Fee Due
        Form with all attachments                      ___ Copy of Bond

        If the record on appeal is composed of the transcript and legal file, it is due within ninety days of filing the Notice of Appeal with the Clerk of the Circuit Court. If the record is composed solely of the legal file, it is due within thirty days of filing the Notice of Appeal.

        The person listed on the Notice of Appeal for each party-respondent shall be considered the attorney of record for that party.  They are the only individuals who will receive notification from this court after this letter.  Therefore, the Attorney of Record for any party with more than one counsel has the responsibility of notifying co-counsel of any action taken by the Court.  If the Notice of Appeal does not accurately reflect the Attorney of Record for a party to the appeal, please notify this office in writing immediately.

        You may follow the progress of your case electronically on case.net at www.courts.mo.gov

                                        Very truly yours,
                                        LAURA THIELMEIER ROY, CLERK


                                        Tabitha Rasnic, Deputy Clerk

PHILLIP GEBHARDT
BLAKE HILL
JEFFREY WEISMAN



# *COUNTY OF JEFFERSON*
# STATE OF MISSOURI

**HOWARD WAGNER**
Clerk of the Circuit Court



P.O. Box 100
Hillsboro MO 63050
(636) 797-5443
Fax No. (636) 797-5073

May 29, 2008

Clerk of Missouri Court of Appeals
One Post Office Square
815 Olive Street, Room 304
St. Louis MO  63101

RE: Robert Bellistri vs. Glen l. Crouther et. Al.
    06JE-CC00893

Dear Clerk:

      Enclosed please find Notice of Appeal to Missouri Court of Appeals, Eastern District.

      Thank you for your services.

Very truly yours,

Jennifer Rollins
Deputy Clerk

Encs.

cc: File



# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>**Mark Stoll, Division 4** | Case Number:<br>**06JE-CC00893** | |
|---|---|---|
| Plaintiff/Petitioner:<br><br>**ROBERT BELLISTRI**<br><br><br>vs. | Appellate Number: | ☐ Filing as an Indigent |
| | Court Reporter:<br>*Peggy Datillo* | ☐ Sound Recording Equipment |
| | Reporter's Telephone:<br>*(636) 797 5421* | Number of Days of Trial:<br>**1** |
| Defendant/Respondent:<br><br>**GLEN L. CROUTHER ET. AL.** | Date of Judgment/Sentence:<br>**May 1, 2008**  (Attach a copy) | Date Post Trial Motion Filed:<br>**Not applicable.** |
| | Date Ruled Upon: **May 1, 2008** | *May 29, 2008*     (Date File Stamp) |

FILED

MAY 29 2008

HOWARD WAGNER
CIRCUIT CLERK

## Notice of Appeal

☐ Supreme Court of Missouri   Court of Appeals:   ☐ Western   ☒ **Eastern**   ☐ Southern

Notice is given that **Ocwen Loan Servicing, LLC** appeals from the judgment/decree entered in this action on **May 1, 2008**.

**Complete if Appeal is to Supreme Court of Missouri**
Jurisdiction of the Supreme Court is based on fact that this appeal involves:
(Check appropriate box)
 ☐ The validity of a treaty or statute of the United States    ☐ The title to any state office in Missouri
 ☐ The punishment imposed is death    ☐ The construction of the revenue laws of Missouri
 ☐ The validity of a statute or provision of the Constitution of Missouri
 If the basis of jurisdiction is validity of a United States treaty or statute, the validity of a Missouri statute or Constitutional provision or construction of Missouri revenue laws, a concise explanation, together with suggestions, if desired, is required.  This may be filed as part of or with this notice of appeal or, in the alternative, may be filed within ten days after the notice of appeal is filed by filing it directly with the Clerk of the Supreme Court.  See Rule 81.08(b) and (c) and Rule 30.01(f) and (g).

| Appellant's Attorney/Bar Number<br>**Blake D. Hill, MBE #58926**<br>**Jeffrey T. Weisman, MBE # 34075** | Respondent's Attorney(s)/Bar Number(s)<br>(If multiple, list all or attach additional sheets)<br>**Phillip Gebhardt, MBE # 29569** |
|---|---|
| Address<br>**Shapiro & Weisman, LC**<br>**502 Earth City Expressway, Suite 317**<br>**Earth City, Missouri 63045** | Address<br>**Gebhardt Real Estate and Legal Services, LLC**<br>**1720 North Main Street**<br>**Desoto, Missouri 63020** |
| Telephone  (314)770-2120  ext. 102 Fax (314)770-1850 | Telephone (636)586-4545 Fax (636)586-3504 |
| Appellant's Name<br>**Ocwen Loan Servicing, LLC** | Respondent's Name<br>**Robert Bellistri** |
| Address<br>1675 Palm Beach Lakes Blvd, Ste 500A, West Palm Beach, FL 33401 | Address<br>5224 Country Club Drive, High Ridge, Mo 63049 |
| Telephone<br>**(314)770-2120** | Telephone<br>**(636) 586-4545** |

| Brief Description of Case |
|---|
| **Plaintiff Bellistri filed a Quiet Title action pursuant to a Collector's Deed obtained after purchasing subject real estate at a tax sale.  Defendant Ocwen is the last assignee to and current holder of a Deed of Trust on the property. Defendant/Appellant contends that the Collector's Deed is invalid because Plaintiff/Resopndent failed to comply with the statutory requirements of Ch. 140 R.S.Mo., specifically as to notice of redemption.** |

| Date of Appeal Bond | Amount of Bond | ☐ Bond Attached |
|---|---|---|
| Signature of Attorney or Appellant | | Date<br>*5/28/2008* |

OSCA (02-02) CR120                              1 of 2                              Rules 30.01, 81.08, 512.070 RSMo

### Notice to Appellant's Attorney

Local rules may require supplemental documents to be filed.  Please refer to the applicable rule for the district in which the appeal is being filed and forward supplements as required.

