IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI                          )
                                          )
            Plaintiff,                    )
                                          )          Cause No. 06JE-CC893J4
v.                                        )
                                          )
GLEN CROUTHER, et.al.                     )
                                          )
            Defendants.                   )

**RESPONSES TO
SEPARATE DEFENDANT OCWEN'S FIRST SET OF REQUESTS FOR
ADMISSIONS DIRECTED TO PLAINTIFF ROBERT BELLISTRI**

Comes now Plaintiff, by and through his attorney, and for his Responses to

Separate Defendant Ocwen's First Set of Requests for Admissions Directed to Plaintiff

Robert Bellistri, states:

**Requests for Admissions**

1.      Admit that the tax sale on August 22, 2005 whereby you obtained your

Collector's Deed was not a third offering sale.

        ADMIT      or      DENY

RESPONSE:  Admit

2.      Admit that, to your knowledge, neither you nor anyone on your behalf

conducted a title search on the Property prior to May 12, 2006.

        ADMIT      or      DENY

RESPONSE:  Deny

3.      Admit that the right of any person or entity to redeem following the tax

sale of August 22, 2005 did not expire prior to August 22, 2006.

        ADMIT      or      DENY

1



RESPONSE:  OBJECTION:  This request calls for a legal conclusion as to the rights of persons or entities to redeem their interest from a tax sale.  The Court will determine such rights.

    4.    Admit that lienholders had the right to redeem.

    ADMIT    or    DENY

RESPONSE:  OBJECTION:  This request calls for a legal conclusion regarding the rights of lien holders to redeem their interest from a tax sale.  The Court will determine such rights.

    5.    Admit that you did not send any correspondence to Mortgage Electronic Registration Systems, Inc. ("MERS") by certified mail addressed to MERS.

    ADMIT    or    DENY

RESPONSE:  Admit

    6.    Admit that you did not send any correspondence to Mortgage Electronic Registration Systems, Inc. ("MERS") and directed to the address of P.O. Box 2026, Flint, MI 48501-2026 between the tax sale of the Property on August 22, 2005 and the time you obtained the Collector's Deed.

    ADMIT    or    DENY

RESPONSE:  Admit

    7.    Admit that you cannot produce an original or copy of any notice of right to redeem sent to MERS by you.

    ADMIT    or    DENY

RESPONSE:  OBJECTION:  This request assumes that MERS had a right to redeem, which is a legal right to be determined by the Court.

2

8.     Admit that you cannot produce an original or copy of any certified mail return receipt for any correspondence or document sent to MERS by you between August 22, 2005 and August 22, 2006.

ADMIT      or      DENY

RESPONSE:  Admit

9.     Admit that you did not provide notice to Millsap, singer & Dunn, PC ("MS") of its potential right to redeem between August 22, 2005 and 90 days prior to obtaining the Collector's Deed.

ADMIT      or      DENY

RESPONSE:  OBJECTION:  This request assumes that Millsap, Singer & Dunn, P.C., or its successor(s) had a legal interest in the subject property to which a right to redeem attaches, which is a legal conclusion and is a legal right to be determined by this Court.

10.     Admit that you did not provide notice to Mortgage Electronic Registration Systems, Inc. ("MERS") of its potential right to redeem between August 22, 2005 and 90 days prior to obtaining the Collector's Deed.

ADMIT      or      DENY

RESPONSE:  OBJECTION:  This request assumes that Mortgage Electronic Registration Systems, Inc. had a legal interest in the subject property to which a right to redeem attaches, which is a legal conclusion and is a legal right to be determined by this Court.

11.     Admit that you did not provide notice to each and every person whose name and address is listed on the Deed of Trust on the Property of their potential right to

redeem between August 22, 2005 and 90 days prior to obtaining the Collector's Deed.

ADMIT       or       DENY

RESPONSE:  OBJECTION: This request assumes that each and every person whose name and address is listed on the Deed of Trust on the Property had a legal interest in the subject property to which a right to redeem attaches, which is a legal conclusion and is a legal right to be determined by the Court.

12.     Admit that **Exhibit A-1** is a true and correct copy of a letter from you to BNC Mortgage dated May 12, 2006.

ADMIT       or       DENY

RESPONSE:  Admit

13.     Admit that **Exhibit A-1** was mailed via certified mail to BNC Mortgage at the address of 1901 Main Street, Irvine, CA 92614 and to no other person or entity.

ADMIT       or       DENY

RESPONSE:  Admit

14.     Admit that **Exhibit A-1** is your only letter purporting to give notice of the right to redeem sent by you to any person or entity which name and corresponding address is listed on the Deed of Trust attached to your Affidavit In Support of Plaintiff's Motion for Summary Judgment as Plaintiff's Motion for SJ Exhibit 2.

ADMIT       or       DENY

RESPONSE:  Admit

15.     Admit that you did not strictly comply with the provisions of Chapter 140 R.S.Mo. following the August 22, 2005 tax sale of the Property.

ADMIT       or       DENY

4

RESPONSE:  OBJECTION:  This request calls for a legal conclusion as to compliance with Chapter 140 R.S.Mo., which is a legal determination to be made by the Court

15.    Admit that you did not provide notice to each and every person having an interest in the subject property of their potential right to redeem.

ADMIT    or    DENY

RESPONSE:  OBJECTION:  This request calls for a legal conclusion as to the identity of each and every person having a right to redeem in the subject property.  This determination is to be made by the Court.

16.    Admit that there is a genuine issue of material fact as to at least one fact necessary for you to establish clear title in the Property.

ADMIT    or    DENY

RESPONSE:  Deny

Respectfully submitted,

_____
Phillip K. Gebhardt          29569
1720 North Main Street
Desoto, Missouri 63020
636-337-0615
Fax 636-586-3504
Attorney for Plaintiff

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Response to Request for Admissions
File No. 06-348-L-5352
pkg

5

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI     )
           )
           )
 Plaintiff,      )
           ) Cause No. 06JE-CC893J4
v.           )
           )
GLEN CROUTHER, et.al.   )
           )
 Defendants.     )

**AFFIDAVIT OF DEFENDANT OCWEN**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

State of FLORIDA     )
          )ss
County of ORANGE    )

COMES NOW, Michele Rice, as authorized agent of separate Defendant OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as successor in interest to Mortgage Electronic Registration Systems, Inc. as nominee for BNC Mortgage, Inc (hereinafter "Ocwen"), and upon his oath states as follows:

1. Affiant is of legal age and sound mind, capable of making this affidavit and personally acquainted with the facts herein stated.

2. Affiant is the agent of Ocwen and custodian of records duly authorized to make this affidavit.

3. Glen L. Crouther ("Crouther") obtained, by General Warranty Deed, dated on March 5, 2002 and recorded March 8, 2002, as Document No. 020012852 of the Jefferson County Records, title to the property commonly known as 1210 Airglades, Arnold, Missouri 63010 ("Property") and more particularly described as:

> **All of Lot Fifty-six (56) of BAYSHORE NOTH PLAT ONE, a**
> **Subdivision in U.S. Survey 2020, as shown by plat on file in the**
> **Recorder's Office of Jefferson County, Missouri, in Plat Book 40,**
> **Pages 13 and 14.**

4. Crouther executed a Deed of Trust on the Property dated March 4, 2002 and recorded March 8, 2002, as Document No. 020012853 of the Jefferson County Records, in favor of



Millsap, Singer & Dunn, PC as trustee for Mortgage Electronic Registration Systems ("MERS") the beneficiary and as nominee for BNC Mortgage, Inc. ("BNC").

5.  The titles and addresses for Millsap, Singer & Dunn, P.C., MERS and BNC are all listed on the Deed of Trust.

6.  MERS is the named beneficiary under the Security Agreement in the Deed of Trust.

7.  Pursuant to the April 4, 2007 assignment of the Deed of Trust, recorded April 23, 2007 as Document 2007R-018586 of the Jefferson County Records, Defendant OCWEN Loan Servicing, L.L.C. is the agent and servicer for Deutsche Bank National Trust Company, Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, successor in interest to MERS, nominee for BNC.

8.  To affiant's knowledge, neither Ocwen nor Deutsche Bank National Trust Company or MERS received notice from Plaintiff Bellistri of any right to redeem the Property following the Jefferson County tax sale of the Property on August 22, 2005.

FURTHER, AFFIANT SAYETH NOT.

_____
Affiant Michele Rice – Default Servicing Manager


On this 30th day of January, 2008, before me personally appeared Michele Rice to me known to be the person described in and who executed the foregoing instrument and acknowledged that he/she executed the same as his/her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office on the day and year first above-written.



Notary Public  Jessica Dybas
My commission expires: Jan 15, 2012

JESSICA DYBAS
MY COMMISSION # DD 749280
EXPIRES: January 15, 2012
Bonded Thru Notary Public Underwriters

*Robert T. Bellistri*
*5224 Country Club Drive*
*High Ridge, MO 63049*
*(636) 677-7575*

Certified:  7004 1350 0002 1416 0716

May 12, 2006

BNC Mortgage
1901 Main Street
Irvine, CA 92614

Re:  Sale #:  1016
     Date: 8-22-05
     Property:  Bayshore North Lot 56
     Parcel Number: 018.033.03001036.

Dear BNC Mortgage:

    On August 22,  2005,  I was the high bidder at the Jefferson County Tax Land Sale and was issued a Tax Sale Certificate of Purchase on the above referenced property.

    According to State law, I am required to notify any person(s) who holds a publicly recorded Deed of Trust, Mortgage, Lease, Lien or Claim upon referenced real estate, of your right to redeem your security of claim.

    To redeem your security of claim, contact , Beth Mahn, Collector of Revenue, Jefferson County, Missouri @ 636-797-5406  with 90 days from the date of receipt of this letter.

    Failure to redeem said real estate will forfeit your rights to said property and a Collectors Deed will be issued to me.

                  Sincerely,
                  Robert T. Bellistri


DEFENDANT'S EXHIBIT A-1

DEFENDANT'S EXHIBIT SJ-4



```
*2007R-018586 2*
2007R-018586
FILED AND RECORDED
IN OFFICIAL RECORD
04/23/2007    09:35:39AM
MARLENE CASTLE, RECORDER
PAGES    2
REC FEE:  27.00
NS FEE:
```

*276*

✗  Shapiro & Weisman
902 Earth City Expwy
Ste 317
Earth City Mo 63045

Title of Document:  Assignment of Deed of Trust

Date of Document:  April 4, 2007

Grantor(s):  Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for BNC Mortgage Inc., its successors and assigns

Mailing Address(s):  3300 SW 34 Avenue, Suite 101, Ocala, FL 34474

Grantee(s):  cwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, c/o Ocwen Loan Servicing, LLC

Mailing Address(s):  1661 Worthington Road, Suite 100, West Palm Beach, FL 33409

Legal Description:  All of Lot 56 of Bayshore North Plat One, a subdivision in U.S. Survey 203, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri in Plat Book 40 Pages 13 and 14.

Reference Instrument No.:  020012853

(IF THERE IS NOT SUFFICIENT SPACE ON THIS PAGE FOR THE INFORMATION REQUIRED, STATE THE PAGE REFERENCE WHERE IT IS CONTAINED WITHIN THE DOCUMENT.)
07-2145

DEFENDANT'S EXHIBIT
C

DEFENDANT'S EXHIBIT
SJ-5
Blumberg No. 5114

Prepared By: ANN PINTO
Ocwen Loan Servicing,LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
LOAN NUMBER: 31177090
ATTORNEY CODE: 14004

## ASSIGNMENT OF DEED OF TRUST
## MISSOURI

This **ASSIGNMENT OF DEED OF TRUST** is made and entered into as of this 4th day of APRIL, 2007 , from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., whose address is 3300 SW 34 Avenue, Suite 101, Ocala, FL 34474, its successors and assigns, as nominee for BNC MORTGAGE INC. its successors and assigns, ("Assignor) to OCWEN LOAN SERVICING, LLC, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE CDC MORTGAGE CAPITAL TRUST 2002-HE1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-HE1 whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of JEFFERSON County, State of MISSOURI, as follows:

Trustor: GLEN L. CROUTHER
Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR BNC MORTGAGE INC.
Trustee: MILLSAP, SINGER & DUNN P.C.
Document Date: MARCH 4, 2002
Date Recorded: _3/8/02_
Instrument Number: _020012853_
Book/Volume/Docket/Liber: _____
Page/Folio: _____
Property Address: 1210AIRGLADES DRIVE , ARNOLD , MO, _63010_
LEGAL DESCRIPTION:
ALL OF LOT 56 OF BAYSHORE NORTH PLAT ONE, A SUBDIVISION IN J.S. SURVEY 202, AS SHOWN BY PLAT ON FILE IN THE RECORDER'S OFFICE OF JEFFERSON COUNTY, MISSOURI IN PLAT BOOK 40 PAGES 13 AND 14.

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges.

This Assignment is made without recourse, representation or warranty.

DATED: APRIL 04, 2007.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
ACTING SOLELY AS NOMINEE FOR BNC MORTGAGE INC.

BY: _____
NAME: Scott Anderson
TITLE: Vice President
STATE OF FLORIDA       }
                        }ss.
COUNTY OF PALM BEACH  }
This instrument was acknowledged before me on APRIL 04, 2007, by Scott Anderson, with whom I am personally acquainted with to be the Vice President of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR BNC MORTGAGE INC., executed the foregoing instrument for the purposes contained therein, by signing the name of the Bank by himself as the Vice President. Witness my Hand and Seal of Office, the day and year above written.

_____
Notary Public

MERS Ph.#: (888) 679 - 6377

MIN: 100122200000065299

NOTARY PUBLIC-STATE OF FLORIDA
Doris Chapman
Commission # DD518204
Expires: FEB. 14, 2010
Bonded Thru Atlantic Bonding Co., Inc.

