IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> MERSCORP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT BELLISTRI, <br><br> Defendant. | No. 4:09-CV-00731-CAS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, by counsel, and states the following as his Memorandum of Law in Support of Defendant's Motion for Summary Judgment:

**INTRODUCTION:**

**RELATIONSHIP OF PLAINTIFFS TO ITS CLIENTS**

The relationship of Mortgage Electronic Registration Systems, Inc. ("hereinafter sometimes referred to as "MERS") to its customers/clients is stated in *Merscorp, Inc. v. Romaine,* 861 N.E.2d 81 (N.Y. 2006):

> In 1993, the MERS system was created by several large participants in the real estate mortgage industry to track ownership interests in residential mortgages. Mortgage lenders and other entities, known as MERS members, subscribe to the MERS system and pay annual fees for the electronic processing and tracking of ownership and transfers of mortgages. Members contractually agree to appoint MERS to act as their common agent on all mortgages they register in the MERS system.
>
> The initial MERS mortgage is recorded in the County Clerk's office with "Mortgage Electronic

1

> Registration Systems, Inc." named as the lender's nominee or mortgagee of record on the instrument. During the lifetime of the mortgage, the beneficial ownership interest or servicing rights may be transferred among MERS members (MERS assignments), but these assignments are not publicly recorded; instead they are tracked electronically in MERS's private system. In the MERS system, the mortgagor is notified of transfers of servicing rights pursuant to the Truth in Lending Act, but not necessarily of assignments of the beneficial interest in the mortgage.

861 N.E.2d at 83 (footnotes omitted). *See also Mortgage Electronic Registration Systems, Inc. v. Nebraska Department of Banking and Finance,* 270 Neb. 529, 704 N.W.2d 784 (2005) (for another judicial description of the relationship between MERS and its customers/clients).

## POINTS I AND II:

## FIRST AFFIRMATIVE DEFENSE: PRUDENTIAL STANDING; AND SECOND AFFIRMATIVE DEFENSE: SUBJECT MATTER JURISDICTION--ARTICLE III CASE OR CONTROVERSY STANDING

By Assignment of Deed of Trust dated on or about April 4, 2007 and recorded on or about April 23, 2007 as Document No. 2007R-018586 of the Jefferson County Land Records, Plaintiff Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for BNC Mortgage Inc., its successors and assigns, conveyed and assigned the Deed of Trust described in Plaintiffs' Complaint to Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HE1,as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-

through Certificates, Series 2002-HE1. See Defendant's Motion for Summary Judgment Exhibit E.

By assigning and conveying away any interest in the subject Deed of Trust prior to the entry of the Judgment, Plaintiffs had no right, title or interest in said Deed of Trust at the time of the entry of the Judgment. Said Assignment of Deed of Trust specifically states that MERS was acting as nominee for BNC Mortgage, Inc., its successors and assigns in making said assignment. See Defendant's Motion for Summary Judgment Exhibit E. Plaintiffs are not parties to the Judgment quieting title to the subject real estate or the underlying action from which said Judgment was entered.

The Deed of Trust in question contains provisions governing notices to the Lender, but the Deed of Trust does not contemplate the provision of notice to MERS. Defendant's Motion for Summary Judgment Exhibit B (paragraph 15).

*Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619 (Mo. App., 2009), affirmed the Judgment based on a lack of standing of Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HE1, as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-through Certificates, Series 2002-HE1 to enforce the subject Deed of Trust when ownership of the note secured by the subject Deed of Trust was split from the ownership of the subject Deed of Trust, thereby making the subject Deed of Trust unenforceable.

