IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT BELLISTRI, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 4:09-CV-00731-CAS |

**RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Robert Bellistri, by and through his attorney, and for his Response to Plaintiffs' Motion for Summary Judgment, states:

1. Defendant Robert Bellistri admits the truth of the allegations stated in paragraphs 1, 2, 3, 4, 12, 18, 19, 27, 28, 36, 37, 44, 45, 49, 50, 51, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, and 65 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment.

2. Defendant Robert Bellistri objects to and denies the allegations stated in paragraph 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment on the following grounds:

    A.    Said allegations are based upon opinion; and/or

    B.    No foundation has been properly laid for the introduction into evidence of said opinions; and/or

    C.    Said allegations are based upon hearsay; and/or

      D.      Said allegations are not relevant or material to any legal issue in this matter, as MERS assigned away all of its right, title and interest in the subject Deed of Trust by recorded assignment and no longer has any interest in the subject Deed of Trust (Defendant's Motion for Summary Judgment Exhibit E).

3.      Defendant Robert Bellistri admits the allegations stated in paragraph 20 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment insofar as said allegations are interpreted as meaning that every mortgage and/or deed of trust registered in the MERS System has a unique mortgage identification number, but Defendant denies that there is any evidence in the record before this Court that Defendant or other tax sale purchasers have or had access to that unique mortgage identification number for the subject Deed of Trust or any other deeds of trust or mortgages or that said unique mortgage identification numbers are indexed and/or otherwise available as a public record for use by tax sale purchasers.

4.      Defendant Robert Bellistri objects to and denies the allegations stated in paragraphs 21, 22, 38, 42, 48, 52, 53, and 56 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment on the following grounds:

      A.      Said allegations contain legal conclusions and are not statements of fact.

The Court in making its decision in this matter shall determine whether such conclusions of law are correct.

5.      Defendant Robert Bellistri objects to and denies the allegations stated in paragraphs 39, 40, 41, and 46 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment on the following grounds:

      A.      Said allegations are based upon documents that speak for themselves.

Defendant Robert Bellistri admits that true and correct copies of the relevant Deed of Trust mentioned in paragraphs 39, 40, 41 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment is included in the record before this Court as Defendant's Motion for Summary Judgment Exhibit B and Plaintiff's Exhibit 3.

Defendant Robert Bellistri admits that a true and correct copy of the notice letter dated May 12, 2006 sent by Defendant to BNC Mortgage, Inc. mentioned in paragraph 46 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment is included in the record before the Court as part of Plaintiff's Exhibit 5 and Defendant's Motion for Summary Judgment Exhibit G, marked Defendant's A-1 and SJ-4 attached to Defendant Ocwen's Statement of Uncontroverted Facts.

6. Defendant Robert Bellistri admits the truth of the allegations stated in paragraph 43 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment, except that Defendant Robert Bellistri affirmatively states that the name of the Jefferson County, Missouri Collector of Revenue is Beth Mahn, not Beth Mahon, and said Defendant asks this Court to take judicial notice of that fact.

7. Defendant Robert Bellistri objects to and denies the truth of the allegations stated in paragraph 47 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment, as such allegations touch on matters that are not material or relevant or within the scope of the pleadings filed herein, in so far as said allegations touch upon notices sent to persons not related to Plaintiffs, including but not limited to Glen Crouther.

Subject to said objections, Defendant admits that the only notice of redemption right provided by Defendant touching upon the rights of those who might hold the Deed of Trust was the

notice of redemption rights sent to BNC Mortgage, Inc., the content of which is admitted by Defendant in response to paragraph 46 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment.

  8. Defendant Robert Bellistri objects to the allegations stated in paragraph 65 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment on the following grounds:

    A. Said allegations are not relevant or material to any legal issue in this matter, as at the time of the events alleged on March 5, 2009, MERS had assigned away all of its right, title and interest in the subject Deed of Trust by recorded assignment and no longer has any interest in the subject Deed of Trust (Defendant's Motion for Summary Judgment Exhibit E).

  9. Defendant Robert Bellistri objects to and denies the truth of the allegations stated in paragraphs 66 and 67 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment on the following grounds:

    A. Said allegations are based upon rank speculation about what would have occurred if certain events that did occur had not occurred.

    B. Said allegations are based upon opinion and not fact, as no evidence has been presented that Plaintiffs are able to perform noticing activities on behalf of their Members with 100% efficiency.

    C. No foundation for such opinions has been laid.

However, Defendant admits the truth of the allegations stated in 66 and 67 so long as it is understood that such activities alleged would have occurred hypothetically according to relevant Procedures Manual or standard practices or agreements.

10. Defendant Robert Bellistri denies the truth of the allegations stated in paragraph 68 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment, as the tax delinquency against the subject real estate was a matter of public record accessible by Plaintiffs and Defendant did not conceal or otherwise deny Plaintiffs any opportunity to protect its interests in the Property or the interests of Deutsche Bank or CDC or to notify Ocwen, Deutsche Bank or CDC, and Defendant asks this Court to take judicial notice of the fact that the payment or non-payment of real estate taxes in Missouri is a public and open record under relevant Missouri statutes, including, without limitation, the Missouri Sunshine Law, Chapter 610, RSMo.  In further support of said denial, Defendant states that the Deed of Trust (Defendant's Motion for Summary Judgment Exhibit B and Plaintiff's Exhibit 3) contains provisions requiring the payment of escrow payments for the payment of real estate taxes on the subject real estate (Section 3 of the Deed of Trust), and MERS or its Members claiming an interest in the Deed of Trust would not be prevented from learning whether funds from the escrow account being maintained under the terms of the Deed of Trust for the payment of real estate taxes were being used to satisfy the tax obligations on the real estate.

Respectfully submitted,

GEBHARDT REAL ESTATE AND LEGAL SERVICES, L.L.C.,

_____
Phillip K. Gebhardt, Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 337-0615
Fax (636) 586-3504
Email pkgmag@swbell.net
Attorney for Defendant Robert Bellistri

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures this 18th day of May 2010 to Mark G. Arnold, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at mark.arnold@huschblackwell.com, and JoAnn Tracy Sandifer, Husch Blackwell Sanders, LLP, Attorney for Plaintiff, at joann.sandifer@huschblackwell.com.

_____

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\MERS v. Bellistri\Response to Plaintiffs' Statement of Material Facts in Support of Plaintiffs' Motion for Summary Judgment
File No. 09-129-L
pkg