IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MORTGAGE ELECTRONIC             )
REGISTRATION SYSTEMS, INC.,     )
                                )
MERSCORP, INC.,                 )
                                )
        Plaintiffs,             )
                                )
v.                              )          No. 4:09-CV-00731-CAS
                                )
ROBERT BELLISTRI,               )
                                )
        Defendant.              )

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, by counsel, and states the following as his Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment:

### INTRODUCTION:

Plaintiffs' Motion for Summary Judgment shows that this action is a blatant attempt to re-litigate the state court quiet title action resulting in the state court judgment affirmed on appeal in *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619 (Mo. App., E.D. 2009).1 It is ironic that the appellate opinion in the *Bellsitri v. Ocwen Loan Servicing LLC* case recognizes the ability of an agent to hold a deed of trust for a principal, as the *Bellistri* Court held that the practical effect of splitting the deed of trust

---

1 The state court judgment may not be binding on Plaintiffs as they were not parties to the prior state court quiet title action; however, the Assignment of Deed of Trust described herein conveyed any and all of the right, title and interest of MERS to the Deed of Trust so that Plaintiffs no longer had any interest in the real estate that had not been effectively assigned to their successor in interest, who was a party to the state court judgment. The relief requested by Plaintiffs is undercut by the Assignment of Deed of Trust.

from the promissory note makes it impossible for the holder of the note to foreclose, **unless the holder of the deed of trust is the agent of the holder of the note**. 284 S.W.3d at 623-624. However, the record in the trial court in the state court action failed to include evidence that Plaintiff Mortgage Electronic Registration Systems, Inc. ('MERS") was authorized as an agent of the holder or "owner" of the Note to assign the Deed of Trust and Note to Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1. 284 S.W.3d at 623-624.

Far from being a frontal attack on the Plaintiffs' business model as is alleged in the Memorandum in Support of Plaintiffs' Motion for Summary Judgment at page 13, the *Bellistri* Court specifically recognizes the possibility of an agent of the holder of the note being the holder of the deed of trust by citing the Restatement (Third) of Property (Mortgages). 284 S.W.3d at 623. The state court held that the purported assignment of the Note by MERS, when MERS was not shown to be the holder of the Note and there was no showing that MERS had authority to assign the Note by the holder or "owner" of the Note, created a splitting of the ownership of the note and deed of trust. *Compare In re Wilhelm*, 407 B.R. 392 (Bankr. D. Idaho 2009) (standard mortgage note language does not expressly or implicitly authorize MERS to transfer the note); *In re Vargas*, 396 B.R. 511, 517 (Bankr. C.D. Cal. 2008) ("[I]f FHM has transferred the note, MERS is no longer an authorized agent of the holder unless it has a separate agency contract with the new undisclosed principal. MERS presents no evidence as to who owns the note, or of any authorization to act on behalf of the present owner."); *Saxon Mortgage Services, Inc. v.*

*Hillery,* 2008 WL 5170180 (N.D. Cal. 2008) (unpublished opinion) ("[F]or there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned. . . . MERS purportedly assigned both the deed of trust and the promissory note. . . . However, there is no evidence of record that establishes that MERS either held the promissory note or was given the authority . . . to assign the note.").

Ultimately, the only thing of consequence to Plaintiffs that was decided in *Bellistri v. Ocwen Loan Servicing LLC* was that MERS must be able to prove that it has the legal authority to assign a deed of trust as an agent of its principal and the holder of the note(s) secured by the Deed of Trust at the time of the assignment. When there was nothing in the court record showing that MERS was entitled to make such assignment as agent of its principal, the Court in *Bellistri v. Ocwen Loan Servicing, LLC* found, based upon the evidence before it, that there is a resulting split of the ownership of the Note and the Deed of Trust and a lack of standing on the part of the assignee and successor in interest of MERS. The Missouri Court of Appeals, Eastern District, decided nothing else of consequence to Plaintiffs in its opinion.

Since at least 2006, Plaintiffs should have been on notice that assignments of notes and deeds of trust under the Plaintiffs' business model are problematic. *See Lasalle Bank National Association v. Lamy,* 12 Misc.3d 1191 (N.Y. 2006) (assignee of MERS had a defective title to mortgage arising from an inability of MERS, as nominee and agent, to transfer rights of the owner of note secured by the mortgage).

This case is not a "frontal assault on MERS' fundamental business model" as is alleged in Plaintiff's Memorandum in Support of Motion for Summary Judgment, at 13. As is indicated in Defendant's Statement of Material Facts as to Which Defendant

Contends a Genuine Issue Exists with Respect to Plaintiffs' Motion for Summary Judgment filed herein, Plaintiffs still have not made a sufficient evidentiary record that MERS was authorized to assign the Note by the holder or "owner" thereof, as may be implied in the recorded Assignment of Deed of Trust. Plaintiffs may need to adjust their procedures for creating an evidentiary record evidencing the assignment of deeds of trust and notes to better comply with applicable state law to avoid the result reached in *Bellistri v. Ocwen Loan Servicing, LLC*, but *Bellistri v. Ocwen Loan Servicing LLC* is not a frontal assault on Plaintiffs' business model.

