IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT BELLISTRI, <br><br> Defendant. | No. 4:09-CV-00731-CAS |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR ORAL ARGUMENT**

Plaintiffs Mortgage Electronic Registration Systems, Inc. and Merscorp, Inc. (collectively MERS) respectfully submit this memorandum in support of their motion for oral argument on the parties' cross-motions for summary judgment.

For a variety of reasons, MERS respectfully submits that oral argument in this case is appropriate. First, the issues are extremely important, not just to MERS, but to everyone in the State of Missouri holding a record interest in real property.

MERS designed its business model on the assumption that the recording statutes meant what they said: anyone with a recorded claim to an interest in real property is entitled to notice of events, such as tax sales, that might affect that interest. Bellistri has repeatedly argued that MERS does not have the right to such notice.

1

SLC-6081358-1

This is directly contrary to the Missouri statute and fundamental due process guarantees. A tax purchaser, such as MERS, does not have the right to pick and choose who it will notify prior to events that will eliminate interests in property. The statute – adopted to comport with due process requirements – precludes any such discretion. It requires notice to all with a record claim in the property. Bellistri's failure to provide that notice in this case resulted in the purported loss of the security interest in the property without any opportunity for MERS or the note-owner to protect that interest.

The fact that the party of record may be holding an interest on behalf of another does not justify this result. If it did, the interests of those holding rights, interests or claims in land as agents or representatives of others would all be jeopardized. For example, a trustee of a family trust, holding legal title on behalf of the trust beneficiaries would not be entitled to notice of a tax sale. This is not the law.

MERS currently is the beneficiary of a deed of trust (or a mortgagee in mortgage states) in almost half of the loans secured by residential real estate and its market share is expected to grow significantly. MERS' 21st century technology has saved homeowners hundreds of millions of dollars over the years in the form of reduced credit costs and lower title insurance premiums. But if, as Bellistri claims, MERS' record interests do not warrant notice of tax sales, foreclosures and similar actions, numerous security and other property interests in Missouri are at risk of elimination without any notice to those holding these interests. For this

reason alone, there is a vital public interest in the correct resolution of these cross-motions.

That has always been a basis for oral argument. "Because of the national importance of the issue presented and because of its importance to the State of Kansas, we request that the State present its views at oral argument." Brown v. Board of Education, 344 U.S. 141, 142 (1952). Accord, Whitescarver v. Sabin Robbins Paper Co., 2006 WL 2128929 (S.D. Ohio 2006) at *2 ("parties may apply to the Court for oral argument if oral argument is deemed essential to the fair resolution of the case because of its public importance") (internal punctuation omitted).

Second, Bellistri has tried to make this case turn on some relatively intricate issues of real property law. MERS believes that the Court need not resolve those issues in order to decide the case. The Jones-Munger Act, for example, on its face requires notice to all who **claim** a recorded interest in real property; it does not condition the obligation to provide such notice on the nature or validity of the claimed notice. If the Court does wish enter this technical thicket, oral argument will help it reach the right result.

This is especially true in light of Bellistri's heavy reliance on Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619 (Mo. App. 2009). MERS believes that case to be completely irrelevant. But the record in that case was inadequate and led to a decision that reflects a misunderstanding of the facts. The portions of Ocwen on which Bellistri relies are dicta – and as the record in this case reflects –

3

the Missouri court's concerns regarding the status of the deed of trust were not warranted.

Courts have recognized that oral argument is appropriate due to "the complexity of the factual or legal issues presented." Whitescarver, 2006 WL 2128929 at *2. In reversing summary judgment in Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404 (1st Cir. 1985), the First Circuit remarked that the "case underscores the wisdom of hearing oral argument on motions bottomed on difficult questions of law and alleged questions of fact." 754 F.2d at 411.

Third, oral argument will permit both the parties and the Court to "emphasize the genuine issues before the Court." Lewis, Lewis & Van Etten, Inc. v. MCI Telecommunications Corp., 138 F.R.D. 25, 27 (E.D.N.Y. 1997). It will provide both parties with the opportunity to clarify any questions that the Court may have about the issues, the facts and the law.

Courts in this District have often heard oral argument in complex cases. E.g., Orthoarm, Inc. v. Forestadent, USA, Inc., 2007 WL 4565165 (E.D. Mo. 2007) (patent case) (Shaw, J.); Advanced Software Design Corp. v. Fiserv, Inc., 650 F.Supp. 2d 924 (E.D. Mo. 2009) (cross-motions in patent case); McAuley v. Federal Ins. Co., 2009 WL 913510 (E.D. Mo. 2009) (cross-motions in ERISA case); Union Elec. Co. v. General Elec. Int'l, 2007 WL 1125700 (E.D. Mo. 2007) (cross-motions in breach of contract case); Miller v. Pharmacia Corp., 2005 WL 1661500 (E.D. Mo. 2005) (ERISA case).

The Court should issue the same ruling here and grant oral argument on the parties' cross-motions for summary judgment.

        Respectfully Submitted,

        **HUSCH BLACKWELL SANDERS LLP**

        By:   s/ JoAnn T. Sandifer
               Mark G. Arnold, E.D.Mo. # 2534
               mark.arnold@huschblackwell.com
               JoAnn T. Sandifer, E.D.Mo. # 33227
               joann.sandifer@huschblackwell.com
               190 Carondelet Plaza, Suite 600
               St. Louis, MO  63105
               (314) 480-1500 – telephone
               (314) 480-1505 – facsimile

*Attorneys for Plaintiffs Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2010, the foregoing was filed electronically with the Clerk of Court to be served by operation of the court's electronic filing system upon the following:

Phillip K. Gebhardt, Esq.
Gebhardt Real Estate and Legal Services, L.L.C.
1720 North Main Street
Desoto, MO  63030

        s/ JoAnn T. Sandifer
        JoAnn T. Sandifer