### Directions to Clerk

Serve a copy of the notice of appeal in a manner as prescribed by Rule 43.01 on the attorneys of record of all parties to the judgment other than those taking the appeal and on all other parties who do not have an attorney.  (A copy of the notice of appeal is to be sent by registered or certified mail to the Attorney General when the appeal involves a felony.)  Transmit a copy of the notice of appeal to the clerk of the Appellate/Supreme Court.  If a party does not have an attorney, mail the notice to the party at his/her last known address.  Clerk shall then fill in the memorandum below.  (See Rules 81.08(d) and 30.01 (h) and (i).)  Forward the docket fee to the Department of Revenue as required by statute.

### Memorandum of the Clerk

I have this day served a copy of this notice by ☐ regular mail ☐ registered mail ☒ certified mail ☐ facsimile transmission to each of the following persons at the address stated below.  If served by facsimile, include the time and date of transmission and the telephone number to which the document was transmitted.

_____          _____

_____          _____

_____   **GEBHARDT REAL ESTATE AND LEGAL SERVICES, LLC**   _____
                                **PHILLIP GEBHARDT**
_____   **1720 NORTH MAIN STREET**         _____
                                **DESOTO MO 63020**

_____          _____

I have also transmitted a copy of the notice of appeal to the clerk of the

☐ Supreme Court       ☒ Court of Appeals, _Eastern_____ District

☒ Docket fee in the amount of $ _70.00_ has been received by this clerk which will be disbursed as required by statute.

☐ A copy of an order granting leave to appeal as indigent.

_Howard W Wagner_____
                         Clerk

_May 29, 2008_____
    Date       By: _Jennifer Rollins_____
                               Deputy Clerk

# IN THE MISSOURI COURT OF APPEALS
## EASTERN DISTRICT

APPEAL NO. _____

### CIVIL CASE INFORMATION FORM
(This form must be filed with the Notice of Appeal with the Circuit Clerk)

List every party involved in the case, indicate the position of the party in the circuit court (e.g. plaintiff, defendant, intervenor) and in the Court of Appeals (e.g. appellant or respondent) and the name of the attorney of record, if any, for each party. Attach additional sheets to identify all parties and attorneys if necessary.

| Party | Attorney |
|-------|----------|
| Ocwen Loan Servicing, LLC | Jeffrey Weisman #34075/ Blake Hill #58926 |
| | Name                    Bar No. |
| Defendant | 502 Earth City Expy, Suite 317 |
| | Address |
| Appellant | Earth City, Missouri 63045 |
| | City, State, Zip Code |
| | (314)770-2120 |
| | Phone Number |
| v. | Shapiro & Weisman, LC |
| | Law Firm or Office |
| ROBERT BELLISTRI | Phillip Gebhardt #29569 |
| | Name Bar No. |
| Plaintiff | 1720 North Main Street |
| | Address |
| Respondent | Desoto, Missouri 63020 |
| | City, State, Zip Code |
| | (636)586-4545 |
| | Phone Number |
| | Gebhardt Real Estate and Legal Services, LLC |
| | Law Firm or Office |

The Record on Appeal will consist of:
   X   **Legal File** only or _____ Legal File and Transcript

ATTACH A COPY OF THE JUDGMENT OR ORDER APPEALED.

A BRIEF STATEMENT OR DESCRIPTION OF THE CASE (Any monetary awards shall be set forth. Attach one additional page, if necessary.)

**Plaintiff Bellistri filed a Quiet Title action pursuant to a Collector's Deed obtained after purchasing subject real estate at a tax sale.  Defendant Ocwen is the last assignee and current holder of a Deed of Trust on the property.  Defendant/Appellant contends that the Collector's Deed is invalid because Plaintiff/Resopndent failed to comply with the statutory requirements of Ch. 140 R.S.Mo., specifically as to notice of redemption.**

ISSUES EXPECTED TO BE RAISED ON APPEAL (Attach one additional page, if necessary. Appellant is not bound by this list. Attach copy of post-trial motion, if one was filed.)

**Whether the Circuit Court erred in holding that: (1) Defendant Ocwen lacks standing to challenge the collector's Deed; (2)MERS, though named as a beneficiary on the Deed of Trust was not entitled to notice under 140.405 R.S.Mo.; and (3) Defendant/Appellant Ocwen reserves all other issues ruled upon for appeal.**

A COPY OF THIS FORM AND ATTACHMENTS MUST BE SERVED ON THE RESPONDENT.

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

ROBERT BELLISTRI,                                )
                                                 )
            Plaintiff,                           )
                                                 )
v.                                               )      Case No. 06JE-CC00893
                                                 )
GLEN L. CROUTHER, and                            )      Division 4
                                                 )
OCWEN LOAN SERVICING, LLC, as agent and          )
servicer for DEUTSCHE BANK NATIONAL              )
TRUST COMPANY, as Trustee for the registered     )
holders of the CDC MORTGAGE CAPITAL              )
TRUST 2002-HE1, and                              )
                                                 )
All unknown and unnamed persons or entities who  )
are the heirs, grantees or successors of         )
Glen L. Crouther, BNC Mortgage, Inc., or any     )
persons or entities who have, or claim to have, or )
appear of record as having, an interest, deed of )
trust, mortgage, lease, lien, claim, title, or estate in )
the real property and the improvements thereon, if )
any, located in the County of Jefferson, in the State )
of Missouri, commonly known as 1210 Airglades,  )
Arnold, Missouri 63010, and more particularly    )
described as:                                    )
                                                 )
All of Lot Fifty-six (56) of BAYSHORE NORTH      )
PLAT ONE, a Subdivision in U.S. Survey 2020, as  )
shown by plat on file in the Recorder's Office of )
Jefferson County, Missouri, in Plat Book 40, Pages )
13 and 14,                                       )
                                                 )
            Defendants.                          )

FILED
APR 0 4 2008
HOWARD WAGNER
CIRCUIT CLERK

~~PROPOSED ~~ JUDGMENT, ORDER AND DECREE GRANTING
PLAINTIFF'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT AND
DENYING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT OCWEN
LOAN SERVICING LLC, AS AGENT AND SERVICER FOR DEUTSCHE BANK
NATIONAL TRUST COMPANY, as Trustee for the registered holders of the CDC
MORTGAGE CAPITAL TRUST 2002-HE1

1

Plaintiff's First Amended Motion for Summary Judgment and the Motion for Summary Judgment of Defendant Ocwen Loan Servicing LLC, as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holder of the CDC Mortgage Capital Trust 2002-HE1 (hereinafter sometimes referred to as "Defendant Ocwen") called for hearing on April 1, 2008. Plaintiff appeared by counsel. Defendant Ocwen appeared by counsel. Defendant Glen L. Crouther appeared not, even though Richard A. Gartner is entered as attorney of record for said Defendant. Arguments were heard on said Motions on April 1, 2008, and the cause was submitted to this Court for determination, subject to the right of Plaintiff to submit a proposed Judgment in this matter, Defendant Ocwen already having submitted same.