Case: 4:09-cv-00731-CAS   Doc. #:  25   Filed: 03/31/10   Page: 11 of 97 PageID #: 473

1 of 1 DOCUMENT

LEXISNEXIS (R) MISSOURI ANNOTATED STATUTES

*** CURRENT THROUGH THE FIRST EXTRA SESSION OF THE REGULAR SESSION ***
*** OF THE 94TH GENERAL ASSEMBLY (2007) ***
*** MOST CURRENT ANNOTATION SEPTEMBER 4, 2007 ***

TITLE 10.  TAXATION AND REVENUE (Chs. 135-155)
CHAPTER 140.  COLLECTION OF DELINQUENT TAXES GENERALLY
REAL ESTATE TAXES

**GO TO MISSOURI STATUTES ARCHIVE DIRECTORY**

*§ 140.405 R.S.Mo.  (2007)*

§ 140.405. Purchaser of property at delinquent land tax auction, deed issued to, when--affidavit--notice of right of re-
demption--loss of interest, when

Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as pro-
vided for in *section 140.420*, until the person meets with the following requirement or until such person makes affidavit
that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At
least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any per-
son who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's
right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such per-
son, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous
to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall
result in such purchaser's loss of all interest in the real estate. If any real estate is purchased at a third-offering tax auc-
tion and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said
property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien
or claim upon the real estate pursuant to this section. Once the purchaser has notified the county collector by affidavit
that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the
property shall have ninety days to redeem said property or be forever barred from redeeming said property. If the county
collector chooses to have the title search done then the county collector must comply with all provisions of this section,
and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to *section 140.420*.

**HISTORY:** L. 1984 S.B. 707, A.L. 1987 H.B. 283, A.L. 1996 H.B. 1469 merged with S.B. 914,  A.L. 1998 S.B. 778,
A.L. 2003 S.B. 295



Blumberg No. 5114 DEFENDANT'S EXHIBIT SJ-6

q/20

R *



*2006R-046167 2*

**2006R-046167**
FILED AND RECORDED
IN OFFICIAL RECORD
09/19/2006   02:21:23PM
MARLENE CASTLE, RECORDER
PAGES   2
REC FEE:   27 00
MS FEE:



*(Space above reserved for Recorder of Deeds certification)*

# COLLECTOR'S DEED
## (To Purchaser of Tax Sale Certificate)

Whereas on this   **19th**   day of   **September**   , 20 **06**   **Beth Mahn**
the undersigned collector of the county of   **Jefferson**   , State of Missouri, (known as "Grantor"), did receive
from   **Robert Bellistri, 5224 Country Club Dr, High Ridge MO  63049**
, of the county of **Jefferson** , State of Missouri, (known as
"Grantee(s), a certificate of purchase, in writing, bearing date the   **22nd**   day of **August**   , 2005   , signed
by.   **Beth Mahn**
who at the last mentioned date was Collector of said county
from which it appears that the said   **Robert Bellistri**

did, on the   **22nd**   day of   **August**   , 20 05   , purchase at public auction at the door of
the courthouse in said county, the tract, parcel or lot of land lastly in this indenture described, and which lot or tract was sold
to   **Robert Bellistri**
for the sum   **Six Thousand**   dollars and **Seventy Five** cents, being
the amount due on the following tracts or lots of land, returned delinquent in the name of

**Glen L. Crouther**

for non-payment of taxes, costs and charges for the years   **2002, 2003, 2004**

WITNESSETH  That the said Grantor, for and in consideration of the premises  has granted, bargained and sold unto the
said Grantee, his successors and assigns, forever, the tract or parcel of land mentioned in said certificate, situate in the
County of   **Jefferson**   and State of Missouri, and described as follows
Legal description

**Lot 56 Bayshore North**
**Section 33 Township 43 Range 6**
**Parcel #:  01-8.0-33.0-3-001-036.**

Said lands have been recorded,  among other tracts,  in the office of said Collector, as delinquent for the non-payment of
taxes, costs, and charges due for the year last aforesaid,  and legal publication made of the sale of said lands, and it
appearing that the said   **Robert Bellistri**
is the legal owner of said certificate of purchase and the time fixed by law for redeeming the land therein described having
now expired, the said   **Glen L. Crouther**
nor any person in his behalf having paid or tendered the amount due the said   **Robert Bellistri**

Deed 2006R-046167  Page 1 of  2



DEFENDANT'S
EXHIBIT
SJ-7
Blumberg No. 5114

on account of the aforesaid purchase, and for the taxes since paid, and the said
**Robert Bellistri**
having demanded a deed for the tract of land mentioned in said certificate, and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs and changes, as above specified and it appearing from the records of said County Collector's office that the aforesaid lands were legally liable for taxation, and has been duly assessed and properly charged on the tax books with the taxes for the years  2002, 2003, 2004 ,

THEREFORE, this indenture made this     19th     day of     September                  , 2006 , between the State of Missouri, by          **Beth Mahn**                           Collector of said county, Grantor, and the said          **Robert Bellistri**                                                   Grantee,

To Have and to Hold the said last mentioned tract or parcel of land, with the appurtenances thereto belonging, to the said Grantee, successors and assigns forever,  in as full and ample a manner as the collector of said county is empowered by law to sell the same

IN TESTIMONY WHEREOF, the said          **Beth Mahn**
**Jefferson**                          has hereunto signed and affixed the official seal, the day and year last,

county by

_C. McMillian_              _New to Whom_
_Supervisor_             _Deputy Clerk_              **Beth Mahn**
County Clerk of     **Jefferson**           County          Collector of _____  **Jefferson** ____ County

STATE OF MISSOURI,
County of  Jefferson                   } ss

Before me, the undersigned          **Vera C. Bingham**                                          , in and for said county, this day, personally came the above-named          **Beth Mahn**
Collector of said county, and acknowledged that he/she executed the foregoing deed for the uses and purposes therein mentioned

IN WITNESS WHEREOF, I have hereunto set my hand and seal the     19th     day     September               ,2006

```
VERA C. BINGHAM
Notary Public - Notary Seal
(STATE OF MISSOURI)
Jefferson County
My Commission Expires June 13, 2008
```

_Vera C. Bingham_
**Vera C. Bingham**
Notary Public

My commission expires ___June 13, 2008_

AFTER RECORDING RETURN TO
**Robert Bellistri**
**5224 Country Club Drive**
**High Ridge MO   63049**

Doc# 2006R-046167 Page 2 of 2

USPS - Track & Confirm

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do



**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7004 1350 0002 1416 0716
Status: Delivered

Your item was delivered at 12:30 pm on May 13, 2006 in IRVINE, CA
92623. A proof of delivery record may be available through your local Post
Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]        ( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

DEFENDANT'S
EXHIBIT
SJ-8

Blumberg No. 5114

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

FILED
FEB 0 7 2008

HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI )
)
)
Plaintiff, )
) Cause No. 06JE-CC893J4
v. )
)
GLEN CROUTHER, et.al. )
)
Defendants. )

## DEFENDANT OCWEN'S LEGAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Comes now OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as successor in interest to Mortgage Electronic Registration Systems, Inc. (hereinafter "Ocwen") and offers its legal memorandum in support of its motion for summary judgment.

**Introduction - Clarification of Posture**

Plaintiff Bellistri filed his motion for summary judgment on or about October 4, 2007. With leave of court, Defendant Ocwen filed its response and supporting memorandum and other documentation on or about November 26, 2007.  On or about December 13, 2007, Bellistri filed his reply to Ocwen's response to the motion for summary judgment.  On or about December 19, 2007, Bellistri dismissed Defendants Internal Revenue Service and BNC Mortgage, Inc., moved to add Ocwen as a Defendant, and filed a First Amended Motion for Summary Judgment and "First Amended Reply to Ocwen's Response to Said Motion for Summary Judgment". Defendant Ocwen now moves for summary judgment.

**Standard**

"The purpose of summary judgment under Missouri's fact-pleading regime is to identify

cases (1) in which there is no genuine dispute as to the facts and (2) the facts as admitted show a

legal right to judgment for the movant." *ITT Commercial Fin. Corp. v. Mid-America Marine*

*Supply Corp.*, 854 S.W.2d 371, 380 (Mo. 1993) (hereinafter "*ITT*"); Rule 74.04(c)(6).

"Summary judgment is designed to permit the trial court to enter judgment, without delay, where

the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute,

a right to judgment as a matter of law." *Id* at 376. "For purposes of Rule 74.04, a 'genuine

issue' exists where the record contains competent materials that evidence two plausible, but

contradictory, accounts of the essential facts. A 'genuine issue' is a dispute that is real, not

merely argumentative, imaginary or frivolous." *Id.* at 382. "A 'material fact' is a fact of such

significance or probative value as to control or determine the outcome of the litigation." *Lewis v.*

*Biegel*, 204 S.W.3d 354, 356 (Mo. Ct. App. 2006) (citations omitted).

**Bellistri's Interest in the Property is Conditioned Upon Statutory Notice Requirements**

Section 140.405 R.S.Mo. provides that a purchaser of property at a delinquent land tax

auction shall not acquire the deed to the property pursuant to § 140.420 R.S.Mo. unless it

complies with the following:

> At least ninety days prior to the date when a purchaser is
> authorized to acquire the deed, the purchaser shall notify *any*
> *person who holds a publicly recorded deed of trust, mortgage,*
> *lease, lien or claim upon that real estate of the latter person's right*
> to redeem such person's publicly recorded security or claim. Notice
> shall be sent by certified mail to any such person, including one
> who was the publicly recorded owner of the property sold at the
> delinquent land tax auction previous to such sale, at such person's

> last known available address. *Failure of the purchaser to comply*
> *with this provision shall result in such purchaser's loss of all*
> *interest in the real estate.*

§ 140.405 R.S.Mo. (2007) (emphasis added).

**It is Undisputed that MERS Did Not Receive Such Statutory Notice**

Bellistri did not provide notice of the right to redeem to Mortgage Electronic Registration Systems, Inc. ("MERS"), who is the named beneficiary and nominee for the lender on the face of the Deed of Trust. **(Exhibit B-SJ1; Admissions 5,6,8,14, Exhibit SJ-2).** "Section 140.405 RSMo Supp. 2006 requires a purchaser at a tax sale to notify all deed of trust holders of their right to redeem. *Notice to a deed of trust holder must be sent by certified mail to the deed of trust beneficiary at the beneficiary's last known address.*" *Glasgow Enters. v. Kusher*, 231 S.W.3d 201, 204 (Mo. Ct. App. 2007) (emphasis added). Even sending notice to the *trustee* at the beneficiary's last known address is insufficient for strict compliance with section 140.405. *Id.* Bellistri's failure to provide proper notice to MERS is fatal to his claim to the Property and is alone sufficient to find summary judgment in favor of defendant Ocwen.

**The Content of the Only Notice Given is Also Undisputed**

In addition, the purported notice that Bellistri provided solely to BNC Mortgage, was not in compliance with the statute as it misrepresented the time frame within which an interest holder might redeem. **(See Exhibit SJ-4; Admission 14, Exhibit SJ-2).** Under § 140.405 R.S.Mo., the time when a purchaser "is authorized to acquire the deed" is not a date certain. *See Boston v. Williamson*, 807 S.W.2d 216, 218 (Mo. Ct. App. 1991). However, while the purchaser may elect that date, it must be *no sooner* than provided in section 140.420 R.S.Mo:

> If no person shall redeem the lands sold for taxes *within one year*
> *from the sale*, at the expiration thereof, and on production of
> certificate of purchase, the collector of the county in which the sale

> of such lands took place shall execute to the purchaser, his heirs or
> assigns, in the name of the state, a conveyance of the real estate so
> sold…

§ 140.420 R.S.Mo. (2007) (emphasis added).  That is, following the first offering tax sale of

August 22, 2005, the lienholder has an absolute statutory right to redeem at any time for one

year:  "The owner or occupant of any land or lot sold for taxes, or any other persons having an

interest therein, may redeem the same at any time during the one year next ensuing…" §

140.340.1 R.S.Mo. (2007).   During that year, the purchaser is vested with an inchoate interest,

and legal title cannot vest until after that one year period (August 22, 2006) and compliance with

the requirements of chapter 140.  *See M & P ENTERPRISES v. TRANSAMERICA FIN. SERVS.*,

944 S.W.2d 154, 157 (Mo. 1997).

Bellistri's notification letter states in part: "To redeem your security claim, contact, [sic]

Beth Mahn, Collector of Revenue, Jefferson County, Missouri @ 636-797-5406 with [sic] *90*

*days from the date of receipt of this letter.*" **(Exhibit SJ-4)** (emphasis added).  Bellistri's letter

was received on May 13, 2006.  **(Exhibits SJ-8, SJ-4)**.  Ninety days from May 13, 2006 was

August 11, 2006, which is 11 days prior to the expiration of one year from the sale date.

Therefore, while the notice was sent more than 90 days prior to one year from the date of sale,

the notice misinformed the lienholder that the absolute redemption period expired sooner than

provided by law.  The Court of Appeals has recently addressed a similar circumstance, and found

that notice was insufficient.

In *Valli v. Glasgow Enters.*, 204 S.W.3d 273 (Mo. Ct. App. 2006), after a third offering

tax sale, the purchaser provided notice stating that the lienholder's right to redeem must be

exercised "within ninety days of the date of this notice."  *Id.* at 277.  The court in that case held

that the notice was improper because the statute provided that after a third offering sale, the

redemption period was ninety days after the purchaser "notified the County Collector by affidavit that proper notice has been given," which time was *after* the actual date of the letter. *Id.* (citations omitted). The mandated result was that the purchaser lost interest in the property:

> [T]he notice requirements of Section 140.405 use the term "shall." "It is clear that when a statute mandates that something be done by providing that it shall occur, and it also provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed." The failure of a purchaser to comply with these notice provisions "shall result in [such purchaser's] loss of all interest in the real estate."

*Id.* at 276-277 (citations omitted).

While the present case involves a first offering tax sale, the required result is the same. Bellistri failed to comply with the mandatory language of chapter 140. Since the notice was improper, Bellistri has lost all interest in the subject property. *Stadium West Props., L.L.C.*, 133 S.W.3d at 134.