The Judgment is an unpublished decision of the Twenty-third Judicial Circuit Court of Missouri, at Hillsboro, Jefferson County, Missouri, and is not binding on Plaintiffs, as they are not named as parties thereto. See Defendant's Motion for Summary

Judgment Exhibit F. The Judgment will be enforceable as a declaratory judgment only in accordance with the appellate mandate issued in that case. *Edmison v. Clarke,* 61 S.W.3d 302 (Mo. App., W.D. 2001). Upon remand, a trial court can do no more than permitted by the mandate. *Sumnicht v. Sackman*, 968 S.W.2d 171, 174 (Mo. App. 1998). Where the mandate contains express instructions that direct the trial court to take a specified action, the trial court has no authority to deviate from those instructions. *See Boillot v. Conyer*, 887 S.W.2d 761, 763 (Mo. App. 1994). Any proceedings in the trial court "contrary to the mandate are null and void." *Id*.

The appellate mandate in this case states:

> The Court, being sufficiently advised of and having considered the premises, adjudges that the judgment rendered by the Jefferson County Circuit Court in cause No. 06JE-CC00893 be affirmed and stand in full force and effect in accordance with this Court's opinion delivered March 3, 2009.

Defendant's Motion for Summary Judgment Exhibit G.

The Missouri Court of Appeals, Eastern District, did not affirm that part of said Judgment complained of by Plaintiffs finding that Plaintiff Mortgage Electronic Registration Systems, Inc. was not the "holder" of the subject Deed of Trust entitled to notice under Section 140.405, RSMo. Said Judgment did not rule on whether Plaintiff Mortgage Electronic Registration Systems, Inc. has a "claim" against the subject Deed of Trust under Section 140.405, RSMo, when Plaintiff Mortgage Electronic Registration Systems, Inc. was named on the subject Deed of Trust solely as a nominee for BNC Mortgage, Inc and its successors and assigns. See Defendant's Motion for Summary Judgment Exhibit F.

Any cancellation or setting aside of the Collector's Deed or the Judgment will not restore to Plaintiffs any right, title or interest in the subject Deed of Trust or the real estate encumbered thereby.

Cases in support of the position that MERS does not have standing in this case and either confirming analysis in *Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619 (Mo. App., E.D. 2009) or analyzing this matter in a manner consistent with that case, include, but are not limited to: *In re Vargas,* 396 B.R. 511 (Bankr. C.D. Calif. 2008); *In re Hwang,* 396 B.R. 757 (C.D. Calif. 2008); *In re Sheridan,* ___ Bankr. _____, Case No. 08-20381-TLM, 2009 WL 631355 (Bankr. Idaho 2009); *In re Wilhelm,* 407 B.R. 392 (Idaho 2009); *Mortgage Electronic Registration Systems, Inc. v. Southwest Homes of Arkansas,* 209 Ark. 152, ___ S.W.3d ___, Case No. 08-1299 (Ark. 3/19/2009); *Saxon Mortgage Services, Inc. v. Hillery,* 2008 WL 5170180 (N.D. Cal. 2008) (unpublished opinion); *In re Mitchell,* ___ Bankr. _____, Case No. BK-S-07-16226-LBR (Bankr. Nev. 2009); and *Landmark National Bank v. Kesler,* 216 P.3d 158 (Kan. 2009).

Cases giving standing to MERS include, but are not limited to: *Bucci v. Lehman Brothers Bank, FSB,* Case No. PC-2009-3888 (Superior Court of Rhode Island 2009); *Mortgage Electronic Registration Systems, Inc. v. Azize,* 965 So.2d 151 (Fla. App., 2007); and *Jackson v. Mortgage Electronic Registration Systems, Inc.,* 770 N.W.2d 487 (Minn. 2009).

Counsel for Defendant is not aware of any case law specifically holding that MERS is entitled to notice of a tax sale or of tax sale redemption rights when it is named as a nominee in a deed of trust, nor is counsel for Defendant aware of any case law specifically holding that MERS has standing to challenge a judgment quieting the title to

5

real estate when MERS has previous to the entry of such judgment assigned all of its right, title and interest in the real estate to another party. *Compare Jolie-Maison Development Company LLC v. Drake,* No. 2009-CA-1129 (La. App. February 12, 2010) (MERS failed to file a timely motion to set aside a default judgment arising from a tax sale).