That said, it should be noted that much of Plaintiffs' flowery Statement of Facts is dedicated to showing that Plaintiffs, as facilitators of the securitization of mortgages and deeds of trust, are doing good in the World by providing a "simple and elegant" solution caused by the troublesome and expensive need to publicly record assignments of mortgages and deeds and trust. See Plaintiffs' Memorandum in Support of Motion for Summary Judgment at pages 3-4. Counsel for Defendant is not aware of any empirical evidence or studies showing the true costs and benefits of the securitization of mortgages facilitated by Plaintiffs. Considering the recent credit crisis in the Fall of 2008 mentioned by Plaintiffs in their Memorandum in Support of Their Motion for Summary Judgment, at page 5, the jury is definitely out on the true costs and benefits created by entities, such as Plaintiffs, that facilitate the securitization of mortgages. Whether Plaintiffs' activities provide any social benefits or social costs and the relative size of those benefits and costs is not a relevant issue in this case—this should be a case decided by the law, not by self-aggrandizing and self-serving statements concerning the economic benefits of Plaintiffs' good Works. See paragraphs 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 23, 24, 25, 26, 29,

4

30, 31, 32, 33, 34 and 35 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment, all of which are totally irrelevant to these proceedings because MERS assigned all of its right, title and interest in the Deed of Trust to Ocwen Loan Servicing LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, as evidenced by the recorded Assignment of Deed of Trust (Defendant's Motion for Summary Judgment Exhibit E).

## I.

## RESPONSE TO PLAINTIFFS' ARGUMENT I:  DEFENDANT DID NOT FAIL TO COMPLY WITH THE MANDATORY REQUIREMENTS OF THE JONES-MUNGER ACT BY FAILING TO GIVE NOTICE TO MERS OF ITS PRINCIPAL'S REDEMPTION RIGHTS.

Plaintiffs argue that Bellistri's Collector's Deed is void on the ground that Bellistri failed to give notice to MERS of its principal's redemption rights.   See Plaintiffs' Memorandum in Support of Motion for Summary Judgment, at pages 15-20.

In *Glasgow Enterprises, Inc. v. Kusher,* 231 S.W.3d 201 (Mo. App., E.D. 2007), the deed of trust directed that all "tax notices" be sent to Ann Kusher Thomas and Theodore Thomas.   The Freida Kusher Revocable Trust was the beneficiary under the deed of trust.   Philip A. Kaiser was the trustee under the deed of trust.   The tax sale purchaser sent redemption notices to Ann Kusher Thomas and Theodore Thomas as directed by the deed of trust.   Also, the tax sale purchaser sent a redemption notice to Philip A. Kaiser, as trustee.   No redemption notice was sent to the Frieda Kusher Revocable Trust, the named beneficiary under the deed of trust.  231 S.W.3d at 202.

The *Kusher* court held that sending notice to the "nominee" and agent of the beneficiary designated to receive tax notices under the express terms of the publicly recorded Deed of Trust did not comply with § 140.405, RSMo. As stated by the Court: 'Glasgow does not present and our review does not reveal any authority supporting the proposition that section 140.405's right of redemption notice requirements for deed of trust holders can be fulfilled by sending notice to the party listed on the deed of trust as designated to receive "tax notices."' 231 S.W.3d at 204-205. The publicly recorded "claim" of Ann Kusher Thomas and Theodore Thomas in the *Kusher* case is legally indistinguishable from the purported "claim" of MERS acting solely as a nominee for the Lender and its successors and assigns prior to the time MERS assigned away all right, title and interest in the Deed of Trust. Defendant's Motion for Summary Judgment Exhibit E.

MERS claims to be both the nominee of the beneficiary and the beneficiary under the Deed of Trust or to have some other claim or property interest in the Deed of Trust in this case. Plaintiffs' Memorandum in Support of Plaintiffs' Motion ofr Summary Judgment at pages 15-20. A nominee cannot be a beneficiary under Missouri law, as those roles are inconsistent. *Prindable v. Walsh,* 69 S.W.3d 912, 913 (Mo. App., E.D. 2002). Counsel for Defendant believes that the following statements of the Supreme Court of Arkansas in *Mortgage Electronic Registration Systems, Inc. v. Southwest Homes of Arkansas, Inc.,* 2009 Ark. 152, 301 S.W.2d 1 (2009) are largely accurate as to the state of the law of Missouri on this subject:

> However, MERS also argues that it holds a property interest through holding legal title. Specifically, it purports to hold legal title with respect to the rights conveyed by the borrower to the lender. We disagree.

"A deed of trust is 'a deed conveying title to real property to a trustee as security until the grantor repays a loan.'" *First United Bank v. Phase II, Edgewater Addition*, 347 Ark. 879, 894, 69 S.W.3d 33, 44 (2002) (quoting Black's Law Dictionary 773 (7th ed. 1999)); *see also House v. Long*, 244 Ark. 718, 426 S.W.2d 814 (1968). The encumbrance created by the deed of trust may be described as a lien. *See, e.g., First Am. Nat'l Bank of Nashville v. Booth*, 270 Ark. 702, 606 S.W.2d 70 (1980).

Under a deed of trust, the borrower conveys legal title in the property by a deed of trust to the trustee. *Phase II, supra*. "In this state, the naked legal title to real property included in a mortgage passes to the mortgagee, or to the trustee in a deed of trust, to make the security available for the payment of the debt." *Harris v. Collins*, 202 Ark. 445, 447, 150 S.W.2d 749, 750 (1941). The trustee is limited in use of the title to passing title back to the grantor/borrower in the case of payment, or to the lender in the event of foreclosure. *See Forman v. Holloway*, 122 Ark. 341, 183 S.W. 763 (1916). The lender holds the indebtedness and is the beneficiary of the deed of trust. *House, supra*. A trustee under a deed of trust is not a true trustee. *Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal.App.4th 339, 66 Cal.Rptr.3d 510 (2007). Under a deed of trust, the trustee's duties are limited to (1) upon default undertaking foreclosure and (2) upon satisfaction of the debt to reconvey the deed of trust. Id.