## UNCONTROVERTED MATERIAL FACTS

Based upon the motions for summary judgment and the supporting affidavits, documents and discovery provided to the Court, the Court finds the following uncontroverted material facts:

1.  By General Warranty Deed dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012852 of the Jefferson County Land Records, Steven Gaither and Julie Gaither, husband and wife, conveyed the Property, as that term is defined herein, to Defendant Glen L. Crouther (See paragraph 2 of the Affidavit in Support of Plaintiff' Motion for Summary Judgment and the exhibit marked Summary Judgment No. 1, as well as the admission of paragraph 2 of Plaintiff's First Amended Motion for Summary Judgment in Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment.) The subject real estate (hereinafter sometimes referred to as the "Property") is located in Jefferson County, Missouri, commonly known as 1210 Airglades, Arnold, Missouri 63010, and more particularly described as follows:

All of Lot Fifty-six (56) of BAYSHORE NORTH PLAT ONE, a Subdivision in U.S. Survey 2020, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri in Plat Book 40, Pages 13 and 14.

2.  By Deed of Trust dated on or about March 2, 2002, and recorded on or about March 8, 2002, as Document No. 020012853 of the Jefferson County Land Records, Defendant Glen L. Crouther (a single person), as Grantor, conveyed a security interest in the Property to Millsap & Singer, P.C., as Trustee for Mortgage Electronic Registration Systems, Inc., acting solely as nominee for BNC Mortgage, Inc., and its successors and assigns, to secure indebtedness in the amount of $93,595.00 and other charges specified therein (hereinafter sometimes referred to as the "Deed of Trust"). (See paragraph 3 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibits marked Summary Judgment No. 2 and Defendant's Exhibit RSJ-1 and B-SJ1.)

3.  Said Deed of Trust states, in part:

DEFINITIONS

....

(B)  "Borrower" is Glen L. Crouther, a single person, .... Borrower is the trustor under this Security Instrument.

GRANTEE:   BNC MORTGAGE, INC., A DELAWARE CORPORATION

(C)  "Lender" is BNC MORTGAGE, INC. ...

(D)  "Trustee" is Millsap, Singer & Dunn, P.C. ...

(E)  "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. ...

TRANSFER OF RIGHTS IN THE PROPERTY

3

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants, bargains, sells, conveys and confirms to Trustee, in trust, with power of sale, the following described property ....

4. A review of the Deed of Trust indicates that the Lender is granted all substantive rights under the Deed of Trust, and MERS is named therein solely as a nominee of the Lender and Lender's successors and assigns.

5. By Notice of Federal Tax Lien dated on or about March 23, 2005 and recorded on or about March 29, 2005, as Tax Lien No. 23273 of the Jefferson County Land Records, Defendant Internal Revenue Service gave notice of a lien against Defendant Glen L. Crouther in the amount of $25,205.74 and other charges specified therein. (Plaintiff's Summary Judgment Exhibit No. 3, as well as the admission of paragraph 4 of Plaintiff's First Amended Motion for Summary Judgment in Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment.)

6. The Court takes judicial notice that the Internal Revenue Service has filed a disclaimer of interest in the real estate that is the subject of this litigation, and Plaintiff has dismissed the Internal Revenue Service as a Defendant herein as well as BNC Mortgage, Inc., which was originally named as a Defendant herein.

7. A Collector's Deed dated on or about September 19, 2006 and recorded on or about September 19, 2006 as Document No. 2006R-046167 of the Jefferson County Land Records has been issued by Beth Mahn, the Collector of Revenue of Jefferson County, Missouri, to Plaintiff Robert Bellistri (hereinafter sometimes referred to as the "Collector's Deed"). (See paragraph 5 of

4

the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibit marked Summary Judgment No. 4, as well as the limited admission of paragraph 5 of the Plaintiff's First Amended Motion for Summary Judgment in Separate Defendant Ocwen's Response to Plaintiff's Amended Motion for Summary Judgment.)

8.     The August 22, 2005 tax sale pursuant to which Plaintiff obtained the Collector's Deed was not the third such offering by the Jefferson County Collector.  (See Plaintiff's Responses to Defendant Ocwen's Request for Admissions No. 1, Defendant Ocwen's Exhibit RSJ-5).

9.     Plaintiff did not mail by certified mail any notice of any right to redeem, or any other correspondence, to Mortgage Electronic Registration Systems, Inc. ("MERS").  (See Plaintiff's Responses to Defendant Ocwen's Request for Admissions Nos. 5, 6, 8, 13, 14 and Defendant Ocwen's Exhbits RSJ-5 and RSJ-3.)

10.     Plaintiff's letter of May 12, 2006 addressed to BNC Mortgage is the only purported notice of the right to redeem to any person or entity listed on the Deed of Trust, and states in part: "To redeem your security claim, contact, [sic] Beth Mahn, Collector of Revenue, Jefferson County, Missouri @ 636-797-5406 with [sic] 90 days from the date of receipt of this letter." (See Plaintiff's Responses to Defendant Ocwen's Request for Admissions No. 14 and Defendant Ocwen's Exhibits RSJ-6 and RSJ-5.)