**Conclusion**

Bellistri's reliance on the Collector's Deed to claim right as a matter of law to quiet title in the subject property is insufficient since the undisputed facts show that he did not mail the statutory notice to the Deed of Trust beneficiary, and the purported notice provided is equally insufficient as its contents did not comply with the statute. Without such notice, the Collector's Deed does not vest Bellistri with superior title. Because this statutory compliance is critical to the validity of Bellistri's claim to the Property and his action to quiet title, this failure to provide notice - an undisputed fact - supports summary judgment in favor of defendant Ocwen.

WHEREFORE, defendant Ocwen prays for summary judgment dismissing plaintiff's petition at its own costs, declaring that plaintiff has lost all interest in the real estate, and for such

other and further relief as this Court deems just and proper in the circumstances.

JEFFREY T. WEISMAN, #34075
BLAKE D. HILL, #58926
Attorneys for Ocwen
502 Earth City Expressway, Ste. 317
Earth City MO 63045
314-770-2120 ext, 101
314-770-1850
S&W 07-2145

## Certificate Of Service

A true and accurate copy of the foregoing was mailed postage-prepaid this ____ day of February January, 2008 to Phillip Gebhardt, 1270 North Main Street, Desoto MO 63020; Richard Gartner, 220 Salt Lick Road, St. Peters MO 63376.

FILED

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

FEB 0 7 2008

HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI                )
                                )
            Plaintiff,          )
                                )        Cause No. 06JE-CC893J4
v.                              )
                                )
GLEN CROUTHER, et.al.           )
                                )
            Defendants.         )

## SEPARATE DEFENDANT OCWEN'S MOTION FOR SUMMARY JUDGMENT

COMES NOW separate Defendant OCWEN Loan Servicing, L.L.C. as agent and

servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the

CDC Mortgage Capital Trust 2002-HE1, as successor in interest to Mortgage Electronic

Registration Systems, Inc. (hereinafter "Ocwen"), and for the legal basis of its motion for

summary judgment, states that plaintiff Robert Bellistri did not fully comply with the notice

requirements of Section 140.405 R.S.Mo. in obtaining his Collector's Deed following the August

22, 2005 tax sale in two ways.  First, Bellistri did not comply with the statute because he failed to

provide proper notice by certified mail to all persons who held a publicly recorded deed of trust,

mortgage, lease, lien or claim upon the real estate of their right to redeem such publicly recorded

security or claim, to-wit: Bellistri failed to notify the beneficiary of a recorded deed of trust.

Secondly, the content of the notice given to other interest holders was misleading and failed to

comply with the provisions of the statute.

WHEREFORE, defendant Ocwen prays for summary judgment dismissing plaintiff's

petition at his own costs, declaring that plaintiff has lost all interest in the real estate, and for

such other and further relief as this Court deems just and proper in the circumstances.

JEFFREY T. WEISMAN, #34075
BLAKE D. HILL, #58926
Attorneys for Ocwen
502 Earth City Expressway, Ste. 317
Earth City MO  63045
314-770-2120 ext, 101; 314-770-1850 fax
S&W 07-2145

## Certificate Of Service

A true and accurate copy of the foregoing was mailed postage-prepaid this ___ day of
~~January~~ February 2008 to Phillip Gebhardt, 1270 North Main Street, Desoto MO  63020; Richard Gartner,
220 Salt Lick Road, St. Peters MO  63376.



# SHAPIRO & WEISMAN, L.C.

### ATTORNEYS AT LAW

Gerald M. Shapiro
Admitted in Illinois and
Florida only
David S Kreisman
Admitted in Illinois
Jeffrey T. Weisman

February 6, 2008

Clerk of Jefferson County
Division 4
P.O. Box 100
Courthouse, 300 2nd St.
Hillsboro, MO  63050

Style of Case:     Robert Bellistri v. Glen Crouther, et al.
                   06JE-CC893J4

Property Address:  1210 Airglades Drive, Arnold, MO 63010
                   Imperial, MO 63052

S&W File No.:      07-2145

Dear Clerk:

Enclosed please find the following from Defendant Ocwen Loan Servicing, LLC:

1.   Motion for Summary Judgment
2.   Statement of Uncontroverted Facts, with exhibits
3.   Memorandum of Law in Support of Summary Judgment

Please return a file stamped copy of the copies of the first pages to our office in the envelope provided.  Thank you for your kind assistance.
Please let us know if you need anything further.

Very truly yours,

Blake D. Hill
Associate Attorney

Enclosure(s)

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

**FILED**

JAN **3 1** 2008

HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI                    )
                                    )
            Plaintiff,              )
                                    )       Cause No. 06JE-CC893J4
v.                                  )
                                    )
GLEN CROUTHER, et.al.               )
                                    )
            Defendants.             )

## SEPARATE DEFENDANT OCWEN'S RESPONSE
## TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

Comes now separate Defendant OCWEN Loan Servicing, L.L.C. as agent and servicer

for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC

Mortgage Capital Trust 2002-HE1, as successor in interest to Mortgage Electronic Registration

Systems, Inc. (hereinafter "Ocwen") and for its response to plaintiff's motion for summary

judgment states as follows:

**Response to Plaintiff's Factual Allegations**

1.      Ocwen admits that Robert Bellsitri is an individual.  Ocwen is without sufficient

        information or belief with which to admit or deny any remaining factual allegations in

        paragraph 1 and therefore denies same.

2.      Admit.

3.      Deny.  **(See the referenced Deed of Trust, attached hereto as Defendant's Exhibit**

        **RSJ-1, which states that Mortgage Electronic Registration Systems, Inc.**

        **("MERS") is the named beneficiary on the subject Deed of Trust ("MERS is the**

        **beneficiary under this Security Instrument").**

4.      Defendant Ocwen admits that a Notice of Federal Tax Lien dated March 23, 2005 and

filed March 29, 2005 as tax lien No.23273 of the Jefferson County Land Records in the amount of $25,205.74 was filed. However, Plaintiff's Motion for Summary Judgment fails to specify to whom notice was given. As the tax lien on its face lists only Defendant Glen L. Crouther, Ocwen is without sufficient information to admit or deny this averment as to any other persons or interests. **(See Notice of Federal Tax Lien, Exhibit RSJ-2).**

5.　　Defendant Ocwen admits that a Collector's Deed dated September 19, 2006 and recorded September 19, 2006 as Document No. 2006R-046167 of the Jefferson County Land Records was filed and purported to convey an interest to Bellistri. However, a genuine issue of material fact exists over whether the purchaser Bellsitri gave proper notice to those entitled to redeem, and whether the substance of the notice to redeem was properly stated. Therefore a material and genuine issue exists as to whether Plaintiff followed all required procedures to obtain the Collector's Deed. **(See Defendant's Affidavit, affixed hereto as Exhibit RSJ-3).**

6.　　Deny. **(See the referenced Assignment, attached hereto as Defendant's Exhibit RSJ-4, wherein MERS is the designated beneficiary).**

## Additional Material Facts

### Undisputed

1.　　Regarding the March 4, 2002 Deed of Trust **(Exhibit RSJ-1)** recorded on March 8, 2002 as document # 020012853 securing principal amount of $93,595.00:

　　　a.　　Millsap, Singer & Dunn P.C. was the named trustee with an address of 777 Bonhomme, Suite 2300 St. Louis MO 63105; and

　　　b.　　Mortgage Electronic Registration Systems, Inc. was the named beneficiary on

the Deed of Trust and nominee for BNC Mortgage, Inc. with an address of

P.O. Box 2026, Flint, MI 48501-2026.  **(See Exhibit RSJ-3).**

2.      Defendant Ocwen is now last assignee and holder of the Deed of Trust. **(See**

**Assignment of Deed of Trust, Exhibit RSJ-4; Exhibit RSJ-3; See also Plaintiff's**

**Statement of Uncontroverted Facts 6, First Amended Motion for Summary**

**Judgment).**

3.      The August 22, 2005 tax sale pursuant to which plaintiff obtained a Collector's

Deed, dated September 19, 2006 and recorded September 19, 2006 as Document No.

2006R-046167 of the Jefferson County Land Records, was not the third such offering

by the Jefferson County Collector.  **(See Plaintiff's Responses to Ocwen's Request**

**for Admissions No. 1, which Admissions are affixed hereto as Exhibit RSJ-5).**

4.      Bellistri did not mail by certified mail any notice of any right to redeem, or any other

correspondence, to Mortgage Electronic Registration Systems, Inc. ("MERS"), who is

the named beneficiary on the subject Deed of Trust. **(Admissions 5, 6, 8, 13, 14,**

**Exhibit RSJ-5; Exhibit RSJ-3).**

5.      Bellistri's letter of May 12, 2006 addressed to BNC Mortgage is the only purported

notice of the right to redeem to any person or entity listed on the Deed of Trust, and

states in part: "To redeem your security claim, contact, [sic] Beth Mahn, Collector of

Revenue, Jefferson County, Missouri @ 636-797-5406 with [sic] 90 days from the

date of receipt of this letter."  **(See Exhibit RSJ-6; Exhibit RSJ-5, Admission 14).**

6.      § 140.405 R.S.Mo. (2007) provides:  "At least ninety days prior to the date when a

purchaser is authorized to acquire the deed, the purchaser shall notify any person who

holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real

estate of the latter person's right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate." **(A copy of the statute is affixed hereto as Exhibit RSJ-7).**

## Disputed Material Facts as to Plaintiff's Claims

7.    First, Plaintiff asserts that its title is valid, an assertion which Defendant Ocwen disputes and is material to Plaintiff's claims for quiet title, tax sale confirmation, declaratory judgment and ejectment.  Defendant asserts that Plaintiff's Collector's Deed is void because Plaintiff failed to notify all persons of the right to redeem as required by § 140.405 R.S.Mo. (2007); Specifically, MERS is a beneficiary of the Deed of Trust and as such was entitled to notice under the statute.  **(See Exhibits RSJ-1, RSJ-1; RSJ-5, Admissions 5,6,8,13,14).**

8.    Second, Plaintiff's  Collector's Deed is void because the substance of Plaintiff's purported notice did not comply with § 140.405 R.S.Mo. (2007). **(See Exhibit RSJ-5, Admissions 12,13,14; Exhibit RSJ-6).**

9.    Defendant Ocwen has superior title to Plaintiff. **(See Exhibits RSJ-3, RSJ-4; See also Plaintiff's Statement of Uncontroverted Facts 6, First Amended Motion for Summary Judgment).**

10.    Ocwen has submitted to this Court its Legal Memorandum in Opposition to Plaintiff's Amended Motion for Summary Judgment, and incorporates same by reference as

though fully set forth herein.

WHEREFORE, Defendant Ocwen prays this Honorable Court for an Order Denying

Plaintiff's Motion for Summary Judgment and for such other and further relief as this Court

deems just and proper in the circumstances.

JEFFREY T. WEISMAN, #34075
BLAKE D. HILL, #58926
Attorneys for Ocwen
502 Earth City Expressway, Ste. 317
Earth City MO  63045
314-770-2120 ext, 101
314-770-1850
S&W 07-2145

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing entry was mailed postage-prepaid this 30th day of January, 2008, to Phillip Gebhardt, 1270 North Main Street, Desoto MO  63020; Richard Gartner, 220 Salt Lick Road, St. Peters MO  63376.

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

FILED

JAN 3 1 2007

HOWARD WAGNER
CIRCUIT CLERK

ROBERT BELLISTRI      )
                      )
        Plaintiff,    )
                      )        Cause No. 06JE-CC893J4
v.                    )
                      )
GLEN CROUTHER, et.al. )
                      )
        Defendants.   )

## DEFENDANT OCWEN'S LEGAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

Comes now OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as successor in interest to Mortgage Electronic Registration Systems, Inc. (hereinafter "Ocwen") and offers its Suggestions in Opposition to Plaintiff's Motion for Summary Judgment.

**Standard**

"The purpose of summary judgment under Missouri's fact-pleading regime is to identify cases (1) in which there is no genuine dispute as to the facts and (2) the facts as admitted show a legal right to judgment for the movant." *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. 1993) (hereinafter "*ITT*"); Rule 74.04(c)(6). "Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Id* at 376. "For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A 'genuine issue' is a dispute that is real, not

merely argumentative, imaginary or frivolous." *Id.* at 382. "A 'material fact' is a fact of such

significance or probative value as to control or determine the outcome of the litigation." *Lewis v.*

*Biegel*, 204 S.W.3d 354, 356 (Mo. Ct. App. 2006) (citations omitted).

**Burdens**

Bellistri bears the burden of making a prima facie case for summary judgment, and only

then must Ocwen provide contrary evidence. *Itt* at 381. Ocwen acknowledges that the

Collector's Deed is prima facie evidence of title in fee simple. *Stadium West Props., L.L.C. v.*

*Johnson*, 133 S.W.3d 128, 136 (Mo. Ct. App. 2004). However, Ocwen also acknowledges that

"this does not prevent an opposing party from attempting to overcome this prima facie evidence

of regularity by offering its own evidence at variance with the title…" *Id.* Indeed, Ocwen is able

to overcome Bellistri's prima facie case as competent evidence exists that shows Bellistri failed

to comply with the law.

Robert Bellistri did not fully comply with the notice requirements of Section 140.405

R.S.Mo. in obtaining his Collector's Deed following the August 22, 2005 tax sale in two ways.

First, Bellistri did not comply with the statute because he failed to provide proper notice by

certified mail to all persons who held a publicly recorded deed of trust, mortgage, lease, lien or

claim upon the real estate of their right to redeem such publicly recorded security or claim, to-

wit: Bellistri failed to notify the beneficiary of a recorded deed of trust. Secondly, the content of

the notice given to other interest holders was misleading and failed to comply with the provisions

of the statute. Bellistri's title is in genuine dispute, upon facts of statutory non-compliance.