In *Hein v. Freedom from Religion Foundation, Inc.,* 551 U.S. 587, 127 S.Ct. 2553, 168 L.Ed.2d 424 (2007), the Court stated:

> "[O]ne of the controlling elements in the definition of a case or controversy under Article III" is standing. *ASARCO Inc. v. Kadish*, 490 U. S. 605, 613 (1989) (opinion of KENNEDY, J.). The requisite elements of Article III standing are well established: "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U. S. 737, 751 (1984).

Plaintiffs' have alleged loss of customer good will associated with the subject Deed of Trust as the alleged injury purportedly giving them a basis for standing to bring this action. Even assuming *arguendo* that loss of customer good will is an injury capable of giving the Plaintiffs' standing, *but see Landmark National Bank v. Kesler,* 216 P.3d 158 (Kan. 2009) (holding that MERS has no property interest in deeds of trust in which it is named solely as a nominee protected by the Constitution), the loss of customer good will alleged is not likely to be redressed by a cancellation or setting aside of the Collector's Deed and/or the Judgment. The cancellation or setting aside of said Collector's Deed or the collateral attack upon Judgment will not restore Plaintiffs to any interest in the subject Deed of Trust or the real property formerly encumbered by that instrument. Plaintiffs have assigned all of their right, title and interest in the subject Deed

6

of Trust, as nominees for BNC Mortgage, Inc., to Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-through Certificates, Series 2002-HE1. The Judgment was affirmed by the Missouri Court of Appeals, Eastern District, on grounds that do not affect Plaintiffs' rights, other than the procedures used by MERS in assigning deeds of trust in which it is named as a nominee. *Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619 (Mo. App., 2009).

Plaintiffs and Defendant Robert Bellistri have no real and substantial adverse legal interests in the real property in question admitting of specific relief through a decree of a conclusive character, as Plaintiffs assigned all of their right, title and interest in the subject Deed of Trust as nominee for BNC Mortgage, Inc. to a Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holder of the CDC Mortgage Capital Trust 2002-HEI, Mortgage Pass-through Certificates, Series 2002-HE1, and Plaintiffs are not parties to the Judgment. Any opinion rendered in this matter will only be of an advisory nature, as Plaintiffs no longer have any right, title or interest in the subject Deed of Trust.

Plaintiffs lack any standing to attack the Judgment or the Collector's Deed.

### THIRD AFFIRMATIVE DEFENSE: THE STATE COURT JUDGMENT IS NOT SUBJECT TO COLLATERAL ATTACK.

Under 28 U.S.C. Section 1738 (sometimes referred to as the "Full Faith and Credit Act"), an authenticated copy of the Judgment is to be given full faith and credit in this Court in accordance with the appellate mandate and appellate opinion to be handed down. As stated in *Boillot v. Conyer,* 861 S.W.2d 152 (Mo. App., E.D. 1993), a decision by the Missouri Court of Appeals, Eastern District, is the law of the case on all points

raised and decided in the court of appeals, and the decision of the Missouri Court of Appeals continues to govern throughout all subsequent proceedings both in the trial and appellate courts. The Missouri Court of Appeals, Eastern District, has determined that the subject deed of trust was not enforceable because there was a split in the ownership of the promissory note secured by that deed of trust and the ownership of said deed of trust. *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623-624 (Mo. App., 2009).

In *Matsushita Electronic Industrial Co., Ltd. v. Epstein,* 516 U.S. 367, 116 S.Ct. 873, 134 L.Ed.2d 6 (1995), the Court stated:

> The Full Faith and Credit Act mandates that the "judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state. Federal courts may not "employ their own rules . . . in determining the effect of state judgments," but must "accept the rules chosen by the State from which the judgment is taken." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982).

In Missouri, judgments confirming tax sales stand precisely on the same foot as any other judgment. *Skillman v. Clardy,* 256 Mo. 397, 165 S.W. 1050, 1052 (1914).

This action is simply one to re-litigate the Judgment in the state court case by attempting to introduce evidence to this Court concerning the ability of the Plaintiffs to hold the Deed of Trust and enforce that instrument on behalf of its Lender.