In the present case, all the required parties to a deed of trust under Arkansas law are present, the borrower in the Lindseys, the lender in Pulaski Mortgage, and the trustee in James C. East. Under a deed of trust in Arkansas, title is conveyed to the trustee. *Harris, supra*. MERS is not the trustee. Here, the deed of trust named James C. East as the trustee. The deed of trust did not convey title to MERS. Further, MERS is not the beneficiary, even though it is so designated in the deed of trust. Pulaski Mortgage, as the lender on the deed of trust, was the beneficiary. It receives the payments on the debt.

301 S.W.3d at 4. *See also In re Mitchell*, Case No. BK-S-07-16226 (Bankr. Nev. 2009)

("A 'beneficiary' is defined as 'one designated to benefit from an appointment,

disposition, or assignment . . . or to receive something as a result of a legal arrangement or instrument.' BLACK'S LAW DICTIONARY 165 (8th ed. 2004). But it is obvious from the MERS' "Terms and Conditions" that MERS is not a beneficiary as it has no rights whatsoever to any payments, to any servicing rights, or to any of the properties secured by the loans. To reverse an old adage, if it doesn't walk like a duck, talk like a duck, and quack like a duck, then it's not a duck.")

For the reasons stated, just because MERS is named as a beneficiary in the Deed of Trust does not make MERS a true economic beneficiary under the Deed of Trust, and under *Kusher,* just because MERS is named in the Deed of Trust as a nominee or agent (designated to receive tax sale notices) does not mean that MERS is the holder of the Deed of Trust or has a claim against the subject property making MERS a "party" to the Deed of Trust with a right to notice under § 140.405, RSMo.

Plaintiffs' reliance on *Glasgow Enterprises Inc. v. Brooks,* 854 S.W.3d 407 (Mo. App., E.D. 2007) is misplaced in their Memorandum in Support of Motion for Summary Judgment, at page 17.  As counsel for Defendant reads that case, the *Brooks* case held that the naming of Ms. Brooks as a party on the Deed of Trust in question was publicly recorded notice of the wife's unrecorded marital interest in the subject property, thereby entitling Ms. Brooks to notice under § 140.405, RSMo.  *See, e.g.,* §§ 452.330, 474.150, 474.170 to 474.300, and 513.475.2, RSMo (statutes concerning statutory marital rights in Missouri).  Ms. Brooks interest in the property derived from the law of marital rights in Missouri, not the deed of trust considered in that case.

Despite what is said at page 19 of Plaintiffs' Memorandum in Support of Motion for Summary Judgment, the invalidation of a tax sale of property not involved in this case

in *Hames v. Bellistri,* 300 S.W.3d 235 (Mo. App., E.D. 2010) should not be read as the last word on the legal requirements of a notice of the right to redeem under § 140.405, RSMo. In *Valli v. Glasgow Enterprises, Inc.*, 204 S.W.3d 273 (Mo. App. E.D. 2006) and *Glasgow Enterprises, Inc. v. Brooks,* 234 S.W.3d 407 (Mo. App., E.D. 2007), the Missouri Court of Appeals, Eastern District applied the redemption rules applicable to third offering delinquent tax sales to first or second offering delinquent tax sales for which tax sale certificates were issued. In *Keylien Corporation v. Johnson*, 284 S.W.3d 606, 612-613 (Mo. App. E.D. 2009), the Missouri Court of Appeals, Eastern District, interpreted the 1998 amendments to § 140.405, RSMo, as applying only to third sale offerings. The records on appeal in the *Valli* and *Brooks* cases will confirm that the property in those cases were not sold at third offering tax sales, and on motion for rehearing in *Keylien* the Eastern District stated that it could not verify the type of offering (first, second or third) considered in *Valli,* but the rehearing order held that *Valli* applied third sale procedures. 284 S.W.3d at 614. *Valli* and *Brooks* incorrectly applied the third sale procedures enacted by 1998 amendments to § 140.405, RSMo, to a first or second offering delinquent tax sale for which a certificate of purchase was issued.[2]

---

2 The "strict compliance" approach in *Valli/Brooks* is inconsistent with Section 140.520, RSMo, which states in part: "No … mere irregularity of any kind in any of the proceedings, shall invalidate any such proceeding, or the title conveyed by the tax deed; nor shall any failure of any officer or officers to perform the duties assigned him or them, on the day or within the time specified, work any invalidation of any such proceedings, or of such deed, … Acts of officers de facto shall be as valid as if they were officers de jure, and if a deed would be valid as to the sale for any one tax, it shall not be impaired by any irregularity, error or defect in the proceedings or sale for any other tax or taxes." Under *Scherleth v. Hardy,* 280 S.W.3d 47 (Mo. banc 2009), tax sale purchasers are now considered to be state actors for purposes of Due Process analysis. *See also M & P Enterprises, Inc. v. Transamerica Financial Services,* 944 S.W.2d 154, 157 (Mo. banc 1997) (the General Assembly delegated the governmental duty to provide mailed notice to tax sale purchasers rather than imposing the cost of providing notice upon collectors of

Relying on *Valli* and *Brooks*, in *Keylien Corporation v. Johnson*, 284 S.W.3d 606 (Mo. App. E.D. 2009), *Cedarbridge LLC v. Eason*, 293 S.W.3d 462 (Mo. App., E.D. 2009), and *Hames v. Bellistri,* 300 S.W.3d 235 (Mo. App., E.D. 2009)3, the Missouri Court of Appeals, Eastern District, held that tax sale purchasers at first or second offering delinquent tax sales are required to state in the notice of tax sale redemption rights that the delinquent taxpayer has a fixed one (formerly two) year right of redemption under § 140.340, RSMo.