11.     By Assignment of Deed of Trust dated on or about April 4, 2007, and recorded on or about April 23, 2007, as Document No. 2007R-018586 of the Jefferson County Land Records, Mortgage Electronic Registration Systems, Inc., as nominee for Defendant BNC Mortgage, Inc., assigned the above-described Deed of Trust to Ocwen Loan Servicing, L.L.C., as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage

Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1. (See the Affidavit in Support of Plaintiff's First Amended Motion for Summary Judgment and exhibits marked Summary Judgment Exhibit No. 5 and Defendant Ocwen's Exhibit RSJ-3).

## I.

### STANDARD OF JUDICIAL REVIEW

The Plaintiff's First Amended Motion for Summary Judgment is a motion for summary judgment by a claimant within the purview of Missouri Supreme Court Rule 74.04. Defendant Ocwen's Motion for Summary Judgment is a motion for summary judgment by a defending party within the purview of Missouri Supreme Court Rule 74.04, as Defendant Ocwen has not filed any counterclaims in this action. As stated in *ITT Commercial Finance v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993):

> A movant's right to judgment as a matter of law differs significantly depending upon whether that movant is a 'claimant' or a 'defending party.' A 'claimant' must establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial.
>
> ...
>
> The prima facie showing required by Rule 74.04(c) is necessarily different where the movant is a "defending party." Where a "defending party" will not bear the burden of persuasion at trial, that party need not controvert *each* element of the non-movant's claim in order to establish a right to summary judgment. Rather, a "defending party" may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. Regardless of which of these three means is employed by the "defending party," each establishes a right to

judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper.

854 S.W.2d at 381.

## II.

## STATUTORY AND CONSTITUTIONAL FRAMEWORK FOR DELINQUENT TAX SALES UNDER THE JONES-MUNGER ACT

There are three (3) sets of Missouri statutes currently in use that authorize the sale of real estate for the non-payment of real estate taxes: (A) the Missouri Municipal Land Reutilization Law, Sections 92.700 to 92.920, RSMo, which applies to the City of St. Louis, Missouri, (B) the Land Tax Collection Act, Sections 141.210 to 141.810, RSMo, which applies to Jackson County and which may apply to some parts of Kansas City, Missouri, lying outside Jackson County, Missouri under Section 141.230, RSMo, and (C) the Jones-Munger Act, Chapter 140, RSMo, which applies to all other counties and some or all cities in Missouri. Under the provisions of Sections 141.160 or 141.230, RSMo, or other applicable law, St. Louis County, Missouri, a first class constitutional charter county, has elected by ordinance to use the Jones-Munger Act, Chapter 140, RSMo, to foreclose tax liens, instead of the Land Tax Collection Act, Chapter 141, RSMo. The delinquent tax sale procedures currently used in the City of St. Louis and Jackson County are based upon judicial foreclosure of tax liens through land tax suits and provide judicial confirmation of the delinquent tax sale as one of the procedures followed in land tax suits. The procedures under the Jones-Munger Act, Chapter 140, RSMo, are based upon administrative actions taken by the county collector of revenue in conducting delinquent tax sales. Suits to confirm these administrative procedures are authorized under Section 140.330, RSMo. Among other things, this case is an action to confirm the administrative foreclosure of tax lien encumbering the Property described in Plaintiff's Petition

under Section 140.330, RSMo.

The Jones-Munger Act, Chapter 140, RSMo, provides for the annual sale of real estate on which payments of real property taxes have been delinquent. Section 140.150.1, RSMo. Prior to the sale, the county collector must publish notice each week for three (3) consecutive weeks. Section 140.170.1, RSMo. On the fourth Monday in August of each year, the county collector conducts a delinquent tax sale. Section 140.150.1, RSMo. If, at the first offering, no one bids a sum equal to the delinquent taxes thereon with interest, penalties and costs, a second offering is made the following August. Section 140.240.1, RSMo. If no one submits an adequate bid in an amount equaling or exceeding the accrued taxes, interest and penalties at the second offering, a third offering is made the following August, and the property is sold to the highest bidder. Section 140.250.1, RSMo. Taxing authorities, acting through a trustee, are authorized to bid at third offering delinquent tax sales to prevent loss to the taxing authorities from inadequate bids. Section 140.260.1, RSMo.

A first or second delinquent tax sale under the Jones-Munger Act is followed by the issuance of a tax sale certificate of purchase and a one-year redemption period during which the "owner or occupant of any land or lot sold for taxes, or any other person having an interest therein, may redeem the same" by paying the county collector the purchase price plus cost of the sale and interest. Section 140.340.1, RSMo. A party redeeming their interest in a property sold at a first or second offering delinquent tax sale is required to pay ten percent (10%) per annum on the delinquent taxes and other costs (the opening bid at the delinquent tax sale), together with interest at the rate of eight percent (8%) per annum on any subsequent taxes paid by the delinquent tax sale purchaser after the tax sale. Section 140.340.1, RSMo. The Property was not sold at a third offering delinquent tax sale. The Collector's Deed issued in this case was issued to a certificate holder, not to a purchaser at a third

8

offering delinquent tax sale. See Summary Judgment No. 4.

The purchaser at a first or second offering delinquent tax sale acquires a certificate of purchase. Section 140.290.1, RSMo. The "holder of a certificate of purchase, throughout the ... [one year] immediately succeeding the delinquent tax sale, is vested with an inchoate or inceptive interest in the land subject to the absolute right of redemption in the record owner in whom the title remains vested." *M & P Enterprises, Inc. v. Transamerica Financial Services*, 944 S.W.2d 154, 157 (Mo. banc 1997) (*quoting, State ex rel. Baumann v. Marburger*, 182 S.W.2d 163, 165 (Mo. 1944)).

Legal title may not vest in the purchaser until the period of redemption has lapsed. After the one-year redemption period has expired, the purchaser can consummate the delinquent tax sale and foreclose any rights of redemption under the tax liens foreclosed by applying for a collector's deed in compliance with the notice requirements of Section 140.405, RSMo. If no one redeems their interest in the property during the statutory redemption period, the county collector executes to the purchaser a deed to the property, which vests in the grantee an absolute estate in fee simple, subject to certain interests discussed in detail elsewhere in the Memorandum. Section 140.420.1, RSMo.