The fact of Bellistri's statutory noncompliance directly determines title to the subject

property and the outcome of this litigation, and is therefore material. *Lewis*, 204 S.W.3d at 356.

Ocwen's contrary position is not merely argumentative, but is supported by credible evidence,

and is therefore genuine. *ITT* at 382.  Bellistri's Motion for Summary Judgment should therefore be denied as a matter of law.

**Bellistri's Interest in the Property is Conditioned Upon Statutory Notice Requirements**

Section 140.405 R.S.Mo. provides that a purchaser of property at a delinquent land tax auction shall not acquire the deed  to the property pursuant to § 140.420 R.S.Mo. unless it complies with the following:

> At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify *any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right* to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. *Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate.*

§ 140.405 R.S.Mo. (2007) (emphasis added).

**The Deed of Trust Beneficiary Did Not Receive Notice**

Bellistri did not provide notice of the right to redeem to Mortgage Electronic Registration Systems, Inc. ("MERS"), who is the named beneficiary and nominee for the lender on the subject Deed of Trust. **(See Exhibits RSJ-1, RSJ-6; Exhibit RSJ-5, Admissions 5,6,8,12,13,14).** "Section 140.405 RSMo Supp. 2006 requires a purchaser at a tax sale to notify all deed of trust holders of their right to redeem. ***Notice to a deed of trust holder must be sent by certified mail to the deed of trust beneficiary at the beneficiary's last known address.***" *Glasgow Enters. v. Kusher*, 231 S.W.3d 201, 204 (Mo. Ct. App. 2007). Even sending notice to the *trustee* at the

beneficiary's last known address is insufficient for strict compliance with section 140.405. *Id.* Notice must be made to the beneficiary. Therefore, Bellistri's failure to provide proper notice to MERS is fatal to his claim to the Property and alone sufficient to defeat his motion for summary judgment. Bellistri not only failed to provide the beneficiary notice, providing notice only to BNC, but the contents of his purported notice also failed to satisfy the statutory requirements.

**The Substance of Bellistri's Notice Does Not Comply With § 140.405 R.S.Mo. (2007)**

The purported notice that Bellistri provided solely to BNC Mortgage, was not in compliance with chapter 140 R.S.Mo. as it misrepresented the time frame within which an interest holder might redeem. (**See Exhibit RSJ-6; Exhibit RSJ-5, Admission 12**). Under § 140.405 R.S.Mo., the time when a purchaser "is authorized to acquire the deed" is not a date certain. *See Boston v. Williamson*, 807 S.W.2d 216, 218 (Mo. Ct. App. 1991). However, while the purchaser may elect that date, it must be *no sooner* than provided in section 140.420 R.S.Mo:

> If no person shall redeem the lands sold for taxes *within one year from the sale*, at the expiration thereof, and on production of certificate of purchase, the collector of the county in which the sale of such lands took place shall execute to the purchaser, his heirs or assigns, in the name of the state, a conveyance of the real estate so sold…

§ 140.420 R.S.Mo. (2007) (emphasis added). That is, following the first offering tax sale of August 22, 2005, the lienholder has an absolute statutory right to redeem at any time for one year: "The owner or occupant of any land or lot sold for taxes, or any other persons having an interest therein, may redeem the same at any time during the one year next ensuing…" § 140.340.1 R.S.Mo. (2007). During that year, the purchaser is vested with an inchoate interest, and legal title cannot vest until after that one year period (August 22, 2006) and compliance with the requirements of chapter 140. *See M & P ENTERPRISES v. TRANSAMERICA FIN. SERVS.,*

944 S.W.2d 154, 157 (Mo. 1997).

Bellistri's notification letter states in part: "To redeem your security claim, contact, [sic] Beth Mahn, Collector of Revenue, Jefferson County, Missouri @ 636-797-5406 with [sic] *90 days from the date of receipt of this letter.*" **(Exhibit RSJ-6)** (emphasis added). Bellistri's letter was received on May 13, 2006. **(Exhibit RSJ-8)**. Ninety days from May 13, 2006 was August 11, 2006, which is 11 days prior to the expiration of one year from the sale date. Therefore, while the notice was sent more than 90 days prior to one year from the date of sale, the notice misinformed the lienholder that the absolute redemption period expired sooner than provided by law. The Court of Appeals has recently addressed a similar circumstance, and found that notice was insufficient.

In *Valli v. Glasgow Enters.*, 204 S.W.3d 273 (Mo. Ct. App. 2006), after a third offering tax sale, the purchaser provided notice stating that the lienholder's right to redeem must be exercised "within ninety days of the date of this notice." *Id.* at 277. The court in that case held that the notice was improper because the statute provided that after a third offering sale, the redemption period was ninety days after the purchaser "notified the County Collector by affidavit that proper notice has been given," which time was *after* the actual date of the letter. *Id.* (citations omitted). The mandated result was that the purchaser lost interest in the property:

> [T]he notice requirements of Section 140.405 use the term "shall." "It is clear that when a statute mandates that something be done by providing that it shall occur, and it also provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed." The failure of a purchaser to comply with these notice provisions "shall result in [such purchaser's] loss of all interest in the real estate."

*Id.* at 276-277 (citations omitted).

While the present case involves a first offering tax sale, the required result is the same. Bellistri failed to comply with the mandatory language of chapter 140.  Since the notice was improper, Bellistri has lost all interest in the subject property.  *Stadium West Props., L.L.C.*, 133 S.W.3d  at 134.

**Conclusion**

Bellistri's reliance on the Collector's Deed to claim right as a matter of law to quiet title in the subject property is insufficient to obtain a judgment for summary judgment because his prima facie showing of entitlement to judgment has been rebutted by Ocwen's competent evidence placing the material issue of notice and title into genuine dispute.  Bellistri did not mail the statutory notice to the Deed of Trust beneficiary, and the purported notice provided to BNC is equally insufficient as its contents did not comply with the statute.  Without such notice, the Collector's Deed does not vest Bellistri with superior title.  Because this statutory compliance is critical to the validity of Bellistri's claim to the Property and his action to quiet title, this failure to provide notice - an undisputed fact – defeats Bellistri's claim to undisputed title.  Therefore, Ocwen has met its burden and Bellistri's motion should be denied as a matter of law.

WHEREFORE, Defendant Ocwen prays this Honorable Court for an Order Denying Plaintiff's Motion for Summary Judgment and for such other and further relief as this Court deems just and proper in the circumstances.

JEFFREY T. WEISMAN, #34075
BLAKE D. HILL, #58926
Attorneys for Ocwen
502 Earth City Expressway, Ste. 317
Earth City MO  63045
314-770-2120 ext, 101
314-770-1850
S&W 07-2145

<u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the foregoing entry was mailed postage-prepaid this 30th day of January, 2008 to Phillip Gebhardt, 1270 North Main Street, Desoto MO  63020; Richard Gartner, 220 Salt Lick Road, St. Peters MO  63376.



PAGE 1/17

020012853

FILED AND RECORDED
IN OFFICIAL RECORD OF
JEFFERSON COUNTY, MO
2002 MAR -8 PM 3: 24
MARLENE CASTLE
RECORDER OF DEEDS

Return To:

EMC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

Lender address located on page 2
Trustee address located on page 2
Full Legal Description located on page 3

[Space Above This Line For Recording Data]

#01847        **DEED OF TRUST**
                          MIN 100122220000045899

Loan No.: 8306347CMCU

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 8, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated March 4, 2002 together with all Riders to this document. GRANTOR
(B) "Borrower" is GLENN L. CROUTHER, A SINGLE PERSON

whose address is 8441 NORIX
SAINT LOUIS,MO 63134
Borrower is the trustor under this Security Instrument.

GRANTEE: EMC MORTGAGE INC, A DELAWARE CORPORATION

MISSOURI-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS     Form 3026   1/01


DEFENDANT'S EXHIBIT
RSJ - 1


DEFENDANT'S EXHIBIT
B



















03/15/2007 10:52 PAGE 4/17

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. [illegible]

[illegible]

[illegible] 3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and

Initials: [signature] Form 3025 1/01

Page 4 of 16

[illegible](MO) (0101)

Case: 4:09-cv-00731-CAS   Doc. #: 25   Filed: 03/31/10   Page: 46 of 97 PageID #: 508

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

[remainder of page illegible]





NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall mail copies of a notice of sale in the manner prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property to any later time on the same date by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. Lease of the Property. Trustee hereby leases the Property to Borrower until this Security Instrument is either satisfied and released or until there is a default under the provisions of this Security Instrument. The Property is leased upon the following terms and conditions: Borrower, and every person claiming an interest in or possessing the Property or any part thereof, shall pay rent during the term of the lease in the amount of one cent per month, payable on demand, and without notice or demand shall and will surrender peaceable possession of the Property to Trustee upon default or to the purchaser of the Property at the foreclosure sale.

26. Homestead Exemption. Borrower hereby waives all homestead exemptions in the Property to which Borrower would otherwise be entitled under Applicable Law.

Page 14 of 16                                    Form 3425   1/01

27. Notice. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of debt including promises to extend or renew such debt are not enforceable. To protect you (Borrower(s)) and us (Creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

______________________ _______________________(Seal)
GLEN L. CROOTHER -Borrower

______________________ _______________________(Seal)
-Borrower

_______________________(Seal) _______________________(Seal)
-Borrower -Borrower

_______________________(Seal) _______________________(Seal)
-Borrower -Borrower

_______________________(Seal) _______________________(Seal)
-Borrower -Borrower

STATE OF MISSOURI, County of Jefferson

On this 5th day of March, 2002, before me personally appeared [illegible], a single person

to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

My Term Expires:

[signature]
Notary Public

DEANNA L. [illegible]
Notary Public - Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: Dec. 3, 2004

Case: 4:09-cv-00731-CAS   Doc. #:  25   Filed: 03/31/10   Page: 51 of 97 PageID #: 513

Loan No.: STO5547CBOU

**ADJUSTABLE RATE RIDER**
(LIBOR 6-Month Index - Rate Cap)

THIS ADJUSTABLE RATE RIDER is made this    4th  day  of  March,  2001 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Adjustable Rate Note (the "Note") to  BNC MORTGAGE, INC., A DELAWARE
CORPORATION        (the "Lender") of the same date and covering the property described in the
Security Instrument and located at:

1719 AIRGLADES DRIVE, ARNOLD, MO 63010
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS.  In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

**INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of    9.650 %.  The Note provides for changes in
the interest rate and the monthly payments, as follows:

**"4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the first day of   April,    2004  , and on that
day every   6th   month thereafter. Each date on which my interest rate could change is called a
"Change Date."
(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is
the average of interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market
based on quotations of major banks, as published in the "Money Rates" section of The Wall Street Journal.
The most recent Index figure available as of the date 45 days before each Change Date is called the
"Current Index."
If the Index is no longer available, the Note Holder will choose a new Index which is based upon
comparable information. The Note Holder will give me notice of this choice.

ADJUSTABLE RATE RIDER - LIBOR 6 MONTH INDEX-Single Family-                                    Rev. 11/95
Page 1 of 3

Borrower Initials



03/16/2007 10:52             PAGE 17/17

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And 7/8/1000 percentage points ( 6.760 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 11.690 % or less than 9.690 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 00/100 percentage point(s) ( 1.00 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 16.690 % or less than 9.690 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice. "

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Adjustable Rate Rider.

_____ (Seal)        _____ (Seal)
GLEN L. CROUTHER    - Borrower                           - Borrower

_____ (Seal)        _____ (Seal)
             - Borrower                           - Borrower

_____ (Seal)        _____ (Seal)
             - Borrower                           - Borrower

ADJUSTABLE RATE RIDER-LIBOR 6 MONTH INDEX-Single Family             Rev. 12/03
Page 2 of 2

Borrower Initials : _____ _____

MDA00007

9329

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

23273

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #9<br>Lien Unit Phone: (651) 312-8080 | Serial Number<br><br>220056805 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  GLEN L CROUTHER

Residence      1210 AIRGLADES
               ARNOLD, MO 63010

**FILED FOR RECORD**
AT 8 O'CLOCK 23 MIN 4 M.
MAR _ MAR "2"9 2005
MARLENE CASTLE, RECORDER
JEFFERSON COUNTY, MO

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 6672 | 03/31/2001 | 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 | 03/29/2004 | 04/28/2014 | 2937.45 |
| 6672 | 06/30/2001 | 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 | 03/29/2004 | 04/28/2014 | 4212.78 |
| 6672 | 09/30/2001 | 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 | 03/29/2004 | 04/28/2014 | 3627.46 |
| 6672 | 12/31/2001 | 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 | 03/29/2004 | 04/28/2014 | 3937.21 |
| 6672 | 03/31/2002 | 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 | 03/29/2004 | 04/28/2014 | 3369.92 |
| 6672 | 06/30/2002 | 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 | 03/29/2004 | 04/28/2014 | 3789.44 |
| 6672 | 09/30/2002 | 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 | 03/29/2004 | 04/28/2014 | 3331.48 |

## Summary Judgment No. 3

| Place of Filing | Recorder of Deeds<br>Jefferson County<br>Hillsboro, MO 63050 | Total | $ | 25205.74 |
|---|---|---|---|---|

This notice was prepared and signed at _____ ST PAUL, MN _____ , on this,

the ___ 23rd ___ day of ___ March ___, ___ 2005 ___

| Signature<br><br>*Sherwood*<br>for MELODY A ROEBUCK | Title<br>REVENUE OFFICER<br>(314) 513-3308 | 29-09-2642 |
|---|---|---|

**DEFENDANT'S
EXHIBIT
RS-2**

(NOTE: Certificate of officer a[...] ledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B.[...]