The Judgment was not a default judgment against Plaintiffs, so Missouri Supreme Court Rule 74.05 (a court rule concerning the collateral attack of Missouri default judgments) does not apply in setting it aside. Missouri Supreme Court Rule 74.06 (a

court rule concerning the collateral attack of Missouri judgments) appears to be the Missouri Supreme Court Rule that allows certain collateral attacks on judgments that might be applicable here. That rule allows relief only to a party or the party's legal representative. *State of Missouri ex rel. Morris v. McDonald,* 817 S.W.2d 923, 926-928 (Mo. App., S.D. 1991). As nonparties, Plaintiffs cannot collaterally attack the Judgment under Missouri law.

The Judgment is not subject to collateral attack by Plaintiffs under the laws of the State of Missouri. The Twenty-third Judicial Circuit Court of Missouri, at Hillsboro, Jefferson County, Missouri, had subject matter jurisdiction to enter the Judgment. All parties who had, or claimed to have, or appeared of record to have any interest in, or lien upon, the real estate encumbered by the subject Deed of Trust at the time of the Judgment was entered were made defendants in the Jefferson County suit under Section 140.330.1, RSMo. This Court must give full faith and credit to the Judgment in accordance with the appellate mandate and appellate opinion affirming said Judgment. The Judgment is not subject to collateral attack in this Court.

## IV.

**FOURTH AFFIRMATIVE DEFENSE: MERS IS NOT THE HOLDER OF THE DEED OF TRUST ENTITLED TO NOTICE UNDER SECTION 140.405, RSMo, NOR DOES MERS HAVE ANY CLAIM TO THE REAL ESTATE IN QUESTION THAT WOULD ENTITLE IT TO NOTICE UNDER SECTION 140.405, RSMo, OR THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION OR ARTICLE I, SECTION 10 OF THE MISSOURI CONSTITUTION**

### A.

**MERS DOES NOT HAVE A CONSTITUTIONAL RIGHT TO NOTICE OF TAX SALE REDEMPTION RIGHTS UNDER THE DUE PROCESS CLAUSES OF THE UNITED STATES AND MISSOURI CONSTITUTIONS WHEN MERS IS**

### NAMED IN A DEED OF TRUST SOLELY AS NOMINEE FOR A THIRD PARTY LENDER.

Counsel for Defendant believes that the entire MERS system is designed to inoculate mortgages and deeds of trust from the necessity of recording transfers or assignments of mortgages and deeds of trust in the public land records, and under the MERS system the ownership of mortgages and deeds of trust is maintained in MERS' own private proprietary records in lieu of publicly recorded instruments evidencing the transfer of mortgages and deeds of trust.

The Due Process Clauses of the United States and Missouri Constitutions require notice of tax sale redemption rights to be sent to those holding publicly recorded interests in real estate. *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) and *Lohr v. Cobur Corp.*, 654 S.W.2d 833 (Mo. banc 1983).

BNC Mortgage, Inc., as Lender, held the publicly recorded ownership of the subject Deed of Trust at the time notices of tax sale redemption rights were sent. MERS, acting solely as a nominee for the Lender and its successors and assigns, was named as beneficiary but had no beneficial ownership of that Deed of Trust. *In re Mitchell,* ___ Bankr. ___, Case No. BK-S-07-16226 (Bankr. Nev. 2009).

The Due Process Clauses of the United States and Missouri Constitutions do not require that notice of tax sale redemption rights be sent to an agent or nominee of a beneficial owner of a deed of trust. In *Landmark National Bank v. Kesler,* 216 P.3d 158 (Kan. 2009), the Supreme Court of Kansas addressed the question of whether MERS has constitutional due process rights when it is named as a nominee under a deed of trust. That Court stated:

> Due process provides any interested party with the elementary and fundamental right to notice of the pendency of an action and the opportunity to present its objections in any proceeding that is to be accorded finality. *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1275, 136 P.3d 457 (2006) (*citing Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 94 L.Ed. 865, 70 S.Ct. 652 [1950]). In the absence of a protected property or liberty interest, there can be no due process violation. *State ex rel. Tomasic v. Unified Gov't of Wyandotte County/Kansas City*, 265 Kan. 779, 809, 962 P.2d 543 (1998).
>
> The Due Process Clause does not protect entitlements where the identity of the alleged entitlement is vague. *Castle Rock v. Gonzales*, 545 U.S. 748, 763, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005). A protected property right must have some ascertainable monetary value. 545 U.S. at 766, 125 S.Ct. 2796. Indirect monetary benefits do not establish protection under the Fourteenth Amendment. 545 U.S. at 767, 125 S.Ct. 2796. An entitlement to a procedure does not constitute a protected property interest. 545 U.S. at 764, 125 S.Ct. 2796.
>
> MERS's contention that it was deprived of due process in violation of constitutional protections runs aground in the shallows of its property interest. As noted in the discussion of the first issue above, MERS did not demonstrate, in fact, did not attempt to demonstrate, that it possessed any tangible interest in the mortgage beyond a nominal designation as the mortgagee. It lent no money and received no payments from the borrower. It suffered no direct, ascertainable monetary loss as a consequence of the litigation. Having suffered no injury, it does not qualify for protection under the Due Process Clause of either the United States or the Kansas Constitutions.

216 P.3d at 169-170.

All of the claims of MERS in this case involve indirect monetary benefits involving assertions regarding the loss of customer good will. Such claims relate to indirect monetary benefits that are not protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Landmark National Bank v.*

11

*Kesler,* 216 P.3d 158, 169-170 (Kan. 2009). The fact that MERS assigned away all of its right, title and interest in the subject Deed of Trust by a recorded instrument belies any claim that it has sustained an injury by virtue of the state court Judgment below. Defendant's Motion for Summary Judgment Exhibit E.

**B.**

**SECTION 140.405, RSMO DID NOT REQUIRE NOTICE TO MERS.**

Assuming that this Court retains pendent jurisdiction over the Plaintiffs' declaratory judgment actions in the absence of a viable claim under 42 U.S.C. Section 1983, the Court must decide whether the Plaintiffs are a "holder" of the Deed of Trust under Section 140.405, RSMo, or whether Plaintiffs have a publicly recorded "claim" against the subject real estate under Section 140.405, RSMo.

In relevant part, Section 140.405, RSMo, required notice to "any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate". Counsel for Defendant is not aware of any Missouri case law holding that MERS is a holder of a deed of trust when it is named in the deed of trust solely as a nominee of the lender under Section 140.405, RSMo, nor is counsel for Defendant aware of any Missouri case law holding that MERS has a publicly recorded claim against the real estate for purposes of Section 140.405, RSMo.

In *Glasgow v. Kusher,* 231 S.W.3d 201 (Mo. App., E.D. 2007), the purchaser notified the trustee named in the deed of trust but not the beneficiary, and the Court invalidated the sale. In *Cedarbridge LLC v. Eason,* 293 S.W.3d 462 (Mo. App., E.D. 2009), the Court held that both the trustee and the beneficiary are the holders of the deed of trust. *Eason* also makes reference to a comment in *Kusher* as follows: "Parties whose

names and addresses appear on the front page of the deed of trust document, such as beneficiaries of deeds of trust and trustees of deeds of trusts, must receive notice as well." 293 S.W.3d 465.  In this case, MERS is named on the second page of the Deed of Trust in question, not the front page of that instrument.

MERS is claiming contradictory interests in the Deed of Trust.  In *Prindable v. Walsh,* 69 S.W.3d 912, 913 (Mo. App., E.D. 2002), the Court stated that a nominee for another cannot be the beneficial owner.  *Compare Landmark National Bank v. Kesler,* 216 P.3d 158, 166-167 (Kan. 2009) (holding that MERS has the status of a straw man for the mortgagee in a mortgage).  MERS cannot be both beneficiary of the deed of trust and act solely as a nominee for the Lender and its successors and assigns.