There is no fixed period of redemption from first or second tax sales under the Jones-Munger Act, and *Keylien*, *Eason*, and *Hames* do not correctly state the law as enunciated by the Supreme Court of Missouri in *Hobson v. Elmer*, 163 S.W.2d 1020 (Mo. 1942) and reiterated by that Court in *State ex rel. Baumann v. Marburger,* 182 S.W.2d 163, 165-166 (Mo. 1944), *Wetmore v. Berger,* 188 S.W.2d 949, 953 (Mo. 1945), and *Strohm v. Boden,* 222 S.W.2d 772, 776 (Mo. 1949), and as has been recognized by the Court of Appeals in *Powell v. City of Creve Coeur,* 452 S.W.2d 258, 261-262 (Mo. App., St. L. 1970); and *Boston v. Williamson,* 807 S.W.2d 216, 217 n.3 (Mo. App., W.D. 1991). *See also Campbell v. Siegfried.* 823 S.W.2d 156, 158 (Mo. App., E.D. 1992) (concluding the parties entitled to notice under § 140.405, RSMo, to " include anyone who has not received prior notice of the sale, but who has *an interest that could be lost when the collector's deed is issued.*") (emphasis added); and *York v. Authorized Investors*

---

revenue).  Section 140.520, RSMo, should apply to the actions of tax sale purchasers conducting noticing required by Section 140.405, RSMo, to provide that no mere irregularity in providing notice of tax sale redemption rights by a tax sale purchaser under Section 140.405, RSMo, should invalidate a collector's deed.

3 An application for transfer to the Supreme Court of Missouri was initially granted in the *Hames* case, but after oral argument the Supreme Court of Missouri retransferred the case to the Missouri Court of Appeals, Eastern District.

*Group, Inc.,* 931 S.W.2d 882, 888 (Mo. App., E.D. 1996) ("Until the execution of a tax deed, defendant and all other parties in interest, including plaintiffs, have the right to redeem the property by paying the delinquent taxes.").

There are a number of legal requirements that the tax sale purchaser must meet in order to be authorized to acquire a collector's deed, including (without limitation) the following:  (A) payment of subsequent taxes, § 140.440, RSMo; (B) tender the original of the certificate of purchase, § 140.420, RSMo; (C) tender recording fees for the collector's deed under 140.410, RSMo; and (D) compliance with the noticing requirements of § 140.405, RSMo, and any other applicable laws, *e.g., Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) and *Scherleth v. Hardy,* 280 S.W.3d 47 (Mo. banc 2009).

Within the one-year (formerly two year) window for obtaining a collector's deed established by §§ 140.340 and 140.410, RSMo, the purchaser at a first or second sale has wide latitude in determining when a collector's deed is authorized to be issued.  *Boston v. Williamson,* 807 S.W.2d 216, 218 (Mo. App., W.D. 1991).

Section 140.350, RSMo, further complicates tax sale redemption rights by extending the redemption period for infants or incapacitated or disabled persons until one year after the expiration of the disability.  *See Roberts v. Glasgow,* 860 S.W.2d 26 (Mo. App., E.D. 1993) (concluding that no adjudication of disability is required by this statute, and that partially disabled persons are disabled persons for purposes of § 140.350, RSMo) and *Covey v. Town of Somers,* 351 U.S. 141, 76 S. Ct. 724, 100 L. Ed. 1021 (1956) (notice provided to a person without a guardian or conservator who was known to be mentally incompetent did not comport with principles of due process of law).  The

Missouri Court of Appeals, Eastern District's opinions have not considered § 140.350, RSMo, in determining the duration of redemption rights for which notice is purportedly required under § 140.405, RSMo.

Also complicating the duration of tax sale redemption rights are federal laws not considered by the Eastern District opinions, such as 26 U.S.C. § 7425 (giving the IRS a redemption period of 120 days after the issuance of the collector's deed) and 11 U.S.C. § 108(b) (providing a minimum 60 day period for a trustee in bankruptcy to exercise redemption rights).

At least one trial judge has agreed with Defendant's position that § 140.405, RSMo, does not require a tax sale purchaser to state that the delinquent taxpayer and other interested parties have a fixed one-year right of redemption in a case styled, *United Asset Management Trust Company, Trustee for Coast-to-Coast Holding Trust v. Keith A. Clark, et al.,* Case No. 06CA-CV03087 (Circuit Court of Cass County, Missouri), which is currently pending on appeal as Appeal No. WD71589 (Missouri Court of Appeal, Western District).  The newest appellate opinion on this subject is *Drake Development and Construction LLC v. Jacob Holdings, Inc.,* Appeal SD29582 (Mo. App., S.D., March 12, 2010).  *Drake* characterizes the differences in formulation of the duration of the right of redemption from first and second offering delinquent tax sales in *Keylien* and *Boston* as an "Eastern District/Western District disagreement".  *Drake*, Slip Op. at 5n.2.  Ultimately, *Drake* did not decide when the right of redemption expires from a first or second offering delinquent tax sale.  The legal requirements for the content of notice under § 140.405, RSMo, remain unclear.