Under the Jones-Munger Act, prior notice of the sale of property for delinquent taxes was historically conducted solely by publication. The Jones-Munger Act did not require that prior mailed notice be sent to lien holders or owners of record. Section 140.010, 140.150, and 140.170, RSMo. Prior to the decision of the United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), constructive notice by publication alone was held to comport with the constitutional requirements of due process under the theory "that those with an interest in property were under an obligation to act reasonably in keeping themselves informed of proceedings that affected that property." *Id.* at 804 (O'Connor, J., dissenting).

9

*Mennonite Board of Missions* brought about a significant change in the notice procedures required to enforce state tax liens. "When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." *Id.* at 798. Accordingly, the Supreme Court of Missouri in *Lohr v. Cobur Corp.*, 654 S.W.2d 833 (Mo. banc 1983), citing *Mennonite Board of Missions*, held that the notice-by-publication procedure of the Jones-Munger Act was insufficient to satisfy the due process rights of a publicly recorded deed of trust holder: "We conclude that where a deed of trust naming the deed of trust beneficiary is publicly recorded, notice by publication alone is insufficient and must be supplemented by notice mailed to the beneficiary's last known available address or by personal service." *Id.* at 886.

In apparent response to the *Mennonite Board of Missions* and *Lohr* decisions, the General Assembly of Missouri attempted to cure the constitutional defect in the Jones-Munger Act by amending Section 140.250 and by enacting a new Section 140.405, RSMo, in 1984. Senate Bill No. 707, 1984 *Mo. Laws* 431-32. Rather than requiring county collectors to provide prior mailed notice to owners, lien holders or other interested parties of record, the General Assembly required the purchaser of the tax sale certificate or of property sold at a third offering delinquent tax sale to conduct a title examination and mail post-sale notice to inform interested parties, including lien holders, of their tax sale redemption rights prior to the expiration of the redemption rights in the property. Apparently, the General Assembly chose not to impose on the collectors of revenue the cost of providing notice, which would include the cost of conducting a title examination on each property to be sold and the cost of mailing notice to all lien holders identified.

A recent significant United States Supreme Court decision on the notice required by the

10

Fourteenth Amendment to the United States Constitution in order for a state to deprive a person of real property at a delinquent tax sale is *Jones v. Flowers*, 547 U.S. ____, 126 S. Ct. 1708 (2006). The Court held that when attempted notice of tax sale redemption rights is sent by certified mail and returned unclaimed, additional steps must be taken, such as: (1) Notice of tax sale redemption rights must be sent by regular mail, as well as certified mail; (2) notice of tax sale redemption rights must be posted on improved property; and (3) notice of tax sale redemption rights must be mailed addressed to "Occupant" at the address of the property that is the subject of the delinquent tax sale.

The notice provisions of Section 140.405, RSMo, have not yet been amended by the General Assembly to incorporate the ruling in *Jones v. Flowers*. No assertions that notice of tax sale redemption rights were not sent to the last known available address of any party or that any such notices were not received or of any *Jones v. Flowers* claims exist in this case.

If proper notice is given (and all other procedural requirements are met), under Section 140.420, RSMo, the grantee of a collector's deed issued under the Jones-Munger Act is vested with an absolute estate in fee simple free and clear of:

A.   Any unrecorded interests in the property under Section 140.330.1, RSMo (*see, e.g., Trailwoods Homeowners' Association v. Scott*, 938 S.W.2d 669 (Mo. App., E.D. 1997) (adverse possession claims do not survive a delinquent tax sale under the Jones-Munger Act); and

B.   Any publicly recorded deed of trust, mortgage, lease, lien or claim upon the property that is "forever barred" under Section 140.405, RSMo.

Collectors' deeds under the Jones-Munger Act are specifically made subject to:

*11*

A.  All claims for unpaid taxes, except such unpaid taxes existing at the time of the purchase of said lands and the lien for which taxes was inferior to the lien for taxes for which said tract or lot of land was sold under Section 140.420, RSMo; and

B.  Valid recorded covenants running with the land and to valid easements of record or in use under Section 140.722, RSMo.

### III.

### THE COLLECTOR'S DEED IN FAVOR OF PLAINTIFF IS PRIMA FACIE EVIDENCE OF GOOD AND VALID TITLE IN PLAINTIFF, UNENCUMBERED BY ANY INTEREST OF DEFENDANTS; HOWEVER, THE DEFENDANTS HAVE THE RIGHT TO ATTEMPT TO OVERCOME THIS PRIMA FACIE EVIDENCE OF REGULARITY IN THE ISSUANCE OF THE COLLECTOR'S DEED BY OFFERING THEIR OWN EVIDENCE AT VARIANCE WITH THE TITLE.

Section 140.420, RSMo, provides that collector's deeds issued under the provisions of the Jones-Munger Law, Chapter 140, RSMo, "shall vest in the grantee an absolute estate in fee simple, subject, however, to [certain encumbrances not relevant here]". Section 140.460.2, RSMo, provides that such Collector's Deeds "shall be prima facie evidence that the property conveyed was subject to taxation at the time assessed, that the taxes were delinquent and unpaid at the time of sale, of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, that said land or lot had not been redeemed and that the period therefore had elapsed, and prima facie evidence of a good and valid title in fee simple in the grantee of said deed".

In *Stadium West Properties v. Johnson,* 133 S.W.3d 128 (Mo. App., W.D. 2004), the Court stated:

At the outset, we note that a tax deed which has been properly

"recorded in the recorder's office before delivery" as provided in §
140.460.1, RSMo 2000, is to be considered "prima facie evidence . . .
of the regularity of the sale of the premises described in the deed, and
of the regularity of all prior proceedings, . . . and prima facie evidence
of a good and valid title in fee simple in the grantee of said deed[.]" §
140.460.2, RSMo 2000. As the Missouri Supreme Court observed in
*Mitchell v. Atherton*, 563 S.W.2d 13, 17-18 (Mo. banc 1978), this
means that such a deed is also "prima facie evidence of notice in
compliance with the law because notice and sale would be `prior
proceedings' under sec. 140.460." Of course, this does not prevent an
opposing party from attempting to overcome this prima facie
evidence of regularity by offering its own evidence at variance with
the title, id. at 18, which is exactly what Stadium West did here. *See,
e.g., Nole v. Wenneker*, 609 S.W.2d 212, 215 (Mo. App. W.D. 1980).