[...]venue Service TDA Conv

Form 668(Y)(c) (Rev. 2-2004)

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI     )
           )
           )
  Plaintiff,     )  Cause No. 06JE-CC893J4
           )
v.          )
           )
GLEN CROUTHER, et.al.   )
           )
  Defendants.    )

## AFFIDAVIT OF DEFENDANT OCWEN
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

State of FLORIDA     )
          )ss
County of ORANGE    )

COMES NOW, Jessica Dybas, as authorized agent of separate Defendant OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as successor in interest to Mortgage Electronic Registration Systems, Inc. as nominee for BNC Mortgage, Inc (hereinafter "Ocwen"), and upon his oath states as follows:

1. Affiant is of legal age and sound mind, capable of making this affidavit and personally acquainted with the facts herein stated.

2. Affiant is the agent of Ocwen and custodian of records duly authorized to make this affidavit.

3. Glen L. Crouther ("Crouther") obtained, by General Warranty Deed, dated on March 5, 2002 and recorded March 8, 2002, as Document No. 020012852 of the Jefferson County Records, title to the property commonly known as 1210 Airglades, Arnold, Missouri 63010 ("Property") and more particularly described as:

> **All of Lot Fifty-six (56) of BAYSHORE NOTH PLAT ONE, a Subdivision in U.S. Survey 2020, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri, in Plat Book 40, Pages 13 and 14.**

4. Crouther executed a Deed of Trust on the Property dated March 4, 2002 and recorded March 8, 2002, as Document No. 020012853 of the Jefferson County Records, in favor of



Millsap, Singer & Dunn, PC as trustee for Mortgage Electronic Registration Systems ("MERS") the beneficiary and as nominee for BNC Mortgage, Inc. ("BNC").

5.    The titles and addresses for Millsap, Singer & Dunn, P.C., MERS and BNC are all listed on the Deed of Trust.

6.    MERS is the named beneficiary under the Security Agreement in the Deed of Trust.

7.    Pursuant to the April 4, 2007 assignment of the Deed of Trust, recorded April 23, 2007 as Document 2007R-018586 of the Jefferson County Records, Defendant OCWEN Loan Servicing, L.L.C. is the agent and servicer for Deutsche Bank National Trust Company, Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, successor in interest to MERS, nominee for BNC.

8.    To affiant's knowledge, neither Ocwen nor Deutsche Bank National Trust Company or MERS received notice from Plaintiff Bellistri of any right to redeem the Property following the Jefferson County tax sale of the Property on August 22, 2005.

FURTHER, AFFIANT SAYETH NOT.

*Jessica Dybas*

Affiant Jessica Dybas – Default Liaison

On this 29th day of January, 2008, before me personally appeared Jessica Dybas to me known to be the person described in and who executed the foregoing instrument and acknowledged that he/she executed the same as his/her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office on the day and year first above-written.

Notary Public

My commission expires: 8/28/2010



Notary Public State of Florida
Queen Roberts
My Commission DD566550
Expires 08/28/2010

276



*2007R-018586 2*
**2007R-018586**
FILED AND RECORDED
IN OFFICIAL RECORD
04/23/2007    09:35:39AM
MARLENE CASTLE, RECORDER
PAGES  2
REC FEE:  27.00
NS FEE:

Shapiro & Weisman
002 Earth City Expwy
Ste 917
Earth City Mo 63045

Title of Document:  Assignment of Deed of Trust

Date of Document:  April 4, 2007

Grantor(s):  Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for BNC Mortgage Inc., its successors and assigns

Mailing Address(s):  3300 SW 34 Avenue, Suite 101, Ocala, FL 34474

Grantee(s):  cwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, c/o Ocwen Loan Servicing, LLC

Mailing Address(s):  1661 Worthington Road, Suite 100, West Palm Beach, FL 33409

Legal Description:  All of Lot 56 of Bayshore North Plat One, a subdivision in U.S. Survey 203, as shown by plat on file in the Recorder's Office of Jefferson County, Missouri in Plat Book 40 Pages 13 and 14.

Reference Instrument No.:  020012853

(IF THERE IS NOT SUFFICIENT SPACE ON THIS PAGE FOR THE INFORMATION REQUIRED, STATE THE PAGE REFERENCE WHERE IT IS CONTAINED WITHIN THE DOCUMENT.)
07-2145

DEFENDANT'S EXHIBIT C

DEFENDANT'S EXHIBIT RSJ-4

Prepared By:  ANN PINTO
Ocwen Loan Servicing,LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
LOAN NUMBER: 31177090
ATTORNEY CODE: 14004

## ASSIGNMENT OF DEED OF TRUST
## MISSOURI

This ASSIGNMENT OF DEED OF TRUST is made and entered into as of this 4th day of APRIL, 2007 , from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., whose address is 3300 SW 34 Avenue, Suite 101, Ocala, FL 34474, its successors and assigns, as nominee for BNC MORTGAGE INC. its successors and assigns, ("Assignor) to OCWEN LOAN SERVICING, LLC, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE CDC MORTGAGE CAPITAL TRUST 2002-HE1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-HE1 whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of JEFFERSON County, State of MISSOURI, as follows:

Trustor: GLEN L. CROUTHER
Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR BNC MORTGAGE INC.
Trustee: MILLSAP, SINGER & DUNN P.C.
Document Date: MARCH 4, 2002
Date Recorded: 3/8/02
Instrument Number: 02001285 3
Book/Volume/Docket/Liber:
Page/Folio:
Property Address: 1210 AIRGLADES DRIVE , ARNOLD , MO, 63010
LEGAL DESCRIPTION:
ALL OF LOT 56 OF BAYSHORE NORTH PLAT ONE, A SUBDIVISION IN U.S. SURVEY 202, AS SHOWN BY PLAT ON FILE IN THE RECORDER'S OFFICE OF JEFFERSON COUNTY, MISSOURI IN PLAT BOOK 40 PAGES 13 AND 14.

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges.

This Assignment is made without recourse, representation or warranty.

DATED:  APRIL 04, 2007.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
ACTING SOLELY AS NOMINEE FOR BNC MORTGAGE INC.

BY:
NAME:  Scott Anderson
TITLE:  Vice President
STATE OF FLORIDA        )
                        )ss.
COUNTY OF PALM BEACH  )
This instrument was acknowledged before me on APRIL 04, 2007, by Scott Anderson, with whom I am personally acquainted with to be the Vice President of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR BNC MORTGAGE INC., executed the foregoing instrument for the purposes contained therein, by signing the name of the Bank by himself as the Vice President. Witness my Hand and Seal of Office, the day and year above written.

Notary Public

MIN: 100122200000065299

MERS Ph.#:  (888) 679 - 6377

NOTARY PUBLIC-STATE OF FLORIDA
Doris Chapman
Commission # DD518204
Expires:  FEB. 14, 2010
Bonded Thru Atlantic Bonding Co., Inc.

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI                    )
                                    )
                                    )
              Plaintiff,            )
                                    )        Cause No. 06JE-CC893J4
                                    )
v.                                  )
                                    )
GLEN CROUTHER, et.al.               )
                                    )
              Defendants.           )

**RESPONSES TO**
**SEPARATE DEFENDANT OCWEN'S FIRST SET OF REQUESTS FOR**
**ADMISSIONS DIRECTED TO PLAINTIFF ROBERT BELLISTRI**

Comes now Plaintiff, by and through his attorney, and for his Responses to

Separate Defendant Ocwen's First Set of Requests for Admissions Directed to Plaintiff

Robert Bellistri, states:

**Requests for Admissions**

1.      Admit that the tax sale on August 22, 2005 whereby you obtained your

Collector's Deed was not a third offering sale.

              ADMIT        or       DENY

RESPONSE:  Admit

2.      Admit that, to your knowledge, neither you nor anyone on your behalf

conducted a title search on the Property prior to May 12, 2006.

              ADMIT        or       DENY

RESPONSE:  Deny

3.      Admit that the right of any person or entity to redeem following the tax

sale of August 22, 2005 did not expire prior to August 22, 2006.

              ADMIT        or       DENY



1

RESPONSE:  OBJECTION:  This request calls for a legal conclusion as to the rights of persons or entities to redeem their interest from a tax sale.  The Court will determine such rights.

4.      Admit that lienholders had the right to redeem.

ADMIT      or      DENY

RESPONSE:  OBJECTION:  This request calls for a legal conclusion regarding the rights of lien holders to redeem their interest from a tax sale.  The Court will determine such rights.

5.      Admit that you did not send any correspondence to Mortgage Electronic Registration Systems, Inc. ("MERS") by certified mail addressed to MERS.

ADMIT      or      DENY

RESPONSE:  Admit

6.      Admit that you did not send any correspondence to Mortgage Electronic Registration Systems, Inc. ("MERS") and directed to the address of P.O. Box 2026, Flint, MI 48501-2026 between the tax sale of the Property on August 22, 2005 and the time you obtained the Collector's Deed.

ADMIT      or      DENY

RESPONSE:  Admit

7.      Admit that you cannot produce an original or copy of any notice of right to redeem sent to MERS by you.

ADMIT      or      DENY

RESPONSE:  OBJECTION:  This request assumes that MERS had a right to redeem, which is a legal right to be determined by the Court.

8.     Admit that you cannot produce an original or copy of any certified mail return receipt for any correspondence or document sent to MERS by you between August 22, 2005 and August 22, 2006.

ADMIT      or      DENY

RESPONSE: Admit

9.     Admit that you did not provide notice to Millsap, singer & Dunn, PC ("MS") of its potential right to redeem between August 22, 2005 and 90 days prior to obtaining the Collector's Deed.

ADMIT      or      DENY

RESPONSE: OBJECTION: This request assumes that Millsap, Singer & Dunn, P.C., or its successor(s) had a legal interest in the subject property to which a right to redeem attaches, which is a legal conclusion and is a legal right to be determined by this Court.

10.     Admit that you did not provide notice to Mortgage Electronic Registration Systems, Inc. ("MERS") of its potential right to redeem between August 22, 2005 and 90 days prior to obtaining the Collector's Deed.

ADMIT      or      DENY

RESPONSE: OBJECTION: This request assumes that Mortgage Electronic Registration Systems, Inc. had a legal interest in the subject property to which a right to redeem attaches, which is a legal conclusion and is a legal right to be determined by this Court.

11.     Admit that you did not provide notice to each and every person whose name and address is listed on the Deed of Trust on the Property of their potential right to

3

redeem between August 22, 2005 and 90 days prior to obtaining the Collector's Deed.

ADMIT     or     DENY

RESPONSE:  OBJECTION: This request assumes that each and every person whose name and address is listed on the Deed of Trust on the Property had a legal interest in the subject property to which a right to redeem attaches, which is a legal conclusion and is a legal right to be determined by the Court.

12.     Admit that **Exhibit A-1** is a true and correct copy of a letter from you to BNC Mortgage dated May 12, 2006.

ADMIT     or     DENY

RESPONSE:  Admit

13.     Admit that **Exhibit A-1** was mailed via certified mail to BNC Mortgage at the address of 1901 Main Street, Irvine, CA 92614 and to no other person or entity.

ADMIT     or     DENY

RESPONSE:  Admit

14.     Admit that **Exhibit A-1** is your only letter purporting to give notice of the right to redeem sent by you to any person or entity which name and corresponding address is listed on the Deed of Trust attached to your Affidavit In Support of Plaintiff's Motion for Summary Judgment as Plaintiff's Motion for SJ Exhibit 2.

ADMIT     or     DENY

RESPONSE:  Admit

15.     Admit that you did not strictly comply with the provisions of Chapter 140 R.S.Mo. following the August 22, 2005 tax sale of the Property.

ADMIT     or     DENY

4

RESPONSE:  OBJECTION:  This request calls for a legal conclusion as to compliance with Chapter 140 R.S.Mo., which is a legal determination to be made by the Court

15.     Admit that you did not provide notice to each and every person having an interest in the subject property of their potential right to redeem.

ADMIT      or      DENY

RESPONSE:  OBJECTION:  This request calls for a legal conclusion as to the identity of each and every person having a right to redeem in the subject property.  This determination is to be made by the Court.

16.     Admit that there is a genuine issue of material fact as to at least one fact necessary for you to establish clear title in the Property.

ADMIT      or      DENY

RESPONSE:  Deny

Respectfully submitted,

Phillip K. Gebhardt          29569
1720 North Main Street
Desoto, Missouri 63020
636-337-0615
Fax 636-586-3504
Attorney for Plaintiff


Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Response to Request for Admissions
File No. 06-348-L-5352
pkg

5

1 of 1 DOCUMENT

LEXISNEXIS (R) MISSOURI ANNOTATED STATUTES

*** CURRENT THROUGH THE FIRST EXTRA SESSION OF THE REGULAR SESSION ***
*** OF THE 94TH GENERAL ASSEMBLY (2007) ***
*** MOST CURRENT ANNOTATION SEPTEMBER 4, 2007 ***

TITLE 10.  TAXATION AND REVENUE (Chs. 135-155)
CHAPTER 140.  COLLECTION OF DELINQUENT TAXES GENERALLY
REAL ESTATE TAXES

**GO TO MISSOURI STATUTES ARCHIVE DIRECTORY**

*§ 140.405 R.S.Mo.*  (2007)

§ 140.405. Purchaser of property at delinquent land tax auction, deed issued to, when--affidavit--notice of right of re-
demption--loss of interest, when

Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as pro-
vided for in *section 140.420*, until the person meets with the following requirement or until such person makes affidavit
that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At
least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any per-
son who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's
right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such per-
son, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous
to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall
result in such purchaser's loss of all interest in the real estate. If any real estate is purchased at a third-offering tax auc-
tion and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said
property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien
or claim upon the real estate pursuant to this section. Once the purchaser has notified the county collector by affidavit
that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the
property shall have ninety days to redeem said property or be forever barred from redeeming said property. If the county
collector chooses to have the title search done then the county collector must comply with all provisions of this section,
and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to *section 140.420*.