Section 400.3-309, RSMo, defines who can enforce the promissory note secured by the Deed of Trust.  The holder of the note is one of the parties entitled to enforce the promissory note.  In *Bremen Bank and Trust Company of St. Louis v. Muskopf,* 817 S.W.2d 602, 606-608 (Mo. App., E.D. 1991), the Court stated that a holder is a person who is in possession of a document or an instrument or an investment security drawn, issued or endorsed to him or to his order or to bearer or in blank.  The Court in *Muskopf* also stated that negotiation is the transfer of an instrument in such form that the transferee becomes a holder.

In *Bellistri v. Ocwen Loan Servicing LLC,* 284 S.W.3d 619, 623 (Mo. App., E.D. 2009), the Court held that BNC was the holder of the promissory note, and that there was no evidence in the record or the pleadings that MERS held the promissory note of BNC. Unless this Court sets aside the state court Judgment affirmed in this appellate opinion,

the Judgment precludes re-litigation of who held the deed of trust at the time notices of tax sale redemption were mailed.

MERS may also argue that it had a publicly recorded "claim" against the subject real estate entitling it to notice under Section 140.405, RSMo. In *Campbell v. Siegfried,* 823 S.W.2d 156 (Mo. App., E.D. 1992), the Court defined persons having claims against real estate for purposes of Section 140.405, RSMo, to "include anyone who has not received prior notice of the sale, but who has an interest that could be lost when the collector's deed is issued." *Campbell,* 823 S.W.2d at 157-158.

As indicated in the discussions of standing and constitutional due process principles contained herein, MERS had no property interest in the real estate when it is named as a nominee for the lender in a deed of trust. MERS has no property interest in the Deed of Trust that could be lost when the collector's deed was issued. MERS was not entitled to notice under the terms of the Deed of Trust. Defendant's Motion for Summary Judgment Exhibit B (paragraph 15). MERS was merely a nominee and lent no money to the borrower and was not entitled to collect payments from the borrower. MERS ascertained no direct, monetary loss as a result of the issuance of the collector's deed. MERS did not have a claim against the subject real estate at the time of the issuance of the collector's deed, and even if it did, the subsequent assignment by MERS of the Deed of Trust conveyed away any claims it had to the subject real estate.

## CONCLUSION

Based upon the foregoing, Defendant concludes:  (1) That Plaintiffs have no standing to have their rights in the subject real estate declared, as Plaintiff Mortgage Electronic Registration Systems, Inc. assigned away all of its interest in the subject deed

of trust prior to the entry of the state court judgment and Plaintiffs have no property interest in the Deed of Trust; (2) that Plaintiffs may not collaterally attack the state court Judgment quieting the title to the subject real estate, as the state court had jurisdiction over the prior quiet title action, and at the time of the entry of the state court judgment, all parties having a recorded interest in the subject real estate and the subject deed of trust were parties to that Judgment; and (3) Section 140.405, RSMo, and the Due Process Clauses of the United States and Missouri Constitutions do not require that notice of tax sale redemption rights be sent to an agent or nominee of a beneficial owner having no direct, ascertainable interest in the subject real estate. Accordingly, Defendant requests that this Court grant Defendant's Motion for Summary Judgment.

          Respectfully submitted,

          GEBHARDT REAL ESTATE AND
          LEGAL SERVICES, L.L.C.

By: _____
          Phillip K. Gebhardt, Mo. Bar #29569
          U.S.D.C., E.D. of Mo. # 61304
          1720 North Main Street
          Desoto, Missouri 63020
          (636) 337-0615
          Fax (636) 586-3504
          Email pkgmag@swbell.net
          Attorney for Defendant Robert Bellistri

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures this 31st day of March 2010 to Mark G. Arnold, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at mark.arnold@huschblackwell.com, and JoAnn Tracy Sandifer, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at joann.sandifer@huschblackwell.com.

_____

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\MERS v. Bellistri\Memorandum of Law in Support of Defendant's Motion for Summary Judgment
File No. 09-129-L
pkg