Based upon the foregoing, MERS does not have a clear right to be sent a tax sale redemption notice under § 140.405, RSMo, as the interest of MERS in the Deed of Trust does not rise to the level of a property interest or claim against the subject real estate within the meaning of that statute or within the ambit of what is protected by the Due Process Clause of the United States and Missouri Constitutions.

## II.

## RESPONSE TO PLAINTIFFS' ARGUMENT II:  DUE PROCESS DOES NOT REQUIRE NOTICE TO MERS OF ITS PRINCIPAL'S REDEMPTION RIGHTS

Counsel for Defendant has found one case on point on this issue.  *Landmark National Bank v. Kesler*, 216 P.3d 158 (Kan. 2009).  *Kesler* found that the interest of MERS did not rise to the level of a property interest protected by the Due Process Clause.  216 P.3d 169-170.  Even though the law firm representing Plaintiffs in this case filed an *amicus* brief before the Supreme Court of Kansas in the *Kesler* case, the *Kesler* case is not addressed in Plaintiffs' Memorandum in Support of Motion for Summary Judgment or the accompanying documents, except for elliptical references to "decisions from Arkansas and Kansas courts" in paragraph 76 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment and paragraph 57 of the Affidavit of William C. Hultman.  Plaintiffs have nothing to say about the constitutional analysis of the property rights of MERS when it is named as a nominee in a recorded security instrument under the Due Process Clause made by the Supreme Court of Kansas in *Kesler*, which stated:

> The Due Process Clause does not protect entitlements where the identity of the alleged entitlement is vague. *Castle Rock v. Gonzales*, 545 U.S. 748, 763, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005). A protected property

> right must have some ascertainable monetary value. 545 U.S. at 766, 125 S.Ct. 2796. Indirect monetary benefits do not establish protection under the Fourteenth Amendment. 545 U.S. at 767, 125 S.Ct. 2796. An entitlement to a procedure does not constitute a protected property interest. 545 U.S. at 764, 125 S.Ct. 2796.
>
> MERS's contention that it was deprived of due process in violation of constitutional protections runs aground in the shallows of its property interest. As noted in the discussion of the first issue above, MERS did not demonstrate, in fact, did not attempt to demonstrate, that it possessed any tangible interest in the mortgage beyond a nominal designation as the mortgagor. It lent no money and received no payments from the borrower. It suffered no direct, ascertainable monetary loss as a consequence of the litigation. Having suffered no injury, it does not qualify for protection under the Due Process Clause of either the United States or the Kansas Constitutions.

216 P.3d at 169-170.

The cases that are cited in Plaintiffs' Memorandum in Support of Motion for Summary Judgment (pages 20 to 27) are largely inapposite, as a growing body of law deals with MERS directly and those cases are more on point than the purportedly analogous cases cited in Plaintiffs' Memorandum in Support of Motion for Summary Judgment.

Further, the cases cited in Plaintiffs' Memorandum in Support of Motion for Summary Judgment (pages 20 to 27) are not relevant, as MERS has assigned away all of its right, title and interest in the Deed of Trust to a third party, namely Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, under the Assignment of Deed of Trust. Defendant's Motion for Summary Judgment Exhibit E.   The interests of Ocwen Loan

Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, which was the successor in interest to MERS in the Deed of Trust, have been adjudicated in the state court action resulting in a state court judgment that is not subject to modification or reversal by this Court under 28 U.S.C. § 1738.

In *Bremen Bank and Trust Company of St. Louis v. Muskopf*, 817 S.W.2d 602, 608 (Mo. App., E.D. 1991), the Court found that as the holder of a partial or collateral assignment of the deed of trust foreclosed, Bremen Bank and Trust Company had a justiciable interest.   817 S.W.2d at 608.   If Bremen Bank and Trust Company had assigned away all interest in the Deed of Trust and no longer held a partial or collateral assignment of the deed of trust, the reasoning used by the *Bremen* Court would lead one to conclude that Bremen Bank and Trust Company would not have had a justiciable interest.

In this case, whatever right, title or interest that MERS had in the Deed of Trust was assigned away to a third party who was made a party to the state court quiet title judgment, and MERS did not reserve in its Assignment of Deed of Trust any right to assert any claims affecting its "business model".   According to counsel for Defendant's reading of the cases cited by Plaintiffs in their Motion for Summary Judgment, at pages 23-27, each and every "straw party" considered in those cases had **not** assigned away all right, title and interest in the subject property.   Those cases are distinguishable.

## III.

## RESPONSE TO PLAINTIFFS' ARGUMENT III:  MERS's STATUS AS A NOMINEE OF THE LENDER AND THE LENDER'S SUCCESSORS AND ASSIGNS IN THE DEED OF TRUST, WHICH WAS SUBSEQUENTLY ASSIGNED BY MERS, DOES NOT GIVE MERS STANDING TO SUE

Plaintiffs argue that "MERS has bare legal title to both the note and the deed of trust securing it", and that Plaintiffs have "standing to assert the injury in fact sustained by Deutsche Bank."[4]  Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment at page 28.