133 S.W.3d at 136 (footnote omitted).

The Collector's Deed purporting to convey same to Plaintiff is *prima facie* evidence of good

and valid title in fee simple in Plaintiff, unencumbered by any interest, deed of trust, mortgage, lease,

lien, claim, title, or estate of Defendants. This, however, does not prevent Defendants from offering

their own evidence at variance with the title in favor of Plaintiff. Defendant Glen L. Crouther has

failed to respond to Plaintiff's First Amended Motion for Summary Judgment and has offered no

evidence to rebut the statutory presumption of regularity in Section 140.460, RSMo. Defendant

Ocwen challenges the validity of the Collector's Deed on the following grounds:  (1) Defendant

Ocwen argues that Plaintiff failed to comply with Section 140.405, RSMo, and thus lost all interest

in the Property by failing to provide MERS with any tax sale redemption notice; and (2) Defendant

Ocwen argues that Plaintiff failed to comply with Section 140.405, RSMo, and thus lost all interest

in the Property by giving BNC Mortgage, Inc. a tax sale redemption notice that incorrectly stated the

duration of that party's tax sale redemption rights.

## IV.

### DEFENDANT GLEN L. CROUTHER HAS FAILED TO PRODUCE ANY EVIDENCE AT VARIANCE WITH THE TITLE AS SHOWN BY THE COLLECTOR'S DEED, AND THE PRIMA FACIE EVIDENCE OF GOOD AND VALID TITLE IN FAVOR OF PLAINTIFF SHOWN BY THE COLLECTOR'S DEED HAS NOT BEEN OVERCOME AS TO DEFENDANT GLEN L. CROUTHER.

Defendant Glen L. Crouther has failed to respond to Plaintiff's First Amended Motion for Summary Judgment. Under Missouri Supreme Court Rule 74.04(c), the failure of Defendant Glen L. Crouther to respond to the statement of uncontroverted facts in Plaintiff's First Amended Motion for Summary Judgment acts as an admission of those facts, including the issuance of the Collector's Deed. Plaintiff's First Amended Motion for Summary Judgment is granted as to Defendant Glen L. Crouther.

## V.

### DEFENDANT OCWEN DOES NOT HAVE STANDING TO CHALLENGE THE COLLECTOR'S DEED BASED ON ANY PURPORTED NONCOMPLIANCE WITH SECTION 140.405, RSMO, BECAUSE DEFENDANT OCWEN WAS NOT ENTITLED TO NOTICE UNDER SECTION 140.405, RSMO, AND IS NOT WITHIN THE CLASS OF PERSONS ENTITLED TO PROTECTION UNDER SECTION 140.405, RSMO.

In *Glasgow Enterprises, Inc. v. Bowers,* 196 S.W.2d 625 (Mo. App., E.D. 2006), the Court interpreted Section 140.405, RSMo, as requiring tax sale redemption notices to be sent to those parties having a publicly recorded interest in the real estate as of the beginning of the ninety-day redemption period provided by that statute. Because the appellants in the *Bowers* decision had acquired their interest in the subject property after the beginning of the redemption period, they were not entitled to notice under Section 140.405, RSMo. Likewise, in this case, Defendant Ocwen

acquired its interest in the subject property not only after the redemption period began but after the Collector's Deed had been issued. Defendant Ocwen was not entitled to notice under Section 140.405, RSMo. Further, Defendant Ocwen acquired its interest in the Property with at least constructive knowledge of the issuance of the Collector's Deed under the Missouri Recording Act (Sections 442.380 to 442.400, RSMo). Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HEI, the entity that Ocwen Loan Servicing LLC acts as servicer or agent for in holding title to the Deed of Trust, must be presumed to have known of the issuance of the Collector's Deed under the Missouri Recording Act, but said entity acquired the Deed of Trust despite this constructive notice. The Court finds that Defendant Ocwen does not have standing to challenge this Collector's Deed. However, as an alternative basis for this Court's ruling, the Court has examined the merits of Defendant Ocwen's arguments as follows:

## VI.

### MERS IS NAMED AS A NOMINEE AND BENEFICIARY UNDER THE DEED OF TRUST AND CANNOT BE BOTH BENEFICIARY AND NOMINEE OF THE DEED OF TRUST UNDER MISSOURI LAW; THEREFORE, MERS WAS NOT ENTITLED TO NOTICE UNDER SECTION 140.405, RSMO.

The Deed of Trust in question identifies MERS as the beneficiary of the Deed of Trust, and *Glasgow Enterprises, Inc. v. Kusher*, 231 S.W.3d 201, 204-205 (Mo. App., E.D. 2007), holds that tax sale redemption notices must be sent to the beneficial owner of the Deed of Trust.

In *Prindable v. Walsh*, 69 S.W.3d 912, 913 (Mo. App., E.D. 2002), the Court stated:

> The term "nominee" has an established meaning in the law of securities. See definition in Black's Law Dictionary, 7th Edition 1999, definition of "nominee: . . .2. A person who holds bare legal title for the benefit of others or who receives and distributes funds for the

15

benefit of others. . ." Most corporate shares, indeed, are probably issued in the names of nominees. The typical example is the conventional brokerage account. *If a person is a nominee for another, the nominee is not the beneficial owner.*

(Emphasis added.)

In this case, the Deed of Trust identifies MERS as a beneficiary of the Deed of Trust and also states that MERS is acting solely as a nominee for Lender and Lender's successors and assigns. These are inconsistent statements under Missouri law, as MERS cannot be both the beneficiary of the Deed of Trust and the nominee of another who is holding bare legal title to the Deed of Trust for another beneficiary. Under Missouri law, the Deed of Trust's designation of MERS as both a beneficiary of the Deed of Trust and as a nominee holding bare legal title to the Deed of Trust is ambiguous if not inconsistent or contradictory.