**HISTORY:** L. 1984 S.B. 707, A.L. 1987 H.B. 283, A.L. 1996 H.B. 1469 merged with S.B. 914,  A.L. 1998 S.B. 778,
A.L. 2003 S.B. 295


DEFENDANT'S
EXHIBIT
PSJ-7

USPS - Track & Confirm

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do

 **UNITED STATES POSTAL SERVICE**

Track & Confirm        FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: 7004 1350 0002 1416 0716
Status: Delivered

Your item was delivered at 12:30 pm on May 13, 2006 in IRVINE, CA
92623. A proof of delivery record may be available through your local Post
Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA





## SHAPIRO & WEISMAN, L.C.

ATTORNEYS AT LAW

Gerald M. Shapiro
Admitted in Illinois and
Florida only
David S Kreisman
Admitted in Illinois
Jeffrey T. Weisman



JAN 3 1 2008

HOWARD WAGNER
CIRCUIT CLERK

January 30, 2008

Clerk of Jefferson County
Division 4
P.O. Box 100
Courthouse, 300 2nd St.
Hillsboro, MO  63050

| | |
|---|---|
| Style of Case: | Robert Bellistri v. Glen Crouther, et al. |
| | 06JE-CC893J4 |
| Property Address: | 1210 Airglades Drive, Arnold, MO 63010 |
| | Imperial, MO 63052 |
| S&W File No.: | 07-2145 |

Dear Clerk:

Enclosed please find Defendant Ocwen Loan Servicing, LLC's Response to Plainitff's Amended Motion for Summary Judgement, along with its exhibits and supporting memorandum of law. Please return a file stamped copy of the copies of the first pafes to our office in the envelope provided.  Thank you for your kind assistance.
Please let us know if you need anything further.

Very truly yours,

Blake D. Hill
Associate Attorney

Enclosure(s)

## NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

### In The 23rd Judicial Circuit Court, Jefferson County, Missouri

**ROBERT BELLISTRI V GLEN L CROUTHER ET AL**                    **CASE NO : 06JE-CC00893**

To:     File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description |
| --- | --- |
| 29-Jan-2008 | Motion for Extension of Time |
| | SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 01-30-08 |
| | Filed By:JEFFREY T WEISMAN |

*Stacy Gannon*
_____
Clerk of Court

CC:     File
        JEFFREY T WEISMAN
        PHILLIP KENT GEBHARDT
        RICHARD ANTHONY GARTNER
Date Printed : 05-Feb-2008

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI                      )
                                      )
            Plaintiff,                )
                                      )          Cause No. 06JE-CC893J4
v.                                    )
                                      )
GLEN CROUTHER, et.al.                 )
                                      )          **BY CONSENT**
            Defendants.               )

### SEPARATE DEFENDANT OCWEN'S AMENDED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

Comes now separate Defendant OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as successor in interest to BNC Mortgage, Inc (hereinafter "Ocwen") and requests until February 8, 2008 to respond to Plaintiff's Amended Motion for Summary Judgment and in support thereof states:

1.  Plaintiff Bellistri filed his motion for summary judgment on or about October 4, 2007.

2.  With leave of court, Defendant Ocwen filed its response and supporting memorandum and other documentation on or about November 26, 2007.

3.  On or about December 13, 2007, Bellistri filed his reply to Ocwen's response to the motion for summary judgment.

4.  On or about December 19, 2007, Bellistri dismissed Defendants Internal Revenue Service and BNC Mortgage, Inc., moved to add Ocwen as a Defendant, and filed a First Amended Motion for Summary Judgment and "First Amended Reply to Ocwen's Response to Said Motion for Summary Judgment".

5.  Defendant Ocwen originally requested additional time through January 31, 2008

to file a sur-reply; however, Ocwen now believes a Response to Bellistri's

Amended Motion for Summary Judgment is appropriate.

6.      Lead counsel for Ocwen is out of town January 29 through February 3.

7.      Additional time is necessary to file a proper response to Bellistri's Amended

Motion for Summary Judgment.

8.      Defendant Ocwen has contacted counsel for Plaintiff, who has consented to this

motion without objection.

WHEREFORE, Defendant Ocwen prays this Honorable Court for an Order granting

Ocwen until February 8, 2008 to respond to Plaintiff's Motion for Summary Judgment

and for such other and further relief as this Court deems just and proper in the

circumstances.

So Ordered: _____          _____
                                                JEFFREY T. WEISMAN, #34075
                                                BLAKE D. HILL, #58926
                                                Attorneys for Defendant Ocwen
                                                502 Earth City Expressway, Ste. 317
                                                Earth City MO 63045
                                                314-770-2120 ext, 101
                                                314-770-1850
                                                S&W 07-2145

<u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the foregoing entry was mailed postage-prepaid this
28th day of January 2008, to Phillip Gebhardt, 1270 North Main Street, Desoto MO
63020; Richard Gartner, 220 Salt Lick Road, St. Peters MO 63376.

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

ROBERT BELLISTRI                                     )
                                                     )
             Plaintiff,                              )
                                                     )        Cause No. 06JE-CC893J4
v.                                                   )
                                                     )
GLEN CROUTHER, et.al.                                )
                                                     )
             Defendants.                             )

*ORIGINAL — Please give to judge. Thank!*

**FILED**
DEC 2 8 2007
HOWARD WAGNER
CIRCUIT CLERK

### SEPARATE DEFENDANT OCWEN'S
### MOTION FOR EXTENSION OF TIME TO FILE SUR-REPLY IN OPPOSITION
### TO PLAINTIFF'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT

Comes now separate Defendant OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as successor in interest to Mortgage Electronic Registration Systems, Inc. as nominee for BNC Mortgage, Inc (hereinafter "Ocwen") and for its Motion for Extension of Time to File Sur-Reply in Opposition to Plaintiff's First Amended Motion For Summary Judgment states as follows:

1. Plaintiff Bellistri filed his motion for summary judgment on or about October 4, 2007.

2. With leave of court, Defendant Ocwen filed its response, supporting memorandum and other documentation on or about November 26, 2007.

3. On or about December 13, 2007, Bellistri filed his reply to Ocwen's response to the motion for summary judgment.

4. On or about December 19, 2007, Bellistri dismissed Defendants Internal Revenue Service and BNC Mortgage, Inc., moved to add Ocwen as a Defendant, and filed a First Amended Motion for Summary Judgment and "First Amended Reply to

Ocwen's Response to Said Motion for Summary Judgment".

5.    A sur-reply in opposition to Plaintiff's Motion for summary Judgment is permitted in this case and proper under Rule 74.04(c)(4).

6.    Due to the recent and upcoming holidays, as well as the recent amendments made to Plaintiff's pleadings, additional time is necessary for Ocwen to provide a proper sur-reply.

7.    Ocwen Requests until Thursday, January 31, 2008 to file said sur-reply.

8.    Counsel for Ocwen has contacted counsel for Bellistri, who consents to such extension of time.

WHEREFORE, Defendant Ocwen, with consent of Plaintiff Bellistri, prays this honorable Court for an order granting Defendant Ocwen up to January 31, 2008 to file its sur-reply in opposition to Plaintiff's First Amended Motion for Summary Judgment.

JEFFREY T. WEISMAN, #34075
BLAKE D. HILL, #58926
Attorneys for Ocwen
502 Earth City Expressway, Ste. 317
Earth City MO  63045
314-770-2120 ext, 101/ 314-770-1850 fax
S&W 07-2145

**SO ORDERED:**

_____

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing entry was mailed postage-prepaid this 27th day of December, 2007, to Phillip Gebhardt, 1270 North Main Street, Desoto MO  63020; Richard Gartner, 220 Salt Lick Road, St. Peters MO  63376.

## NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

### In The 23rd Judicial Circuit Court, Jefferson County, Missouri

**ROBERT BELLISTRI V GLEN L CROUTHER ET AL**          CASE NO : 06JE-CC00893

To:     File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| **Filing Date** | **Description** |
|---|---|
| 20-Dec-2007 | Mot to Join Additional Party<br>ADD OCWEN LOAN SERVICING FOR DEUTSCH BANK NATIONAL TRUST COMPANY<br>SO ORDERED:  MARK STOLL, CIRCUIT JUDGE DIV. FOUR 01-04-08<br>Filed By:PHILLIP KENT GEBHARDT |

*Stacy Gannon*
Clerk of Court

CC:     File
        JEFFREY T WEISMAN
        PHILLIP KENT GEBHARDT
        RICHARD ANTHONY GARTNER
Date Printed : 07-Jan-2008

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

ROBERT BELLISTRI,                                )
                                                 )
              Plaintiff,                          )
                                                 )
v.                                               )          Case No. 06JE-CC00893
                                                 )
GLEN L. CROUTHER, and                            )          Division 4
                                                 )
All unknown and unnamed persons or entities who  )
are the heirs, grantees or successors of         )
Glen L. Crouther, BNC Mortgage, Inc., or any     )
persons or entities who have, or claim to have, or )
appear of record as having, an interest, deed of )
trust, mortgage, lease, lien, claim, title, or estate in )
the real property and the improvements thereon, if )
any, located in the County of Jefferson, in the State )
of Missouri, commonly known as 1210 Airglades, )
Arnold, Missouri 63010, and more particularly    )
described as:                                    )
                                                 )
All of Lot Fifty-six (56) of BAYSHORE NORTH      )
PLAT ONE, a Subdivision in U.S. Survey 2020, as  )
Shown by plat on file in the Recorder's Office of )
Jefferson County, Missouri, in Plat Book 40, Pages )
13 and 14,                                       )
                                                 )
              Defendants.                         )

**F I L E D**

DEC 2 0 2007

HOWARD WAGNER
CIRCUIT CLERK

## PLAINTIFF'S MOTION TO ADD PARTY

COMES NOW Plaintiff, by and through its attorney pursuant to Missouri Supreme Court

52.04(a)(2), Section 140.330.1, RSMo, and Section 527.150, RSMo, and for its Motion to Add Party,

states:

1.      OCWEN Loan Servicing, LLC, as agent and servicer for Deutsche Bank National

Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust

2002-HE1, appears to claim an interest in the real estate that is the subject of this action.

*1*

2.      Said party is a necessary, if not indispensable, party to this quiet title litigation.

WHEREFORE, Plaintiff prays that this Court enter an order adding OCWEN Loan Servicing,

LLC, as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered

holders of the CDC Mortgage Capital Trust 2002-HEI, as a party defendant in this matter.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C.,

SO ORDERED: *Stoll 1/4/08*

MARK T STOLL
JUDGE, DIV. 4

Phillip K. Gebhardt          29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mail, postage prepaid, this *19th* day of *December*, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; Jeffrey T. Weisman, Jeffrey T. Wist, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as assignee of BNC Mortgage, Inc.; and Nicholas P. Llewellyn, Assistant United States Attorney, 111 South 10th Street, Room 20.333, St. Louis, Missouri 63101, Attorney for Defendant Internal Revenue Service.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Motion to Add Party
File No. 06-348-L-5352
Pkg

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

ROBERT BELLISTRI,                              )
                                               )
          Plaintiff,                           )
                                               )
v.                                             )        Case No. 06JE-CC00893
                                               )
GLEN L. CROUTHER,                              )        Dismissal of Defendants Internal
BNC MORTGAGE, INC., a Delaware corporation,    )        Revenue Service and BNC
INTERNAL REVENUE SERVICE,                      )        Mortgage, Inc.
                                               )
and                                            )
                                               )
All unknown and unnamed persons or entities who )
Are the heirs, grantees or successors of       )
Glen L. Crouther, BNC Mortgage, Inc., or any   )
persons or entities who have, or claim to have, or )
appear of record as having an interest, deed of trust, )
mortgage, lease, lien, claim, title, or estate in the )
real property and the improvements thereon, if any, )
located in the County of Jefferson, in the State of )
Missouri, commonly known as 1210 Airglades,    )
Arnold, Missouri 63010, and more particularly  )
described as:                                  )
                                               )
All of Lot Fifty-six (56) of BAYSHORE NORTH    )
PLAT ONE, a Subdivision in U.S. Survey 2020, as )
shown by plat on file in the Recorder's Office of )
Jefferson County, Missouri, in Plat Book 40, Pages )
13 and 14,                                     )
                                               )
          Defendants.                          )

**F I L E D**

DEC 2 0 2007

**HOWARD WAGNER
CIRCUIT CLERK**

## DISMISSAL OF DEFENDANTS INTERNAL REVENUE SERVICE AND BNC

## MORTGAGE INC.

COMES NOW Plaintiff, by and through his attorney, and hereby dismisses Defendants

Internal Revenue Service and BNC Mortgage, Inc., without prejudice.

*1*

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C., a Missouri limited
liability company

By: _____

Phillip K. Gebhardt  29569
1720 N. Main
Desoto, Missouri  63026
(636) 586-4545 or (636) 337-0615
Fax (636)586-3504
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, this 19th day of December, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; and Jeffrey T. Weisman, Blake D. Hill, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1; and Nicholas P. Llewellyn, Assistant United States Attorney, 111 South 10th Street, Room 20.333, St. Louis, Missouri 63101, Attorney for Defendant Internal Revenue Service.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Dismissal Memorandum
File No. 06-348-L-5352
Pkg

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

| | | |
|---|---|---|
| ROBERT BELLISTRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06JE-CC00893 |
| | ) | |
| GLEN L. CROUTHER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| All unknown and unnamed persons or entities who | ) | |
| Are the heirs, grantees or successors of | ) | |
| Glen L. Crouther, BNC Mortgage, Inc., or any | ) | |
| persons or entities who have, or claim to have, or | ) | |
| appear of record as having an interest, deed of trust, | ) | |
| mortgage, lease, lien, claim, title, or estate in the | ) | |
| real property and the improvements thereon, if any, | ) | |
| located in the County of Jefferson, in the State of | ) | |
| Missouri, commonly known as 1210 Airglades, | ) | |
| Arnold, Missouri 63010, and more particularly | ) | |
| described as: | ) | |
| | ) | |
| All of Lot Fifty-six (56) of BAYSHORE NORTH | ) | |
| PLAT ONE, a Subdivision in U.S. Survey 2020, as | ) | |
| shown by plat on file in the Recorder's Office of | ) | |
| Jefferson County, Missouri, in Plat Book 40, Pages | ) | |
| 13 and 14, | ) | |
| | ) | |
| Defendants. | ) | |

FILED

DEC 2 0 2007

HOWARD WAGNER
CIRCUIT CLERK

**PLAINTIFF'S REQUEST TO FILE HIS FIRST AMENDED MOTION FOR SUMMARY**

**JUDGMENT AND REPLY TO OCWEN'S RESPONSE TO SAID MOTION FOR**

**SUMMARY JUDGMENT**

COMES NOW Plaintiff, by and through his attorney, and for his Request to File his First Amended Motion for Summary Judgment and Reply to OCWEN'S Response to said Motion for Summary Judgment, states:

1.     Through inadvertence the previously filed Motion for Summary Judgment filed by Plaintiff fails to make specific references to pleadings, discovery, exhibits or affidavits required by Missouri Supreme Court Rule 74.04(c)(1).