Missouri follows the "lien theory" of deeds of trust and mortgages.  *R.L. Sweet Lumber Company v. E. L. Lane, Inc.,* 513 S.W.2d 365, 368-370 (Mo. banc 1974).  The trustee named in the Deed of Trust has bare legal title to the Deed of Trust.  *Sanders v. Kaster,* 222 S.W. 133 (Mo. 1920); *Michie v. National Bank of Caruthersville,* 558 S.W.2d 270, 275-276 (Mo. App., S.D. 1977).  *See also Mortgage Electronic Registration Systems, Inc. v. Southwest Homes of Arkansas, Inc.*, 2009 Ark. 152, 301 S.W.2d 1 (2009).

MERS cannot have "bare legal title to both the note and deed of trust securing it" as is stated at page 28 of Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment, because the trustee named in the Deed of Trust has bare legal title to the Deed of Trust under Missouri law, and under the Affidavit of Nicelle Jones, the Note was initially held in an "interim flow pool" (whatever that means) and on June 18, 2002, the Note was deposited into the "segregated CDC Mortgage Capital Trust" (whatever that means), and since that date, Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through

---

4 The assignee under the Assignment of Deed of Trust is Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1.

16

Certificates, Series 2002-HE1, has held ownership in the Note.  Affidavit of Nichelle

Jones, at paragraph 7.

In this case, the Deed of Trust states, in part:

> DEFINITIONS
> ....
>
> (B)     "Borrower" is Glen L. Crouther, a single person, ....
> Borrower is the trustor under this Security Instrument.
>
> GRANTEE:  BNC MORTGAGE, INC., A DELAWARE
> CORPORATION
>
> (C)     "Lender" is BNC MORTGAGE, INC. ...
>
> (D)     "Trustee" is Millsap, Singer & Dunn, P.C. ...
>
> (E)     "MERS" is Mortgage Electronic Registration
> Systems, Inc.  **MERS is a separate corporation that is**
> **acting solely as a nominee for Lender and Lender's**
> **successors and assigns**.  MERS is the beneficiary under
> this Security Instrument.  ...
>
> TRANSFER OF RIGHTS IN THE PROPERTY
>
> The beneficiary of this Security Instrument is MERS
> (solely as nominee for Lender and Lender's successors and
> assigns) and the successors and assigns of MERS.  This
> Security Instrument secures to Lender:  (i) the repayment of
> the Loan, and all renewals, extensions and modifications of
> the Note; and (ii) the performance of Borrower's covenants
> and agreements under this Security Instrument and the
> Note.   For this purpose, Borrower irrevocably grants,
> bargains, sells, conveys and confirms to Trustee, in trust,
> with power of sale, the following described property ....
> the following:

Defendant's Motion for Summary Judgment Exhibit B (emphasis added).  This Deed of

Trust shows that MERS is acting solely as the nominee for Lender and Lender's

successors and assigns.  Defendant sent the § 140.405 Notice to BNC Mortgage Inc., the

Lender named in the Deed of Trust.  Paragraph 46 of Plaintiffs' Statement of Facts.  No

notice of the assignment of any interest in the Deed of Trust from BNC Mortgage Inc. to Ocwen Loan Servicing, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HEI, Mortgage Pass-Through Certificates, Series 2002-HE1, was publicly recorded in the Office of the Recorder of Deeds of Jefferson County, Missouri until after the quiet title action had been filed.  As far as the recorded documents showed on May 12, 2006 (the date the tax sale redemption notices were mailed), there were no publicly recorded successors or assigns of BNC Mortgage, Inc. under the Deed of Trust.  Notice to the disclosed principal of MERS (BNC Mortgage Inc.) and the economic beneficiary under the Deed of Trust is sufficient for compliance with § 140.405, RSMo.  *Glasgow Enterprises, Inc. v. Kusher,* 231 S.W.3d 201 (Mo. App., E.D. 2007) (tax sale redemption notices under § 140.405, RSMo, are to be sent to the beneficiary and not to a nominee or agent designated to receive tax notices).

Plaintiffs acknowledge the derivative nature of its property interest.  Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment at page 29.  Plaintiffs admit the injury is to Deutsche National Bank Trust Company, as Trustee for the Registered Holders of the CDC Mortgage Capital Trust 2002-HEI (MERS's undisclosed principal not holding a recorded interest in the Deed of Trust until after the quiet title action was filed in state court).  Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment, at page 29.  MERS assigned all of its right, title and interest in the Deed of Trust to its "new" principal without reserving any rights, including the right to bring this action.  Defendant's Motion for Summary Judgment Exhibit E.

MERS has no rights in the Deed of Trust to give it standing to contest the title to the subject real estate.

# IV.

## RESPONSE TO PLAINTIFFS' ARGUMENT IV:  THE PRIOR STATE COURT JUDGMENT PRECLUDES THIS ACTION.

In *Matsuchita Electronic Industrial Co., Ltd. V. Epstein,* 516 U.S. 367, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996), the Court stated the following regarding the Full Faith and Credit Act, 28 U.S.C. § 1738:

> The Full Faith and Credit Act mandates that the "judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state. Federal courts may not "employ their own rules . . . in determining the effect of state judgments," but must "accept the rules chosen by the State from which the judgment is taken." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982).

*See* U.S. Const. Art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.")

The Assignment of Deed of Trust in this case states, in part:

> This Assignment of Deed of Trust is made and entered into as of this 4th day of April, 2007, from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ..., its successors and assigns, as nominee for BNC MORTGAGE, INC., its successors and assigns, ('Assignor') to OCWEN LOAN SERVICING, LLC, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CDC MORTGAGE CAPITAL TRUST 2002 HE1, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2002-HE1, …, **all
its rights, title, and interest in and to a certain mortgage**
…

Defendant's Motion for Summary Judgment Exhibit E (emphasis added).