Looking to the *Kusher* case for guidance, the Court finds that it was held that sending tax sale redemption notices to the trustee of a deed of trust was not in compliance with Section 140.405, RSMo, as the trustee of a deed of trust holds bare legal title to the security interest for the benefit of the beneficiary, but the trustee is not the holder of the deed of trust for purposes of Section 140.405, RSMo. *Compare Lohr v. Cobur Corporation,* 654 S.W.2d 883, 887 (Mo. banc 1983) (Blackmar, J., concurring) (asking the question answered by *Kusher* as to whether the trustee under a deed of trust is entitled to tax sale redemption notices).

By analogy, this Court cannot conclude that a nominee holding bare legal title for the benefit of others is the holder of a deed of trust entitled to tax sale redemption notices. If a trustee serving under the Deed of Trust and to whom legal title has been transferred is not a party to whom notice of tax sale redemption rights must be given under Section 140.405, RSMo, as was held in *Kusher,* a

16

nominee holding bare legal title to the beneficial interest under the deed of trust is not the holder of the deed of trust for purposes of Section 140.405, RSMo.

The Court concludes that MERS is acting solely as nominee for the Lender, BNC Mortgage, Inc., and its successors and assigns, and that the designation of MERS as beneficiary in the Deed of Trust means that MERS holds bare legal title of the beneficial interest of the Deed of Trust for the benefit of BNC Mortgage, Inc., the then-actual beneficial owner of the Deed of Trust.

Based upon the foregoing, the Court concludes that MERS is not a necessary or indispensable party to these proceedings, and that MERS did not hold a publicly recorded deed of trust encumbering the Property within the meaning of the word "holds" as used in Section 140.405, RSMo, and that Section 140.405, RSMo, does not require that notice be sent to MERS.

## VII.

### THE NOTICE OF TAX SALE REDEMPTION RIGHTS SENT TO BNC MORTGAGE, INC. DOES NOT INCORRECTLY STATE THE DURATION OF THE REDEMPTION RIGHTS OF BNC MORTGAGE, INC.

Defendant Ocwen, relying on *Valli v. Glasgow Enterprises, Inc.*, 204 S.W.3d 273 (Mo. App., E.D. 2006), argues that the language of the May 12, 2006 tax sale redemption notice sent to BNC Mortgage, Inc., does not comply with Section 140.405, RSMo, because said notice purportedly incorrectly states the duration of the tax sale redemption period, purportedly on the basis that said notice of tax sale redemption rights states that the tax sale redemption period begins on receipt of the tax sale redemption letter and not when an affidavit is filed with the Jefferson County Collector of Revenue stating that proper notice has been given. In *Valli v. Glasgow Enterprises, Inc.*, 204 S.W.3d 273, 276 (Mo. App., E.D. 2006), the Court interpreted Section 140.405, RSMo, as follows:

> This Section, as a prerequisite to an application for a Collector's Deed, imposes on purchasers several distinct notice requirements. First, this Section identifies who must be notified, that is, "any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon th[e] real estate" in question, "including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale." Second, this Section provides for how notice is to be provided, that is, "by certified mail ... at such person's last known available address." Third, this Section provides when notice must be sent, that is, "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed." Finally, this Section identifies what such persons are entitled to be notified of, that is, of their right to "redeem said property" within ninety days from the date the county collector receives an affidavit from the purchaser that "proper notice has been given," or such party will "be forever barred from redeeming said property."

Defendant Ocwen argues that the May 12, 2006 redemption notice fails to comply with the interpretation of Section 140.405, RSMo, found in *Valli*.

The *Valli* decision does not specifically state whether the property at issue in that case was sold at a third offering delinquent tax sale or a first or second offering delinquent tax sale.

Based upon the following analysis, this Court concludes that *Valli* may be an accurate interpretation of Section 140.405, RSMo, as that statute applies to third offering delinquent tax sales, but *Valli* does not correctly state the law applicable to first or second offering delinquent tax sales, such as is the circumstance here.

Section 140.405, RSMo, currently states:

> Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. *At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease,*

*lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.* Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate. *If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this section.   Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property.* If the county collector chooses to have the title search done then the county collector must comply with all provisions of this section, and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to section 140.420.

(Emphasis added.)  Elsewhere in this Judgment the first italicized sentence is sometimes referred to as the "At Least 90-day Provision" and the second set of italicized sentences are sometimes referred to as the "90-day Provision".

Since its original enactment in 1984, Section 140.405, RSMo, has undergone amendments in 1987, (House Bill No. 283, 1987 Mo. Laws 542), 1996 (House Committee Substitute for Senate Bill No. 914, 1996 Mo. Laws 268), 1998 (Conference Committee Subsitute #2 for House Committee Substitute for Senate Bill No. 778, 1998 Mo. Laws 1367), and 2003 (House Committee Substitute for Senate Committee Substitute for Senate Bill No. 295, 2003 Mo. Laws 965).

The Jones-Munger Act was originally enacted in 1933.  Beginning in 1939 through the effective date of the enactment of Senate Bill No. 707 in 1984, there was no right of redemption after a third offering delinquent tax sale. *M & P Enterprises, Inc. v. Transamerica Financial Services,*

944 S.W.2d 154, 157 (Mo. banc 1997).  As originally enacted in 1984, Section 140.405, RSMo, was

interpreted as giving tax sale redemption rights to parties interested in properties sold at third sale.

*Russo v. Kelm,* 835 S.W.2d 568 (Mo. App., E.D. 1992).  Because trustees appointed by the relevant

county under Section 140.260, RSMo, purchase properties sold at third offering delinquent tax sales,

Section 140.405, RSMo, as originally enacted in 1984, required county trustees to provide notice to

those entitled under Section 140.405, RSMo, when a county trustee purchased property at a third

offering delinquent tax sale. *Russo,* 835 S.W.2d at 570.