2.     The proposed First Amended Motion for Summary Judgment contains said references but is not intended to make any substantive changes to the original Motion for Summary Judgement.

3.     The original Reply to the Response of Ocwen to Plaintiff's Motion for Summary Judgment objects to certain statements of uncontroverted fact on the basis that no affidavit or other evidence was filed in support thereof.

4.     Counsel for Plaintiff is now aware of the Affidavit of Defendant Ocwen in Response to Plaintiff's Motion for Summary Judgment, and said objection is not appropriate.

5.     The proposed First Amended Reply to OCWEN'S Response to Plaintiff's Motion for Summary Judgment admits said statements of uncontroverted facts.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C., a Missouri limited
liability company

By: _____

Phillip K. Gebhardt          29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, this 19th day of December, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; and Jeffrey T. Weisman, Blake D. Hill, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Request for Leave to File First Amended Motion for Summary Judgment and Reply
File No. 06-348-L-5352
Pkg

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

| | | |
|---|---|---|
| ROBERT BELLISTRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06JE-CC00893 |
| | ) | |
| GLEN L. CROUTHER, | ) | Division 4 |
| BNC MORTGAGE, INC., | ) | |
| a Delaware corporation, and | ) | |
| | ) | |
| All unknown and unnamed persons or entities who | ) | |
| are the heirs, grantees or successors of | ) | |
| Glen L. Crouther, BNC Mortgage, Inc., or any | ) | |
| persons or entities who have, or claim to have, or | ) | |
| appear of record as having, an interest, deed of | ) | |
| trust, mortgage, lease, lien, claim, title, or estate in | ) | |
| the real property and the improvements thereon, if | ) | |
| any, located in the County of Jefferson, in the State | ) | |
| of Missouri, commonly known as 1210 Airglades, | ) | |
| Arnold, Missouri 63010, and more particularly | ) | |
| described as: | ) | |
| | ) | |
| All of Lot Fifty-six (56) of BAYSHORE NORTH | ) | |
| PLAT ONE, a Subdivision in U.S. Survey 2020, as | ) | |
| Shown by plat on file in the Recorder's Office of | ) | |
| Jefferson County, Missouri, in Plat Book 40, Pages | ) | |
| 13 and 14, | ) | |
| | ) | |
| Defendants. | ) | |

FILED

DEC 2 0 2007

HOWARD WAGNER
CIRCUIT CLERK

## FIRST AMENDED REPLY TO RESPONSE OF OCWEN TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through his attorney pursuant to Missouri Supreme Court

74.04, and for his First Amended Reply to the Response of Ocwen to Plaintiff's Motion for

Summary Judgment, states:

*1*

1.    Plaintiff admits paragraphs 1, including subsections a & b, and 2 of OCWEN'S

Undisputed Additional Material Facts for purposes of this Motion for Summary

Judgment.

2.    Plaintiff objects to the purported Disputed Additional Material Facts stated in

paragraphs 3, 4, and 5 of OCWEN'S Response, in that OCWEN has no standing to

challenge the notices of tax sale redemption rights sent by Plaintiff to other parties,

because OCWEN had no publicly recorded interest in the subject property when said

notices were sent or during any statutory notice period or prior to the issuance of a

collector's deed to Plaintiff.

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C.,

Phillip K. Gebhardt          29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mail, postage prepaid, this 17th day of December, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; and Jeffrey T. Weisman, Blake D. Hill, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Reply to Response to Motion for Summary Judgment2
File No. 06-348-L-5352
Pkg

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

ROBERT BELLISTRI,                              )
                                               )
          Plaintiff,                           )
                                               )
v.                                             )        Case No. 06JE-CC00893
                                               )
GLEN L. CROUTHER, and                          )        Division 4
                                               )
All unknown and unnamed persons or entities who )
are the heirs, grantees or successors of        )
Glen L. Crouther, BNC Mortgage, Inc., or any    )
persons or entities who have, or claim to have, or )
appear of record as having, an interest, deed of )
trust, mortgage, lease, lien, claim, title, or estate in )
the real property and the improvements thereon, if )
any, located in the County of Jefferson, in the State )
of Missouri, commonly known as 1210 Airglades, )
Arnold, Missouri 63010, and more particularly  )
described as:                                  )
                                               )
All of Lot Fifty-six (56) of BAYSHORE NORTH   )
PLAT ONE, a Subdivision in U.S. Survey 2020, as )
Shown by plat on file in the Recorder's Office of )
Jefferson County, Missouri, in Plat Book 40, Pages )
13 and 14,                                     )
                                               )
          Defendants.                          )

FILED

DEC 2 0 2007

HOWARD WAGNER
CIRCUIT CLERK

## PLAINTIFF'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through its attorney pursuant to Missouri Supreme Court

74.04, and for its Motion for Summary Judgment, states:

*1*

## I.

## Plaintiff's Statement of Uncontroverted Material Facts

## in Support of Plaintiff's Motion for Summary Judgment

1.      Plaintiff Robert Bellistri is an individual competent to bring this action.  See paragraph 1 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment, filed herein.

2.      By General Warranty Deed dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012852 of the Jefferson County Land Records, Steven Gaither and Julie Gaither, husband and wife, conveyed the subject real estate to Defendant Glen L. Crouther. See paragraph 2 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibit marked Summary Judgment No. 1.

3.      By Deed of Trust dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012853 of the Jefferson County Land Records, Defendant Glen L. Crouther conveyed a security interest in the subject real estate to Millsap, Singer & Dunn, P.C., as Trustee for the benefit of Defendant BNC Mortgage, Inc., to secure an indebtedness in the amount of $93,595.00 and other charges specified therein.  See paragraph 3 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibit marked Summary Judgment No. 2.

4.      By Notice of Federal Tax Lien dated on or about March 23, 2005 and recorded on or about March 29, 2005, as Tax Lien No. 23273 of the Jefferson County Land Records, Defendant Internal Revenue Service gave notice of a lien against Defendant Glen L. Crouther in the amount of $25,205.74 and other charges specified therein.  See paragraph 4 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibit marked Summary Judgment No. 3.

5.      By Collector's Deed dated on or about September 19, 2006 and recorded on or about September 19, 2006 as Document No. 2006R-046167 of the Jefferson County Land Records, Beth Mahn, the Collector of Revenue of Jefferson County, Missouri, conveyed the subject real estate to Plaintiff Robert Bellistri.  See paragraph 5 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibit marked Summary Judgment No. 4.

6.      By Assignment of Deed of Trust dated on or about April 4, 2007, and recorded on or about April 23, 2007, as Document No. 2007R-018586 of the Jefferson County Land Records, Mortgage Electronic Registration Systems, Inc., as nominee for Defendant BNC Mortgage, Inc., assigned the above-described Deed of Trust to Ocwen Loan Servicing, L.L.C., as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HEI. See paragraph 6 of the Affidavit in Support of Plaintiff's Motion for Summary Judgment and the exhibit marked Summary Judgment No. 5.

## II.

### Summary of Legal Basis for Defendant's Motion for Summary Judgment

7.      Under Sections 140.420 and 140.460.2, RSMo, a collector's deed will establish *prima facie* evidence of a good and valid title in fee simple in the grantee of said deed, unencumbered by any interests of Defendants.

8.      Under Section 140.580, RSMo, the grantee of a collector's deed is entitled to possession of the property described therein.

WHEREFORE, Plaintiff prays that this Court enter an Order, Judgment and Decree ordering, adjudging and decreeing:

A.      That Plaintiff is vested with good and valid fee simple title of the Property.

B.      That Defendants have no interest, lien or encumbrance in the Property.

C.      That if this Court finds that Plaintiff is not entitled to all of the relief requested above, that this Court should grant Plaintiff such combination of relief requested as this Court deems appropriate.

D.      That Plaintiff should be awarded its costs and such other relief as is meet and just.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C.,

Phillip K. Gebhardt          29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mail, postage prepaid, this _19th_ day of _December_, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; Jeffrey T. Weisman, Jeffrey T. Wist, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, as assignee of BNC Mortgage, Inc.; and Nicholas P. Llewellyn, Assistant United States Attorney, 111 South 10th Street, Room 20.333, St. Louis, Missouri 63101, Attorney for Defendant Internal Revenue Service.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Motion for Summary Judgment
File No. 06-348-L-5352
Pkg

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

FILED
DEC 1 9 2007
HOWARD WAGNER
CIRCUIT CLERK

| | |
|---|---|
| ROBERT BELLISTRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GLEN L. CROUTHER, | ) |
| | ) |
| and | ) |
| | ) |
| All unknown and unnamed persons or entities who | ) |
| Are the heirs, grantees or successors of | ) |
| Glen L. Crouther, BNC Mortgage, Inc., or any | ) |
| persons or entities who have, or claim to have, or | ) |
| appear of record as having an interest, deed of trust, | ) |
| mortgage, lease, lien, claim, title, or estate in the | ) |
| real property and the improvements thereon, if any, | ) |
| located in the County of Jefferson, in the State of | ) |
| Missouri, commonly known as 1210 Airglades, | ) |
| Arnold, Missouri 63010, and more particularly | ) |
| described as: | ) |
| | ) |
| All of Lot Fifty-six (56) of BAYSHORE NORTH | ) |
| PLAT ONE, a Subdivision in U.S. Survey 2020, as | ) |
| shown by plat on file in the Recorder's Office of | ) |
| Jefferson County, Missouri, in Plat Book 40, Pages | ) |
| 13 and 14, | ) |
| | ) |
| Defendants. | ) |

Case No. 06JE-CC00893

## CERTIFICATE OF SERVICE

COMES NOW Plaintiff, by and through his attorney, and hereby certifies that the original of

the Responses to Separate Defendant Ocwen's First Set of Requests for Admissions Directed to

Plaintiff Robert Bellistri were mailed, postage prepaid, this _19th_ day of _December_,

2007, Jeffrey T. Weisman, Blake D. Hill, 502 Earth City Expressway, Suite 317, Earth City,

Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank

National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust

2002-HE1, and that a true and correct copy of the foregoing was mailed to Richard A. Gartner, 220

Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C., a Missouri limited
liability company

By: _____

Phillip K. Gebhardt          29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, this 19th day of December, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; and Jeffrey T. Weisman, Blake D. Hill, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE; and Nicholas P. Llewellyn, Assistant United States Attorney, 111 South 10th Street, Room 20.333, St. Louis, Missouri 63101, Attorney for Defendant Internal Revenue Service.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Certificate of Service
File No. 06-348-L-5352
Pkg

2

IN THE TWENTY-THIRD JUDICIAL CIRCUIT COURT OF THE STATE OF MISSOURI,
AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

FILED

DEC 1 8 2007

HOWARD WAGNER
CIRCUIT CLERK

| | | |
|---|---|---|
| ROBERT BELLISTRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06JE-CC00893 |
| | ) | |
| GLEN L. CROUTHER, | ) | Division 4 |
| BNC MORTGAGE, INC., | ) | |
| a Delaware corporation, | ) | |
| INTERNAL REVENUE SERVICE, and | ) | |
| | ) | |
| All unknown and unnamed persons or entities who | ) | |
| are the heirs, grantees or successors of | ) | |
| Glen L. Crouther, BNC Mortgage, Inc., or any | ) | |
| persons or entities who have, or claim to have, or | ) | |
| appear of record as having, an interest, deed of | ) | |
| trust, mortgage, lease, lien, claim, title, or estate in | ) | |
| the real property and the improvements thereon, if | ) | |
| any, located in the County of Jefferson, in the State | ) | |
| of Missouri, commonly known as 1210 Airglades, | ) | |
| Arnold, Missouri 63010, and more particularly | ) | |
| described as: | ) | |
| | ) | |
| All of Lot Fifty-six (56) of BAYSHORE NORTH | ) | |
| PLAT ONE, a Subdivision in U.S. Survey 2020, as | ) | |
| Shown by plat on file in the Recorder's Office of | ) | |
| Jefferson County, Missouri, in Plat Book 40, Pages | ) | |
| 13 and 14, | ) | |
| | ) | |
| Defendants. | ) | |

## LEGAL MEMORANDUM IN SUPPORT OF REPLY TO RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through his attorney, and for his Legal Memorandum in

Support of his Reply to Response to Plaintiff's Motion for Summary Judgment, states:

*1*

**I.**

**INADEQUACY OF DENIALS IN INTERVENOR'S RESPONSE TO PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT**

Missouri Supreme Court Rule 74.04(c)(2) states in part:

> Within 30 days after a motion for summary judgment is served, the adverse party shall serve a response on all parties. The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs.
>
> A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.
>
> Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.

Defendant OCWEN Loan Servicing, L.L.C. as agent and servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1 (hereinafter sometimes referred to as "OCWEN") denies paragraphs 3 and 6 of Plaintiff's Motion for Summary Judgment without explanation.  Paragraphs 3 and 6 of Plaintiff's Motion for Summary Judgment state:

> 3.      By Deed of Trust dated on or about March 5, 2002 and recorded on or about March 8, 2002 as Document No. 020012853 of the Jefferson County Land Records, Defendant Glen L. Crouther conveyed a security interest in the subject real estate to Millsap, Singer & Dunn, P.C., as Trustee for the benefit of Defendant BNC Mortgage, Inc., to secure an indebtedness in the amount of $93,595.00 and other charges specified therein.
>
> ...