Plaintiffs now state as true in paragraphs 52, 53, 54, 55, and 56 of Plaintiffs'
Statement of Material Facts in Support of Their Motion for Summary Judgment, the
relevant Note was initially held in an "interim flow pool" and on June 18, 2002, the Note
was deposited into the "segregated CDC Mortgage Capital Trust." Affidavit of Nichelle
Jones, at paragraphs 6 and 7. That evidence was lacking in the record before the trial
court in the state court action. Defendants' Motion for Summary Judgment Exhibit G.
There was no recordation of the transfer of the Note and Deed of Trust in the Office of
the Recorder of Deeds of Jefferson County, Missouri. The Missouri Court of Appeals,
Eastern District, in *Bellistri v. Ocwen Loan Servicing LLC,* correctly found based on the
evidence before it that: "The record reflects that BNC was the holder of the promissory
note." 284 S.W.3d at 623.

Relying on the Restatement (Third) of Property (Mortgages) and prior Missouri
case law, the Missouri Court of Appeals, Eastern District in *Bellistri v. Ocwen Loan
Servicing LLC* found that the ownership of the Note and Deed of Trust were split. 284
S.W.3d at 623-624. Counsel for Defendant's reading of the Restatement (Third) of
Property (Mortgages) is that once the Note and Deed of Trust are split, they cannot be put
back together. Counsel for Defendant is not aware of any case law where a court found
that the reunion of a note and a deed of trust into common ownership after the ownership
of the note and deed of trust are split somehow resurrects a secured obligation.

Once the payee, endorsee, holder or other person authorized to enforce the unrecorded Note is a different person than the named beneficiary under the recorded Deed of Trust, uncertainty abounds due to the moral hazards created. Is the holder of the unsecured Note entitled to enforce a recorded Deed of Trust that was formerly split and then reunited without some affirmative act or notice of the "re-perfection" of the previously unsecured obligation? What would be the priority of deeds of trust vis-à-vis third parties when ownership of the obligation secured is split from ownership of the Note (thereby releasing the deed of trust) and then reunited in common ownership? How can someone evidence the transfers resurrecting the security interest by reunion of the ownership of the obligation formerly secured and ownership of the security instrument? How does one verify that the purported holder of the Note that was split from its Deed of Trust is now entitled to enforce the Deed of Trust? And does any of this matter if a straw party "nominee" who has the ability to maintain a private electronic registry of assignments of deeds of trust and mortgages can hide the ownership of deeds of trust and mortgages from the public without transparency or accountability? MERS would have us blindly trust in the veracity, competency and moral integrity of the private electronic mortgage registration system purportedly registering the ownership of deeds of trust and mortgages maintained by MERS. Without the verification and accountability provided by the public recordation of assignments of note and deeds of trust or mortgages and the certainty of the rules enacted in recording statutes, uncertainty abounds leaving parties on the outside of the "Black Box" created by the MERS private electronic registration of mortgages and deeds of trust at the mercy of the morals, competency and integrity of those operating the MERS private electronic system of mortgage registration in

determining who purportedly holds approximately 50% of residential mortgages (or some 63 million loans), including purportedly approximately 600,000 active loans in Missouri.5   See paragraphs 24 and 25 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment.

When there is a separation of the ownership of the note and the deed of trust, how is a borrower or other interested party to obtain documents (such as a deed of release), seek renegotiation of the note and deed of trust (through modification, for example), obtain information about the note and deed of trust (such as payoff information), or determine who is entitled to notice of the foreclosure of tax sale redemption rights? Finding intelligent life at a financial institution has long been a serious problem for people in the real estate business, and that problem has spread into Modern Everyday Life affecting everyone who has a mortgage on their home, as we are now all on the outside the "Black Box" created by the private electronic registration system maintained by MERS purportedly tracking approximately 50 % of residential mortgages (or some 63 million loans), including purportedly approximately 600,000 active loans in Missouri, subject to the vagaries of 800 telephone number calling systems maintained by loan servicing agents.  See paragraphs 24 and 25 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment.  Once MERS is named as the original "mortgagee" on the security instrument (which MERS refers to as a "MOM" loan), or

---

5 Plaintiffs allege that the publicly recorded records relating to multiple assignments of mortgage interests led to errors and uncertainty in the chain of title because assignments were often missing, incomplete, inaccurate or misfiled.  Paragraph 15 of Plaintiffs' Statement of Material Facts in Support of Their Motion for Summary Judgment. Plaintiffs fail to state how uncertain its electronic records registering assignments of mortgages and deeds of trust are due to errors and missing, incomplete, inaccurate or misfiled records.

"MERS as Original Mortgagee") or MERS is assigned the deed of trust or mortgage, people (including tax sale purchasers who do not usually have the loan identification number for the relevant deed of trust) on the outside of the mortgage electronic registration system cannot know who holds the relevant deed of trust or mortgage. Borrowers, tax sale purchasers and other interested parties (just like this Court) must depend upon the word, charity and authority of "servicing agents" or MERS to determine ownership of the note and deed of trust and other relevant information.  See Affidavit of Nichelle Jones (made on behalf of a servicing agent) and paragraph 33 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment ("MERS also allows for quick and accurate identification of the mortgage servicer on a particular loan.")  In fact, the Affidavit of the servicing agent in this case is still not clear as to the ownership of the Note from the date of its initial purchase (whenever that was) until June 18, 2002, when the Note was purportedly held in an "interim flow pool" before being deposited into the "segregated CDC Mortgage Capital Trust".  Paragraph 7 of Affidavit of Nichelle Jone.  Once the ownership of the Note and Deed of Trust are separated and tracked in a private mortgage electronic registration system maintained by Plaintiffs, there is little or no transparency or accountability in determining the ownership of notes and deeds of trust.