The 1987 amendments to Sections 140.250 and 140.405, RSMo, eliminated the right of

redemption of parties interested in properties sold at a third offering delinquent tax sale and

concomitantly eliminated the obligation of county trustees to provide tax sale redemption notices to

those interested in properties sold at third offering delinquent tax sales. *M & P Enterprises, Inc. v.*

*Transamerica Financial Services,* 944 S.W.2d 154, 157 (Mo. banc 1997).  In particular, the Court in

the *M & P Enterprises, Inc.* case held that the "At Least 90-day Provision" in Section 140.405,

RSMo, applies to first or second offering delinquent tax sales where a certificate of purchase has

been issued and a collector's deed is issued under Section 140.420, RSMo, and the Court specifically

held that the "At Least 90-day Provision" does not apply when a collector's deed is issued after a

third offering delinquent tax sale (where no certificate of purchase is issued) under Section 140.250,

RSMo.

In apparent response to the *M & P Enterprises, Inc.* case, the General Assembly amended

Section 140.405, RSMo, in 1998, to provide parties interested in properties sold at third offering

delinquent tax sales a ninety-day right of redemption by enacting what the Court has designated as

the "90-day Provision".

20

Although it would have been much less confusing if the General Assembly had specifically stated in the second sentence of the "90-day Provision" that the "90-day Provision" applies only to purchasers at third offering delinquent tax sales, the differences between the "At Least 90-day Provision" and the "90-day Provision" make it clear that the "90-day Provision" applies only to third offering delinquent tax sales.

The "90-day Provision" requires the filing of an affidavit of proper notice with the county collector. The "At Least 90-day Provision" has no requirement for filing such an affidavit. The affidavit is important in the "90-day Provision", as the filing of the affidavit commences the 90-day redemption period applicable to third offering sales. The right of redemption from third offering delinquent tax sales exists solely by virtue of the 1998 amendment to Section 140.405, RSMo, and did not exist prior to that time, except for a limited period from 1984 through 1987. The redemption period applicable to first or second offering delinquent tax sales is dependent upon the interaction of various laws, including Section 140.405, RSMo, in creating redemption rights for those interested in properties sold at first or second offering delinquent tax sales, such as Section 140.340, RSMo (which creates an absolute one-year period for redemption), Section 140.410, RSMo (which requires the collector's deed to be issued within two years of the issuance of the certificate of purchase or else the certificate of purchase expires), 26 U.S.C. Section 7425 (giving the Internal Revenue Service a redemption period of 120 days), as well as the "At Least 90-day Provision" of Section 140.405, RSMo.

In this case the tax sale redemption notice was mailed on May 12, 2006, with respect to property that was sold on August 22, 2005. Under Section 140.340, RSMo, the first day the property was eligible for issuance of a collector's deed was August 23, 2006. The period from May 12, 2006,

to August 23, 2006 is more than ninety days. Use of the notice required by the *Valli* decision would have incorrectly stated the redemption period in this case.

Under the "At Least 90-day Provision" of Section 140.405, RSMo, tax sale redemption notices must be sent at least ninety days prior to the date when a purchaser is authorized to acquire the deed. In large part, the tax sale purchaser determines when the purchaser is authorized to acquire the deed. *Boston v. Williamson,* 807 S.W.2d 216, 218 (Mo. App., W.D. 1991). For example, a collector's deed is not authorized to be issued until subsequent taxes are paid, Section 140.440, RSMo, the original of the certificate of purchase is produced to the collector of revenue, Section 140.420, RSMo, the recording fee for the collector's deed is paid to the collector, Section 140.460, RSMo, as well as the provision of notice of tax sale redemption rights under Section 140.405, RSMo. Within the one-year and two-year parameters established by Sections 140.340 and 140.410, RSMo, the purchaser at a first or second offering sale has wide latitude in determining when the deed is authorized to be issued. In this case, the Collector's Deed was not issued until September 19, 2006, even though the earliest date that the certificate holder might have become eligible to obtain a collector's deed was August 23, 2006. In this case, the redemption period was longer than ninety days, which is accommodated by the "At Least 90-day Provision". The "90-day Provision" makes sense only if it is applied to third offering delinquent tax sales, which have no redemption period other than that provided by Section 140.405, RSMo.

The purpose of the 1998 amendment to Section 140.405, RSMo, appears to have been the legislative reversal of the *M & P Enterprises, Inc.* case, not application of the 90-day redemption period to first and second offering delinquent tax sales. If the language of the *Valli* decision were applied to first and second delinquent tax sales, it would be possible for a tax sale purchaser to

22

purchase a certificate in August of a particular year and then provide the 90-day redemption notice required by the "90-day Provision" the very next day after the tax sale purchase without waiting for the expiration of the one-year redemption right provided by Section 140.340, RSMo. The Court is not convinced that the 1998 amendment to Section 140.405, RSMo, was intended to be an implied repeal of the one-year redemption period in Section 140.340, RSMo, or the two-year expiration period provided by Sections 140.410, RSMo. The "At Least 90-day Provision" in Section 140.405, RSMo, accommodates the actual redemption period for first and second offering delinquent tax sales.

The "At Least 90-day Provision" merely requires the tax sale purchaser to inform interested parties of their right to redeem their publicly recorded security or claim. The May 12, 2006 letter adequately informed BNC Mortgage, Inc. of its right to redeem its security or claim to the Property. There is no duty created by the "At Least 90-day Provision" of Section 140.405, RSMo, to inform the addressee of the duration of their tax sale redemption rights.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Robert Bellistri is vested with fee simple title in and to the real property and the improvements thereon, if any, located in the County of Jefferson, in the State of Missouri, commonly known as 1210 Airglades, Arnold, Missouri 63010, and more particularly described as follows:

> All of Lot Fifty-six (56) of BAYSHORE NORTH PLAT ONE, a Subdivision in U.S. Survey 2020, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri in Plat Book 40, Pages 13 and 14.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following Defendants have no right, title, claim, estate or interest in said real estate or any lien or encumbrance thereon whatsoever, either legal or equitable, to-wit: Defendants GLEN L. CROUTHER, OCWEN LOAN