6.     By Assignment of Deed of Trust dated on or about April 4, 2007, and recorded on or about April 23, 2007, as Document No. 2007R-018586 of the Jefferson County Land Records, Mortgage Electronic Registration Systems, Inc., as nominee for Defendant BNC Mortgage, Inc., assigned the above-described Deed of Trust to Ocwen Loan Servicing, L.L.C., as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HEI.

Attached to the Affidavit in Support of Plaintiff's Motion for Summary Judgment is a certified copy of the deed of trust in question, "Plaintiff's Summary Judgment Exhibit No. 2", and a certified copy of the assignment in question, "Plaintiff's Summary Judgment Exhibit No. 5". As an Additional Material Fact, OCWEN sets forth certain facts regarding the deed of trust in question, but omits any reference to the assignment in question. Under Missouri Supreme Court Rule 74.04(c)(2), OCWEN has admitted the facts stated in paragraphs 3 and 6 of Plaintiff's Motion for Summary Judgment.

## I.

## NOTICE IS NOT IN GENUINE DISPUTE, BECAUSE OCWEN OBTAINED A RECORDED INTEREST IN THE SUBJECT PROPERTY AFTER THE 90-DAY NOTICE PERIOD DESCRIBED IN SECTION 140.405, RSMO, AND OCWEN HAS NO STANDING TO CONTEST THE NOTICE GIVEN UNDER SECTION 140.405, RSMO, AS OCWEN WAS NOT ENTITLED TO SUCH NOTICE

OCWEN states that it "disputes the fact of whether all interested parties were given proper notice for the opportunity to redeem as required by statute." OCWEN'S Memorandum, at 2. Plaintiff believes that OCWEN was not entitled to notice under Section 140.405, RSMo, as OCWEN had no recorded interest in the subject property until after the collector's deed was issued to Plaintiff.

3

Under the Jones-Munger Act, prior notice of the sale of property for delinquent taxes was historically conducted solely by publication. The Jones-Munger Act did not require that prior mailed notice be sent to lien holders or owners of record. Section 140.010, 140.150, and 140.170, RSMo. Prior to the decision of the United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), constructive notice by publication alone was held to comport with the constitutional requirements of due process under the theory "that those with an interest in property were under an obligation to act reasonably in keeping themselves informed of proceedings that affected that property." *Id.* at 804 (O'Connor, J., dissenting).

*Mennonite Board of Missions* brought about a significant change in the notice procedures required to enforce state tax liens. "When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." *Id.* at 798. Accordingly, the Supreme Court of Missouri in *Lohr v. Cobur Corp.*, 654 S.W.2d 833 (Mo. banc 1983), citing *Mennonite Board of Missions*, held that the notice-by-publication procedure of the Jones-Munger Act was insufficient to satisfy the due process rights of a publicly recorded deed of trust holder: "We conclude that where a deed of trust naming the deed of trust beneficiary is publicly recorded, notice by publication alone is insufficient and must be supplemented by notice mailed to the beneficiary's last known available address or by personal service." *Id.* at 886.

In apparent response to the *Mennonite Board of Missions* and *Lohr* decisions, the General Assembly of Missouri attempted to cure the constitutional defect in the Jones-Munger Act by amending Section 140.250 and by enacting a new Section 140.405, RSMo, in 1984. 1984 *Mo. Laws* 431-32. Rather than requiring county collectors to provide prior mailed notice to owners, lien

4

holders or other interested parties of record, the General Assembly required the purchaser of the tax

sale certificate or of property sold at a third offering delinquent tax sale to conduct a title

examination and mail post-sale notice to inform interested parties, including lien holders, of their tax

sale redemption rights prior to the expiration of the redemption rights in the property. Apparently,

the General Assembly chose not to impose on the collectors of revenue the cost of providing notice,

which would include the cost of conducting a title examination on each property to be sold and the

cost of mailing notice to all lien holders identified.

Section 140.405, RSMo, currently states:

> Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate. If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this section. Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property. If the county collector chooses to have the title search done then the county collector must comply with all provisions of this section, and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to section 140.420.

5

In *Glasgow Enterprises, Inc. v. Bowers,* 196 S.W.3d 625 (Mo. App., E.D. 2006), a party seeking to set aside a collector's deed acquired a publicly recorded interest in the property during the 90-day notice period prescribed by the statute.  The Court refused to set aside the collector's deed, stating:

> This statute [Section 140.405, RSMo] specifically requires a purchaser to meet one "requirement" with respect to real estate that is subject to a publicly recorded interest, that is, to give notice to the described category of persons "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed[.]  The statute does not contain any other requirements, and it specifically does not require any notice to be given after the ninety-day notice is given.  If the legislature had intended to require a purchaser to provide additional notices to persons who obtained interests in the property after the mandated notice is given, it could have done so.  Its decision not to include this requirement indicates a contrary intent.  ... [Citation omitted.]  The wisdom of not requiring subsequent notices is a matter for the legislature and not for the courts.  ... [Citation omitted.]

196 S.W.3d at 631; *see also Glasgow Enterprises, Inc. v. Rossel,* 209 S.W.3d 498 (Mo. App., E.D. 2006) (holding that parties who had a publicly recorded interest in the subject property prior to the commencement of the 90-day notice period described in Section 140.405, RSMo, have standing to object to notice under that statute).

In this case, the Collector's Deed was issued on or about September 19, 2006.  Plaintiff's Summary Judgment Exhibit No. 4.  OCWEN did not acquire a publicly recorded interest in the subject property until April 23, 2007.  Plaintiff's Summary Judgment Exhibit No. 5.  OCWEN did not have a publicly recorded interest in the subject property during the relevant 90-day period described in Section 140.405, RSMo.  OCWEN was not entitled to notice under Section 140.405, RSMo.  OCWEN is not within the class of persons entitled to notice under Section 140.405, RSMo,

and OCWEN has no standing to challenge the notice given under Section 140.405, RSMo. *United Companies Lending Corporation v. Triumph Properties, LLC,* 984 S.W.2d 112, 113 (Mo. App., E.D. 1998) (party to assignment of deed of trust who had no recorded interest at the time notices of tax sale redemption were sent under Section 140.405, RSMo, was not entitled to notice under that statute).

## II.

## THE SUBSTANCE OF THE TAX SALE REDEMPTION NOTICES SENT BY BELLISTRI CANNOT AFFECT OCWEN'S RIGHTS, AS OCWEN HAD NO RIGHT OT NOTICE UNDER SECTION 140.405, RSMO.

OCWEN argues that the substance of the notices of tax sale redemption sent by Plaintiff were not in compliance with Section 140.405, RSMo. However, as previously stated, OCWEN had no right to notice under Section 140.405, RSMo, and its rights could not be prejudiced by any non-compliance with Section 140.405, RSMo, of the type described by OCWEN.

## III.

## MERS IS SOLELY A NOMINEE WHO HOLDS BARE LEGAL TITLE TO THE BENEFICIAL INTEREST IN THE TRUST CREATED UNDER THE DEED OF TRUST AND IS NOT A PARTY TO WHOM NOTICE MUST BE PROVIDED UNDER SECTION 140.405, RSMO.

Mortgage Electronic Registration Systems, Inc. (hereinafter sometimes referred to as "MERS") is described as a nominee of the Lender in the Deed of Trust. The following is stated in the website of MERS:

### About MERS

**MERS was created by the mortgage banking industry to streamline the mortgage process by using electronic commerce to eliminate paper. Our mission is to register every mortgage loan in the United States on the MERS® System.**

Beneficiaries of MERS include mortgage originators, servicers, warehouse lenders, wholesale lenders, retail lenders, document custodians, settlement agents, title companies, insurers, investors, county recorders and consumers.

MERS acts as nominee in the county land records for the lender and servicer. Any loan registered on the MERS® System is inoculated against future assignments because MERS remains the nominal mortgagee no matter how many times servicing is traded. MERS as original mortgagee (MOM) is approved by Fannie Mae, Freddie Mac, Ginnie Mae, FHA and VA, California and Utah Housing Finance Agencies, as well as all of the major Wall Street rating agencies.

When mortgages or deeds of trust are securitized by the pooling of mortgages or deeds of trust into pooled securities sold on Wall Street, an assignment of that pool of deeds of trust or mortgages would trigger the filing of potentially hundreds of assignments of deeds of trust or mortgages in counties throughout the United States.  MERS acts as a nominee for the lender, so that an assignment to MERS "inoculates" the pool of deeds of trust or mortgages from the requirement of filing numerous future assignments of deeds of trust or mortgages because the electronic registration system of deeds of trust or mortgages maintained by MERS tracks the ownership of such deeds of trust or mortgages, not the local land records maintained by the county recorder of deeds.

As stated in *Prindable v. Walsh,* 69 S.W.3d 912 (Mo. App., E.D. 2002):

> The term "nominee" has an established meaning in the law of securities. See definition in Black's Law Dictionary, 7th Edition 1999, definition of "nominee: . . .2. A person who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others. . ." Most corporate shares, indeed, are probably issued in the names of nominees. The typical example is the conventional brokerage account. If a person is a nominee for another, the nominee is not the beneficial owner. ...

69 S.W.3d at ___.

The designation of MERS as both the nominee and the beneficiary of the deed of trust is somewhat confusing. However, a reading of the Deed of Trust indicates that the Lender is BNC Mortgage, Inc. The Deed of Trust describes MERS as follows:

> MERS is a separate corporation that is acting **solely as a nominee** for Lender and Lender's successors and assigns. MERS is the beneficiary under the Security Instrument.

Plaintiff's Summary Judgment Exhibit No. 2, Definitions (E), page 2.

The Transfer of Rights in the Property Section of the Deed of Trust states: "The beneficiary of this Security Instrument is MERS (solely as nominee for the Lender and Lender's successors and assigns) and the successors and assigns of MERS." Plaintiff's Summary Judgment Exhibit No. 2, page 3. Checks in payment of notes secured by the Deed of Trust are made to the Lender (not MERS). Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 1, page 4. The Lender (not MERS) applies payments to interest, principal and escrow impounds. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 2, page 4. The Lender (not MERS) is paid and holds the escrow impounds. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 2, page 4. The Lender (not MERS) controls what other liens may encumber the property. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 4, pages 5-6. The Lender (not MERS) has the ability to purchase forced insurance if the Borrower fails to insure the property. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 5, pages 6-7. The property must be owner-occupied within sixty days of the execution of the Deed of Trust, unless Lender (not MERS) otherwise agrees in writing. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 6, page 7. The Lender (not MERS) has the right to make property preservation expenditures and the right to inspect the property. Plaintiff's Summary Judgment

Exhibit No. 2, Uniform Covenants, Sections 7 and 9, pages 7-8. The Lender (not MERS) decides whether to require mortgage insurance. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 10, pages 8-9. All insurance settlement proceeds and condemnation awards are assigned to the Lender (not MERS). Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 11, page 9. The Lender (not MERS) decides if there are any extensions, modifications or forbearances from foreclosure. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 12, page 10. The Lender (not MERS) can charge the Borrower for loan fees connected with the Borrower's default, including attorney's fees. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 14, page 10. The Lender (not MERS) gives notices under the Deed of Trust. Plaintiff's Summary Judgment Exhibit No. 2, Uniform Covenants, Section 15, page 10. The Lender (not MERS) releases the Deed of Trust. Plaintiff's Summary Judgment Exhibit No. 2, Non-Uniform Covenants, Section 23, page 13. The Lender (not MERS) may appoint a successor trustee under the Deed of Trust. Plaintiff's Summary Judgment Exhibit No. 2, Non-Uniform Covenants, Section 24, page 13.

MERS has only a bare legal title to the beneficial interest in the trust created by the Deed of Trust, in a manner analogous to the trustee or successor trustee appointed under the Deed of Trust. Notice to a trustee under a deed of trust is insufficient notice to the holder of the deed of trust under Section 140.405, RSMo. *Glasgow Enterprises, Inc. v. Kusher,* 231 S.W.3d 201, 204 (Mo. App., E.D. 2007). *See also Lohr v. Cobur Corporation,* 654 S.W.2d 883, 887 (Mo. banc 1983) (Blackmar, J., concurring). If notice to the trustee under a deed of trust is not required by Section 140.405, RSMo, then notice to MERS, a mere nominee holding bare legal title to the beneficial interest in the trust created by the deed of trust, is not required by Section 140.405, RSMo.

## **CONCLUSION**

Based upon the foregoing, Plaintiff concludes that OCWEN did not have a publicly recorded interest in the subject property within the 90-day notice period described in Section 140.405, RSMo, and OCWEN has no standing to challenge the title of Plaintiff for any alleged non-compliance with Section 140.405, RSMo.  Further, Section 140.405, RSMo, does not require the sending of notice to MERS, a nominee holding bare legal title to the beneficial interest under the Deed of Trust described herein.  Accordingly, Plaintiff's Motion for Summary Judgment should be granted.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL
SERVICES, L.L.C.,

Phillip K. Gebhardt            29569
1720 North Main Street
Desoto, Missouri 63020
(636) 586-4545
St. Louis Telephone (636) 337-0615
Fax (636) 586-3504
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was mail, postage prepaid, this 13th day of December, 2007, to Richard A. Gartner, 220 Salt Lick Road, St. Peters, Missouri 63376, Attorney for Defendant Glen L. Crouther; and Jeffrey T. Weisman, Blake D. Hill, 502 Earth City Expressway, Suite 317, Earth City, Missouri 63045, Attorneys for OCWEN Loan Servicing, L.L.C., as agent for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1.

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\Legal Memorandum in Support of Reply to Response to Motion for Summary Judgment
File No. 06-348-L-5352
Pkg