Contrast that with the transparency and accountability provided by recording statutes, such as §§ 442.380 to 442.400, RSMo.  While Missouri law does not invalidate assignments of deeds of trust that are not recorded in the office of the recorder of deeds of the relevant county, there is a corollary, and that is until such documents are recorded they are valid only between the parties and those with actual knowledge of the

24

documents. *Bremen Bank and Trust Company of St. Louis v. Muskopf,* 817 S.W.2d 602, 608 (Mo. App., E.D. 1991); § 442.400, RSMo.  As stated in *Bremen,* assignees of notes who fail to record their assignments run the risk of not being entitled to notice of foreclosure.  817 S.W.2d at 608.  In this case, no assignment of the Deed of Trust was recorded until after the state court quiet title action was instituted.  The assignee(s) of the Note and Deed of Trust was or were not publicly recorded at the time tax sale redemption notices were mailed on or about May 12, 2006, and therefore, the assignee of the Note by BNC Mortgage, Inc. (whoever that was) was not entitled to notice under § 140.405, RSMo.

The point is that although the *Bellistri v. Ocwen Loan Servicing LLC* Court framed its holding in terms of a lack of standing (which is normally not a decision on the merits), the Judgment in this case is binding on the predecessors in interest of Ocwen Loan Servicing LLC.  In this case, once the Court in *Bellistri v. Ocwen Loan Servicing LLC* found that there was a split in the ownership of the Note and Deed of Trust and that the Note became unsecured, there is no way to resurrect the Note as being secured by the Deed of Trust, and the *Bellistri v. Ocwen Loan Servicing LLC* Court made a decision on the merits.  Otherwise, if all that had to be done to cure the splitting of the Note and Deed of Trust is to re-assign those instruments to a common owner (who would then have standing to assert rights under the re-unified note and deed of trust), the Missouri appellate court would not have affirmed the judgment confirming the validity of the Collector's Deed by declaring Defendant to be the fee simple absolute owner of the subject real estate free and clear of any interest of Plaintiffs.

Whatever right, title or interest the Plaintiffs had in the Deed of Trust was transferred by MERS when it executed the publicly recorded Assignment of Deed of Trust (Defendant's Motion for Summary Judgment Exhibit E) to Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1. All rights, title or interest of Plaintiffs in the Deed of Trust are still owned by Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, under the Assignment of Deed of Trust, and that party's rights have already been adjudicated in the prior state court action according to the record before this Court. 28 U.S.C. § 1738 should preclude this Court from reversing the judgment affirmed in *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619 (Mo. App., E.D. 2009). Plaintiffs have not cited any case law holding that an assignor of a Deed of Trust is not bound by a Judgment against the assignee of the Deed of Trust who received all of right, title and interest in the Deed of Trust from the assignor (without any reservation of rights) prior to Judgment.

## CONCLUSION

Based upon the foregoing, Defendant concludes: (1) That Plaintiffs have no standing to have their rights in the subject real estate declared, as MERS assigned away all of its right, title and interest in the Deed of Trust prior to the entry of the state court judgment and Plaintiffs have no property interest in the Deed of Trust; (2) that Plaintiffs may not collaterally attack the state court Judgment quieting the title to the subject real estate, as the state court had jurisdiction over the prior quiet title action, and at the time of

the entry of the state court judgment, all parties having a recorded interest in the subject real estate and the subject deed of trust were parties to that Judgment, including the successor in interest of all right, title and interest of MERS, namely Ocwen Loan Servicing, LLC, as Servicer for Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CDC Mortgage Capital Trust 2002 HE1, Mortgage Pass-Through Certificates, Series 2002-HE1; and (3) § 140.405, RSMo, and the Due Process Clauses of the United States and Missouri Constitutions do not require that notice of tax sale redemption rights be sent to an agent or nominee of a beneficial owner having no direct, ascertainable interest in the subject real estate.   Accordingly, Defendant requests that this Court grant Defendant's Motion for Summary Judgment.

Respectfully submitted,

GEBHARDT REAL ESTATE AND
LEGAL SERVICES, L.L.C.

By: _____
Phillip K. Gebhardt, Mo. Bar #29569
U.S.D.C., E.D. of Mo. # 61304
1720 North Main Street
Desoto, Missouri 63020
(636) 337-0615
Fax (636) 586-3504
Email pkgmag@swbell.net
Attorney for Defendant Robert Bellistri

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served in accordance with this Court's electronic filing procedures this 14th day of May 2010 to Mark G. Arnold, Husch Blackwell Sanders, LLP, Attorney for Plaintiffs, at mark.arnold@huschblackwell.com, and JoAnn Tracy Sandifer, Husch Blackwell Sanders, LLP, Attorney for Plaintiffs, at joann.sandifer@huschblackwell.com.

_____

Copy to Robert Bellistri
F:\Shared Data\Law Clients\Bellistri, Robert\1210 Airglades\MERS v. Bellistri\Memorandum in Opposition to Plaintiff's Motion for Summary Judgment
File No. 09-129-L; pkg